IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **Devin G. Nunes,** | Case No. 5:19-cv-04064-CJW-MAR |
| Plaintiff, | **Pre-Answer Motion to Dismiss, to Strike the Complaint Pursuant to Cal. Civ. Proc. Code § 425.16, and to Strike Pursuant to Fed. R. Civ. P. 12(f)** |
| v. | |
| **Ryan Lizza** and **Hearst Magazines, Inc.,** | |
| Defendants. | **(Oral Argument Requested)** |

Defendants Ryan Lizza and Hearst Magazines, Inc. ("Defendants") hereby move to dismiss the Complaint filed in this case by Plaintiff Devin Nunes, *see* ECF No. 1 (the "Complaint"), pursuant to Fed. R. Civ. P 12(b)(6); to strike the Complaint pursuant to California's anti-SLAPP law, Cal. Civ. Proc. Code § 425.16; and to strike all or some of the Complaint pursuant to Fed. R. Civ. P. 12(f) (the "Motion").

In support of this Motion, Defendants state:

*Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*

1. Devin Nunes is a "citizen of California" who has served in the United States Congress since 2003, and currently represents California's 22nd Congressional District. Compl. ¶ 4. He is the ranking Republican member on the House Intelligence Committee and, at the time of the Article's publication, *see infra* at ¶ 4, served as the House Intelligence Committee's Chairman. *Id.* He is indisputably a "public official" within the meaning of defamation law.

2. Congressman Nunes initiated this action by filing his Complaint with this Court on September 30, 2019. ECF No. 1. The Complaint asserts one count of defamation based on 15 allegedly false statements, and one count of civil conspiracy. *Id.* ¶¶ 20, 23.

3. On November 21, 2019, counsel for Defendants voluntarily returned waiver of service forms to counsel for Congressman Nunes, with the agreement that an answer or other initial motion or responsive pleading would be due today, January 21, 2020. *See* ECF No. 5.

4. Based on the facts alleged in the Complaint, accepted as true for purposes of this Motion only, together with permitted references to (i) matters incorporated by reference or integral to the claims in the Complaint (such as the allegedly defamatory article in question, Ryan Lizza, "Devin Nunes's Family Farm Is Hiding a Politically Explosive Secret," *Esquire*, September 30, 2018, *available at* https://www.esquire.com/news-politics/a23471864/devin-nunes-family-farm-iowa-california/ (the "Article"), true and correct copies of which are attached as Exhibits A and B to the accompanying January 21, 2020 declaration of Ravi V. Sitwala in Support of the Motion (the "Sitwala Declaration")), and (ii) matters of public record, such as a January 2018 Memorandum by the Majority Staff of the House Permanent Select Committee on Intelligence entitled "Foreign Intelligence Surveillance Act Abuses at the Department of Justice and the Federal Bureau of Investigation," a true and correct copy of which is attached as Exhibit C to the Sitwala Declaration, Congressman Nunes' Complaint lacks sufficient factual matter to state a claim for relief that is plausible on its face.

5. Specifically, none of the 15 challenged statements are actionable, each for one or more reasons. Most are not statements "of and concerning" Congressman Nunes; most are not defamatory; several are actually or substantially true, as admitted in the Complaint; and the remainder are nonactionable opinions.

6. Moreover, Congressman Nunes has not pleaded facts that would make his otherwise-conclusory allegation of constitutional "actual malice" plausible.

7. And with no viable underlying defamation claim, Congressman Nunes' additional claim for "civil conspiracy" cannot survive on its own.

8. For these reasons, Congressman Nunes' Complaint fails to state a claim upon which relief may be granted and Defendants are entitled to complete dismissal as a matter of law.

9. This Court therefore should dismiss Congressman Nunes' lawsuit with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

*Motion to Strike Pursuant to California's anti-SLAPP law, Cal. Civ. Proc. Code. § 425.16*

10. In addition, the Court should strike Congressman Nunes' Complaint, pursuant to California's anti-SLAPP statute ("SLAPP" stands for "Strategic Lawsuit Against Public Participation"), and grant Defendants their attorneys' fees incurred in responding to Congressman Nunes' suit. *See* Cal. Civ. Proc. Code § 425.16.

11. This remedy is available because California law supplies the rule of decision in this case. California's anti-SLAPP law's motion-to-strike provision is a substantive immunity from suit, and thus should be applied by this federal court sitting in diversity and applying California substantive law.

12. And where, as here, a defendant successfully challenges the legal sufficiency of the plaintiff's complaint with an anti-SLAPP motion, a prevailing defendant shall recover attorneys' fees under California law.

*Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)*

13. Federal Rules of Civil Procedure 8 and 12(f) govern, among other things, the contents of a complaint and why and how "any redundant, immaterial, impertinent, or scandalous matter" may and should be stricken from it and from the record.

3
Case 5:19-cv-04064-CJW-MAR   Document 15   Filed 01/21/20   Page 3 of 10

14. Congressman Nunes' Complaint evidences an effort to use this Court as just one more venue for his publicity campaign to rebut adverse news coverage, attack members of the press who dare write about him, and to chill First Amendment rights of reporters and publishers such as these Defendants through PACER publication of redundant, immaterial, impertinent, and scandalous matters.

15. Thus, apparently without regard to the rules of civil procedure or the due bounds of civility in litigation, Plaintiff's Complaint:

    a. Personally attacks Defendant Ryan Lizza by including extraneous, immaterial, and inflammatory matters such as alleging:

- "Lizza was a fixture of the main stream media until December 2017, when his then-employer - *The New Yorker* magazine - summarily severed all ties and publicly terminated Lizza because of 'improper sexual conduct'." Compl. ¶ 1.

- "Lizza's name had been including in the "**Shitty Media Men**" list that circulated in response to allegations published about Harvey Weinstein." Compl. ¶ 1 (emphasis in original).

- "The Lizza Hit Piece falsely portrays Lizza as a hard-working reporter earnestly investigate a real story on the ground in Iowa, being stalked and intimidated by Plaintiff's family. In truth, as reported almost immediately after publication of the Lizza Hit Piece, while he was in Sibley, Lizza stalked Plaintiff's grammar-school aged nieces, behaved like a sex offender or pedophile cruising the local neighborhood for victims, frightened a family member to tears, and exploited a grieving mother." Compl. ¶ 22.

    b. Uses the Complaint—under the guise of privileged court papers—to publish or republish inflammatory falsehoods and statements that themselves are defamatory against Defendants, including these averments:

- "It turns out Nunes doesn't have a secret, that he's not a hypocrite on immigration policy, and that the Iowans Lizza

4

    met were wary of him slowly driving around town while children were at play because they discovered Lizza had recently been fired from his job for sexual misconduct . . . ." Compl. ¶ 16 (a 27-line "short and plain statement" of grounds that is incapable of being read without several intermittent breaths by the reader, and moreover incapable of answer or denial by Defendants in a responsive pleading).

    ■ "Another resident told me that he encountered a Nunes family member crying because she'd discovered that the man who was surveilling her house had recently been fired for sexual misconduct." *Id.*

  c. Employs frowned-up and prejudicial *ad damnum* clauses, including screaming in bold face on page one that his lawsuit seeks "compensatory damages and punitive damages in the sum of **$75,000,000.00**" and asserting in paragraph 34 that "Plaintiff suffered presumed damages and actual damages . . . in the sum of $75,000,000.00 or such greater amount as is determined by the Jury."[1]

16. Rule 12(f) permits a court to strike any redundant, immaterial, impertinent, or scandalous matter "own its own" or on motion by a party.

17. Defendants so move to strike the Complaint in its entirety, or at least to strike the above-referenced portions of the Complaint and all other similarly offending portions that set forth redundant, immaterial, impertinent, and scandalous matter.

18. The inclusion and retention of the above-referenced portions of the Complaint and all other similarly offending portions that set forth redundant, immaterial, impertinent, and

---

[1] Later, in paragraph 41 of the Complaint, Plaintiff seeks at least $75,000,000 in damages and his prayer for relief that asks for $75,000,000 in actual damages and $2,500,000 in punitive damages, as minimums. Perhaps Defendants should be relieved that Plaintiff's use of these prejudicial pleading tactics did not produce numbers of the magnitude alleged in another of Plaintiff's (several) libel cases against the news media. In *Nunes v. Cable News Network, Inc.*, No. 3:19-cv-0089 (E.D. Va. filed Dec. 3, 2019), Plaintiff seeks $435,350,000 in damages.

scandalous matters prejudice Defendants, in part, because the offending language and the prolix pleading (a) impede Defendants from expeditiously making full denials and raising complete defenses, and (b) preclude Defendants from litigating this case and defending themselves in the just, speedy, and inexpensive manner mandated by Fed. R. Civ. P. 1.

19. The language of the above-noted paragraphs, at a minimum, supports entry of an Order striking the Complaint's clauses, sentences, and paragraphs that violate Rule 12(f), if not the striking of the Complaint in its entirety.

*     *     *     *

20. Defendants contemporaneously file their request for overlength brief and ask that the court consider its accompanying Brief in Support of this Motion pursuant to L.R. 7(d) upon grant of that request. The overlength brief request and its accompanying brief are conditionally incorporated here by this reference.

