IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **Devin G. Nunes,** | Case No. 5:19-cv-04064-CJW-MAR |
| Plaintiff, | **Defendant Ryan Lizza and Hearst Magazines, Inc.'s Brief in Support of Their Motion to Stay Discovery and for Protective Order** |
| v. | |
| **Ryan Lizza** and **Hearst Magazines, Inc.,** | |
| Defendants. | |

Defendants Ryan Lizza ("Lizza") and Hearst Magazines, Inc. ("Hearst"), submit this Brief in Support of Their Motion to Stay Discovery pursuant to Rule 26(c) and for a protective order.

**Background**

United States Representative Devin Nunes ("Plaintiff") filed this lawsuit on September 30, 2019, alleging defamation and common law conspiracy related to the defamation claim. Defendants Lizza and Hearst voluntarily accepted service of the Summons and Complaint on December 5, 2019, with the agreement that an answer or other initial motion or responsive pleading would be due January 21, 2020. Hearst filed its corporate disclosure statement on December 31, 2019, informing the Court that Plaintiff named the incorrect Hearst corporate entity.

To comply with Court directives on the timing of scheduling orders, the parties submitted a proposed scheduling order to the Court on January 6, 2020. The Court has not yet entered a Trial Scheduling Order—to the contrary, the Court has set a telephonic scheduling conference for January 23, 2020.

1

Nevertheless, Plaintiff served 24 requests for production on January 7, 2020, responses to which are due February 6, 2020. Those requests are attached to the motion as Exhibit A and incorporated here by this reference.

Contemporaneously with this motion, Defendants filed a pre-answer motion to dismiss and strike Plaintiff's Complaint (the "Motion to Dismiss"). Should the Court grant the Motion to Dismiss, it would dispose of this lawsuit and obviate the need for discovery. Through this motion, Defendants seek a stay of discovery pending resolution of their dispositive motion and/or a protective order staying a responsive deadline to the discovery served by Plaintiff and any additional merits-based discovery by the parties. Because Plaintiff could respond to the Motion to Dismiss by filing an amended complaint curing his failure to name the correct corporate entity—which is almost certain to draw another motion to dismiss and strike in response—Defendants respectfully request that the Court suspend discovery until 30 days after Defendants and/or Hearst Magazine Media, Inc. file an answer in response to an operative complaint in this case.

**Legal Standard**

District courts have broad discretion to stay discovery under Rule 26(c) including through entry of a protective order under Rule 26(c)(A). *Allen v. Agreliant Genetics, LLC*, No. 15-CV-3172-LTS, 2016 WL 5416418, at *2 (N.D. Iowa Sept. 26, 2016) (Williams, J.). It is a "settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Blair v. Douglas Cty.*, No. 8:11-cv-349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013).

District courts consider these factors when determining whether to grant a stay of discovery:

(1) whether there is a strong showing that a claim is unmeritorious;

(2) the breadth of discovery and burden of responding to it; and

(3) the risk of unfair prejudice to the party opposing the stay.

*United Fire & Cas. Co. v. Ill. Constructors Corp.*, No. 16-CV-0055-EJM, 2017 WL 11452040, at *2 (N.D. Iowa Feb. 1, 2017) (Williams, J.).

A district court also considers "the complexity of the action, the stage of litigation, and conservation of judicial resources." *Id.* This inquiry should be conducted "on a case-by-case basis" because it "depends on the particular circumstances and posture of each case." *Blankenship v. Napolitano*, No. 2:19-CV-00236, 2019 WL 6173530, at *2 (S.D.W. Va. Nov. 19, 2019) (citation omitted).

## Argument

Defendants file this motion to stay discovery pursuant to Rule 26(c) to protect them from cost and expense and, as media defendants, from the burden of engaging in invasive discovery that chills the exercise of First Amendment rights while a motion to dismiss the complaint is pending. The requested relief in this case therefore will preserve important First Amendment rights, conserve judicial resources, and will not prejudice Plaintiff, who seeks only monetary damages.

