# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| | |
|---|---|
| DEVIN G. NUNES,                )<br>                                          )<br>         Plaintiff,                      )<br>                                          )<br> v.                                       )<br>                                          )<br>                                          )<br> RYAN LIZZA                      )<br>         et al                             )<br>                                          )<br>         Defendants.                )<br>                                          ) | Case No. C19-4064-CJW-MAR |

# PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, RYAN LIZZA

Plaintiff, Devin G. Nunes, by counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Rules"), hereby requests that Defendant, Ryan Lizza, produce the following documents for inspection and copying at the law office of Joseph M. Feller, Esquire, Koopman. Kennedy & Feller, 823 3rd Avenue, Sibley, Iowa 51249 or at the law office of Steven S. Biss, Esquire, 300 West Main Street, Suite 102, Charlottesville, Virginia 22903, within the time prescribed by the Rules:

Continued on Next Page

1

# DEFINITIONS AND INSTRUCTIONS

1. The term "document" shall mean and include all written, electronic, digital and graphic matter of every kind and description, whether written or produced or transmitted by computer, typewriter, printer, photocopier or other machine or by hand, whether in printed form or on computer disk, and whether in the actual or constructive possession, custody or control of you, including, without limitation, any and all files, records, disks, emails, text messages, instant messages, direct messages, private messages, iMessages, letters, correspondence, memoranda, notes, statements, transcripts, workpapers, sound recordings, cds, dvds, videotapes, charts, reports, books, ledgers, registers, books of account, account statements, financial statements, checks, check stubs, deposit receipts, and any other written, electronic or graphic record of any kind, whether or not such documents are claimed to be privileged from discovery on any ground.

2. "You" and "your" shall mean the person or entity to whom/which this request or subpoena is directed, including his, her, their or its agents, representatives, employees, attorneys, experts, investigators, insurers or anyone acting on behalf of the foregoing.

3. "Person" or "person" means any individual, sole proprietorship, partnership (general or limited), limited liability company, limited liability partnership, corporation, association, trust or other entity.

4. "Plaintiff" means Plaintiff, Devin G. Nunes, including, without limitation, any agent, representative or employee of Plaintiff.

5. "Lizza" means Defendant, Ryan Lizza, including, without limitation, any agent, representative or employee of Lizza.

6. "Lizza Hit Piece" means the following article published online and/or in print on September 30, 2018: https://www.esquire.com/news-politics/a23471864/devin-nunes-family-farm-iowa-california/ ("**Devin Nunes's Family Farm Is Hiding a Politically Explosive Secret**").

7. "Hearst" means Hearst Corporation, Hearst Magazines, Inc., Hearst Magazine Media, Inc. and/or the publisher of *Esquire* magazine, including, without limitation, any reporter, correspondent, editor, publisher, producer, agent, representative or employee of Hearst.

8. "Fielden" means Jay Fielden, including, without limitation, any agent, representative or employee of Fielden.

9. "Nuzzi" means Olivia Nuzzi, including, without limitation, any agent, representative or employee of Nuzzi.

10. "Fusion GPS" means and includes Bean, LLC, Glenn Simpson and/or Peter Fritsch, including, without limitation, any attorneys, agents, representatives or employees of Fusion GPS.

11. "Relating to" means to refer to, reflect, pertain to, or in any manner be connected with the matter discussed.

12. "Identify" or "identification", when used in reference to a person, means to state their full name, their present or last known home and business addressees) and their present or last known home and business telephone number(s). "Identify" or "identification", when used in reference to a document, means to state or specify the type of document, e.g. letter, memoranda, etc., its date, its author, signer, addressee, its contents, and any other information necessary to identify the document for purposes of an

interrogatory, request for production of documents or subpoena duces tecum. As an alternative to identifying the document, a copy may be attached to your answer. If any such document was but is no longer in your possession or subject to your control, state what happened to the document. "Identify" or "identification", when used in reference to a communication, representation or discussion, means to state the person(s) to whom such communication was made, the medium of communication, *e.g.,* letter, telephone, fax, email, etc., the date of such communication, and the subject matter and substance of such communication.

13. "Describe" means state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and (I) the identity of each person involved or having knowledge of each fact or opinion relating to what is described, (II) the identity of each document evidencing the answer given or relating to what is disclosed in the answer given, and (III) all relevant or material dates or time periods.