21. Defendants contemporaneously file the Declaration of Ravi V. Sitwala in Support of Defendants' Motion to Dismiss, to Strike the Complaint Pursuant to Cal. Civ. Proc. Code § 425.16, and to Strike Pursuant to Fed. R. Civ. P. 12(f) and incorporate it and its Exhibits A, B, and C here by this reference.

22. Because the matters in that Declaration and its Exhibits A, B, and C are quoted, referred to or incorporated by Plaintiff's Complaint, or otherwise constitute official publications or other published matter that is self-authenticating and reliable, Defendants request that this Court take judicial notice of them and/or use and rely upon them as permitted by Fed. R. Civ. P. 12 as matters presented within the pleadings. *See, e.g.*, Fed. R. Evid. 201(c)(2) (permitting judicial notice upon request); *Stutzka v. McCarville*, 420 F.3d 757, 762 n.2 (8th Cir. 2005) (permitting judicial notice of public records); *Ashanti v. City of Golden Valley*, 666 F.3d 1148,

6

1151 (8th Cir. 2012) (permitting district court to consider materials that are "necessarily embraced by the pleadings" because they are not outside the pleadings and such matter includes "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading") (citing *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)); *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003); *In re Syntex Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)).

23. Or, as this Court has held, "In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider, in addition to the face of the complaint, 'matters incorporated by reference or integral to the claim, items subject to judicial notice, *matters of public record*, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Lee v. Lincoln Nat'l Life Ins. Co.*, No. 18-CV-2063-CJW, 2018 WL 5660553, at *2 (N.D. Iowa Oct. 31, 2018) (Williams, J.) (emphasis added) (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)).

24. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants will defer filing any Answer and Affirmative Defenses until after the Court rules on this Pre-Answer Motion, unless the Court orders otherwise.

25. Defendants request that the Court grant them 14 days to file their Answer and Affirmative Defenses to those portions of the Complaint remaining, if any, after the Court's ruling on this Motion.

26. Good cause exists for oral argument on Defendants' Pre-Answer Motion because, among other things:

a. The Motion raises numerous issues concerning the law of libel, the elements of which have been constitutionalized over the last 56 years to protect media defendants' important First Amendment rights to comment and report on high-profile public officials such as Congressman Nunes.

b. Each of the 15 different allegedly defamatory statements presented in the Complaint suffer from various infirmities, and Defendants anticipate that the Court would benefit from a discussion concerning the application of libel law to the challenged statements.

c. The Motion also presents choice of law and related questions concerning California's anti-SLAPP law, which mandates that Defendants be awarded their attorneys' fees for prevailing on this Motion. The application of California's anti-SLAPP law appears to be a matter of first impression in Iowa's state and federal courts.

d. Congressman Nunes' counsel should be compelled to appear and answer for his and his client's decision to file a Complaint—which, not unexpectedly, garnered substantial media attention—containing numerous scandalous and impertinent allegations, as described above and in the accompanying Brief.

27. Therefore, pursuant to L.R. 7(c), Defendants request the opportunity to be heard orally on this Pre-Answer Motion.

WHEREFORE, Defendants Ryan Lizza and Hearst Magazines, Inc. respectfully request that this Court, in reliance upon all of the pleadings, proceedings, filings, and matters properly before the Court on judicial notice or otherwise and based on the accompanying briefing, dismiss the

8
Case 5:19-cv-04064-CJW-MAR   Document 15   Filed 01/21/20   Page 8 of 10

Complaint in its entirety and with prejudice; strike the Complaint pursuant to California's anti-SLAPP statute; strike some or all of the Complaint pursuant to Rule 12(f); and award Defendants their reasonable attorneys' fees incurred in responding to Congressman Nunes' Complaint.

January 21, 2020

**Ryan Lizza and Hearst Magazines, Inc., Defendants**

By: /s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel*\*
 jdonnellan@hearst.com
Ravi V. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 649-2030
Telephone: (212) 649-2035
\**Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegrebd.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegrebd.com
Susan P. Elgin
 susan.elgin@faegrebd.com
FAEGRE BAKER DANIELS LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

## Certificate of Service

The undersigned certifies that a true copy of **Defendant's Pre-Answer Motion to Dismiss, to Strike the Complaint Pursuant to Cal. Civ. Proc. Code § 425.16, and to Strike Pursuant to Fed. R. Civ. P. 12(f) (Oral Argument Requested)** was served upon the following parties through the court's CM/ECF electronic filing system on January 21, 2020.

                                                     /s/ Jonathan R. Donnellan

Copy to:
    Joseph M. Feller
     *jfeller@kkfellerlaw.com*
    Steven S. Biss
     *stevenbiss@earthlink.net*
    *Attorneys for Plaintiff*