### I. A stay of discovery is needed to protect important First Amendment rights.

Discovery should be stayed in this case because it is a lawsuit by a public official against news media defendants—and, as argued in Defendants' Motion to Dismiss, an unmeritorious one. *See Allen*, 2016 WL 5416418, at *3 (granting motion to stay discovery because pending dispositive motion presents "colorable" arguments that the lawsuit is without merit and will be dismissed). Moreover, in cases implicating the First Amendment, "there is a powerful interest in

ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016). "Indeed, the actual malice standard was designed to allow publishers the 'breathing space' needed to ensure robust reporting on public figures and events." *Id.* (citing *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 271-272 (1964)). "Forcing publishers to defend inappropriate suits through expensive discovery proceedings in all cases would constrict that breathing space in exactly the manner the actual malice standard was intended to prevent." *Id.*

Plaintiff is undeniably a public official, and Defendants are members of the news media, as admitted in Plaintiff's Complaint. *See* Compl. ¶¶ 1, 2, 7. Further, Defendants have filed a Motion to Dismiss Plaintiff's meritless lawsuit by arguing, among other things, that Plaintiff has not pleaded constitutional actual malice. Because Defendants have made the showing they will succeed on the dispositive motion, discovery should be stayed because the "costs and efforts required to defend a lawsuit . . . could chill free speech nearly as effectively as the absence of the actual malice standard altogether." *Michel*, 816 F.3d at 702.

Another court recently granted a motion to stay discovery in a similar case. Don Blankenship, a politician in West Virginia, sued numerous parties—including news media defendants—alleging that press coverage of his unsuccessful primary run "smeared him by referring to him as a 'felon' or a 'convicted felon,' despite the fact that the plaintiff was cleared of the felony charges and was only convicted of [a] misdemeanor offense." *Blankenship*, 2019 WL 6173530, at *1.

The defendants in that case filed motions to dismiss and sought a stay of discovery pending the resolution of those dispositive motions. *Id.* The Court granted the motion to stay, noting that such an order would ensure "that the defendants' free speech is not unduly burdened

4

by the necessity of defending" the case by engaging in discovery before the dispositive motions were resolved. *Id.* at *5-6.

The First Amendment implications in this case are readily apparent. Plaintiff is a serial filer of defamation cases in Virginia, and now Iowa, seeking to squash any criticism or inquiry into his background, beliefs, or record as an elected official, and somehow each incrementally harming his reputation in amounts such as $75,000,000 and $435,350,000. *See, e.g., Nunes v. Cable News Network, Inc.*, No. 3:19-cv-00889 (E.D. Va. Dec. 3, 2019); *Nunes v. Fusion GPS*, No. 1:19-cv-01148 (E.D. Va. Sept. 4, 2019); *Nunes v. McClatchy Co.*, No. CL19000629-00 (Va. Apr. 8, 2019). If courts allow Plaintiff to bridle media companies and reporters by regularly filing lawsuits resting on any published criticism, journalists may reasonably think twice before reporting any stories not flattering to Plaintiff, and media companies likewise may eschew reporting on him simply for fear of a costly lawsuit. This is in direct contradiction to the media's role as the "fourth estate," as robust reporting about elected officials is necessary for democracy to function because it allows for crucial insight into their representation of constituents and the breathing space afforded them by *New York Times v. Sullivan* and its progeny.

As news media defendants, Lizza and Hearst should not be forced to engage in expensive and extensive discovery prior to receiving an order on their pending motion to dismiss.

**II. A stay of discovery will conserve the resources of the parties and the Court.**

If the Court grants Defendants' pending motion to dismiss, this stay of discovery will allow the parties to "avoid fruitless expenditures in discovery . . . ." *Blankenship*, 2019 WL 6173530, at *5. Further, the "interests of judicial economy favor reducing the burden of discovery on parties when the motion to dismiss raises potentially dispositive legal issues and the

5

resolution of which may obviate the need for or limit discovery . . . ." *Id.* (quotation marks omitted).