14. If you consider any document called for by a request for production of documents to be privileged from discovery, include in your answer/response a list of the documents withheld, identifying each document by date, author, addressee, all recipients, all persons who have seen the document, the title and a brief description of the subject matter which will allow for a determination whether the document is privileged. Finally, you should state the grounds upon which each document is claimed to be privileged.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff requests Lizza to produce complete and genuine copies of the following:

**UNLESS OTHERWISE NOTED, THE FOLLOWING REQUEST FOR PRODUCTION OF DOCUMENTS SEEKS DOCUMENTS AND ELECTRONICALLY STORED INFORMATION DATED OR FOR THE TIME PERIOD FROM <u>JUNE 1, 2018 TO THE PRESENT</u> (THE "RELEVANT PERIOD").**

**IF LIZZA HAS NO DOCUMENTS RESPONSIVE TO THE FOLLOWING REQUESTS, THE ANSWER SHOULD CLEARLY STATE "NONE" OR "NO DOCUMENTS".**

1. All contracts or agreements between Lizza and Hearst.

2. Lizza's employment and/or personnel file while he served as a correspondent or reporter for Hearst, including, without limitation, any employment application, resume, references, code of ethics, manuals, guidelines, policies, W2s and/or 1099s, background and/or security searches, any and all performance reviews, evaluations, commentaries, commendations, awards, complaints, reprimands, disciplinary action of any kind, notices and/or letters, emails, records of conversations, notes, and any and all other documents or records of any kind in Lizza's employment/personnel file.

3. A true and complete digital copy of the Lizza Hit Piece.

4. A true and complete magazine/hard copy of the Lizza Hit Piece.

5. Any pitch made by Lizza to Hearst of any story about immigration and the dairy industry.

6. All documents that constitute, evidence or reflect expenses incurred by Lizza in connection with any travel or research undertaken by Lizza relating to the Lizza Hit Piece, including, without limitation, all itineraries, calendars, agendas, receipts, vouchers, requests for reimbursement, and other records related to any such travel or research.

7. All photographs, video and audio tape recordings, including dash cam footage, taken, made or shot by Lizza while in Iowa.

8. All correspondent's notes, reporter's notes, records of conversations, transcripts of interviews, memoranda, minutes, emails, text messages, direct messages and other records created or prepared by Lizza prior to publication of the Lizza Hit Piece.

9. Bills and/or other records of all telephone calls made by Lizza to any person from any land line, cell phone, smart phone, iPad, iPhone, Blackberry, computer, or other device between June 1, 2018 and September 30, 2018 in which Lizza discussed the topics of immigration, the dairy industry, Plaintiff or any member of Plaintiff's family.

10. All editor's and/or publisher's notes relating to the Lizza Hit Piece.

11. All drafts, versions and edits of the Lizza Hit Piece prior to its original publication on September 30, 2018.

12. All articles, blogs, comments, tweets, retweets, posts, or statements made, written or published by Lizza of or concerning Plaintiff in 2016, 2017 and/or 2018 prior to publication of the Lizza Hit Piece on September 30, 2018.

13. All communications between Lizza and Plaintiff prior to publication of the Lizza Hit Piece, including all text messages from or to 202-494-2208 and/or emails from or to ryan.lizza@hearst.com.

14. All documents that constitute, evidence or reflect communications between Lizza and Nuzzi that mention Plaintiff, Anthony Nunes, Jr. ("Anthony"), or NuStar Farms, LLC ("NuStar") or that are of and concerning Plaintiff, Anthony or NuStar, including, without limitation:

    a. all messages sent or received via any of the following messaging services or applications: Signal, WhatsApp, Telegram, SecureDrop, Wire, LINE, iMessage, Facebook Messenger, Viber, Wickr, Dust, Threema, Cyphr, CoverMe and/or Skype;

b. all emails sent or received using any email account, including, without limitation, Protonmail, Tutanota, Hushmail, Countermail, Runbox, Kolab Now, Mailfence, Posteo, Startmail, Mailbox, and/or SCRYPTmail;

c. all text messages sent or received using any computer, iPhone, Blackberry, smartphone or other device;

d. all direct messages, private messages, group messages, tweets, retweets, likes, replies, shares, posts, blogs, photographs, or other written content of any kind or nature sent, received or posted on Twitter, Facebook, YouTube and/or any other social media platform or service; and

e. all documents uploaded, downloaded, transferred or exchanged using the Tor browser or any other anonymous browser.