A stay of discovery is appropriate here because resolution of Defendants' motion will likely dispose of the case, mooting the need for any discovery. Even if some of Plaintiff's claims survived the Motion to Dismiss, the scope of any legitimate discovery would be substantially narrowed. In addition, Plaintiff's discovery requests are burdensome and seek discovery into confidential and privileged matters. For example, Request 7 seeks all "photographs, video and audio tape records" made or shot by Lizza. Ex. A. Request 8 seeks all "notes, reporter's notes, records of conversations, transcripts of interviews, memoranda, minutes, emails, text messages, direct messages, and other records created or prepared by Lizza prior to publication." Ex A. Requests such as these implicate the reporter's privilege, recognized in Iowa, which protects "against disclosure of confidential sources, unpublished information, and reporter's notes obtained in the newsgathering process." *Nelle v. WHO Television, LLC*, No. 4:17-CV-107-RP-RAW, 2017 WL 7049237, at *1 (S.D. Iowa Dec. 20, 2017) (Walters, J.) (quotation marks omitted); *Lamberto v. Bown*, 326 N.W.2d 305, 309 (Iowa 1982) (recognizing the reporter's privilege and extending it to unpublished information).

If discovery is not stayed, Defendants will almost certainly object to those (and other) requests on the basis that the requests seek documents covered by the privilege. It is foreseeable that "there will likely be discovery disputes that will require the expenditure of judicial resources" through additional motions for a protective order or motions to compel if the Court does not stay discovery now. *See Allen*, 2016 WL 5416418, at *3 (granting motion to stay discovery until the outcome of the dispositive motion is known because "it will likely decrease the expenditure of judicial resources in resolving discovery disputes").

6

### III. A stay of discovery will not prejudice Plaintiff.

Turning to the last factor, Plaintiff cannot show that he will suffer unfair prejudice if the Court stays discovery.

First, this case is in its infancy. "Granting a stay is more appropriate when the action is early in the litigation process, especially before discovery is underway." *Blankenship*, 2019 WL 6173530, at *4. The Court has not entered a scheduling order in this case, and as such, there are no upcoming deadlines or trial date. Further, Plaintiff named the incorrect corporate entity so he needs to file an amended complaint, *see* ECF No. 13, which could affect scheduling as well.

Second, Plaintiff seeks only monetary damages. In his Complaint, Plaintiff does not seek equitable relief or expedited discovery. Incremental prejudice caused by a short delay in undertaking discovery, if any, can be rectified by monetary damages. Without any "concrete example[s] of how a temporary stay would cause him real prejudice," *Allen*, 2016 WL 5416418, at *3, Plaintiff cannot prevail and the Court should grant Defendants' motion to stay discovery.

### Conclusion

For the foregoing reasons, Defendants Ryan Lizza and Hearst Magazines, Inc. request that their Motion to Stay Discovery be granted and discovery stayed, and/or a protective order be entered under Rule 26(c)(A) forbidding the currently served and any other merits discovery, until 30 days from the date Defendants and/or Hearst Magazine Media, Inc. have filed their answer and affirmative defenses to the then-operative or amended complaint.

[*signature block on next page*]

January 21, 2020

**Ryan Lizza and Hearst Magazines, Inc., Defendants**

By: /s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel*\*
 jdonnellan@hearst.com
Ravi V. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 649-2030
Telephone: (212) 649-2035
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegrebd.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegrebd.com
Susan P. Elgin
 susan.elgin@faegrebd.com
FAEGRE BAKER DANIELS LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

## Certificate of Service

The undersigned certifies that a true copy of **Defendant's Brief in Support of Their Motion to Stay Discovery and for Protective Order** was served upon the following parties through the court's CM/ECF electronic filing system on January 21, 2020.

/s/  Jonathan R. Donnellan

Copy to:

Joseph M. Feller
 jfeller@kkfellerlaw.com

Steven S. Biss
 stevenbiss@earthlink.net

*Attorneys for Plaintiff*