15. All documents that constitute, evidence or reflect communications between Lizza and Fusion GPS that mention Plaintiff, Anthony or NuStar or that are of and concerning Plaintiff, Anthony or NuStar, including, without limitation:

a. all messages sent or received via any of the following messaging services or applications: Signal, WhatsApp, Telegram, SecureDrop, Wire, LINE, iMessage, Facebook Messenger, Viber, Wickr, Dust, Threema, Cyphr, CoverMe and/or Skype;

b. all emails sent or received using any email account, including, without limitation, Protonmail, Tutanota, Hushmail, Countermail, Runbox, Kolab Now, Mailfence, Posteo, Startmail, Mailbox, and/or SCRYPTmail;

c. all text messages sent or received using any computer, iPhone, Blackberry, smartphone or other device;

d. all direct messages, private messages, group messages, tweets, retweets, likes, replies, shares, posts, blogs, photographs, or other written content of any kind or nature sent, received or posted on Twitter, Facebook, YouTube and/or any other social media platform or service; and

e. all documents uploaded, downloaded, transferred or exchanged using the Tor browser or any other anonymous browser.

16. All communications between Lizza and Fielden since publication of the Lizza Hit Piece, including, without limitation, all communications about this action.

17. Documents sufficient to identify the readership, circulation, number of subscribers, page views, and the daily, monthly and/or unique visitors to the website, www.esquire.com, including without limitation, all media kits.

18. Documents sufficient to identify the number of times the Lizza Hit Piece was viewed online.

19. Documents sufficient to identify the readership, circulation, and number of subscribers to *Esquire* magazine, and the total number of copies of the magazine that contained the Lizza Hit Piece that were printed and/or sold anywhere in the World.

20. Documents sufficient to identify any compensation paid by Hearst to Lizza in 2018 or for writing the Lizza Hit Piece.

21. Documents sufficient to identify the Twitter followers of **@RyanLizza** on September 30, 2018.

22. All republications of the Lizza Hit Piece by Lizza via Twitter and/or Facebook, including tweets, retweets, replies and posts, after September 30, 2018.

23. All documents received by Lizza from any third-party (excluding only attorneys for Lizza or Hearst), whether in response to a subpoena *duces tecum* or otherwise, that relate to the Lizza Hit Piece or to the allegations in Plaintiff's Complaint.

24. A copy of any insurance agreement or policy under which an insurance business may be liable to satisfy all or part of a possible judgment against Lizza in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**THESE REQUESTS ARE CONTINUING IN NATURE AS PROVIDED FOR IN THE RULES.**

**PLAINTIFF HEREBY REQUESTS THAT LIZZA SUPPLEMENT HIS DISCOVERY RESPONSES IMMEDIATELY UPON RECEIPT OF ADDITIONAL DOCUMENTS AND INFORMATION.**

DATED: January 7, 2020

Signature of Counsel on Next Page

DEVIN G. NUNES


By: <u>*/s/ Steven S. Biss*</u>
    Steven S. Biss (VSB # 32972)
    300 West Main Street, Suite 102
    Charlottesville, Virginia 22903
    Telephone:   (804) 501-8272
    Facsimile:   (202) 318-4098
    Email:   stevenbiss@earthlink.net
    (*Admitted Pro Hac Vice*)

    Joseph M. Feller, Esquire
    (Iowa State Bar No. AT0002512)
    Koopman, Kennedy & Feller
    823 3rd Avenue
    Sibley, Iowa 51249
    Telephone:   (712) 754-4654
    Facsimile:   (712) 754-2507
    jfeller@kkfellerlaw.com

    *Counsel for the Plaintiff*

11

Case 5:19-cv-04064-CJW-MAR   Document 17-2   Filed 01/21/20   Page 12 of 13

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2020 a copy of the foregoing was served electronically in PDF upon counsel for the Defendants.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Joseph M. Feller, Esquire
(Iowa State Bar No. AT0002512)
Koopman, Kennedy & Feller
823 3rd Avenue
Sibley, Iowa 51249
Telephone: (712) 754-4654
Facsimile: (712) 754-2507
jfeller@kkfellerlaw.com

*Counsel for the Plaintiff*