IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **Devin G. Nunes,** | Case No. 5:19-cv-04064-CJW-MAR |
| Plaintiff, | **Reply Brief in Further Support of Defendants' Resisted Motion to Stay Discovery and for Protective Order** |
| v. | |
| **Ryan Lizza** and **Hearst Magazines, Inc.,** | |
| Defendants. | |

Defendants respectfully submit this reply brief in further support of their motion to stay discovery, *see* ECF No. 17 (the "Motion"), and in response to Devin Nunes' Resistance to the Motion, *see* ECF No. 21 (the "Resistance"). Although 20 pages in length, the Resistance fails to meaningfully address most of the factors supporting the Court's consideration of the Motion, and it is unconvincing as to those factors it does address.[1]

1. Congressman Nunes agrees that, in determining whether to grant a stay of discovery, courts consider "(1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *United Fire & Cas. Co. v. Ill. Constructors Corp.*, No. 16-CV-0055-EJM, 2017 WL 11452040, at *2 (N.D. Iowa Feb. 1, 2017) (citation omitted). A district court also considers "the complexity of the action, the stage of litigation, and conservation of judicial resources." *Id.*

2. *Conservation of resources and burden of responding:* Congressman Nunes does dispute that a stay will conserve the parties' and the Court's resources. *See* Opening Br. 5-6. He simply disregards the factor as being "convenient for the Defendants to talk about," without

---

[1] Except where defined herein, capitalized terms have the same definition as in Defendants' Brief in Support of the Motion, see ECF No. 17-1 ("Opening Br.").

further explanation. Resistance 17. Relatedly, Congressman Nunes does not dispute that many of his requests directly implicate the reporter's privilege and are likely to result in discovery disputes. Nor does he mention the third-party discovery he has already issued. This all may be avoided, in whole or in part, by the Court's decision on the Motion to Dismiss. Opening Br. 6.

3. *Stage of the litigation*: Congressman Nunes also does not dispute that the Motion was filed before any discovery responses are due, before a scheduling order has been entered by the Court, and before any answer or affirmative defenses have been pled. *Blankenship v. Napolitano*, No. 2:19-CV-00236, 2019 WL 6173530, at *4 (S.D.W. Va. Nov. 19, 2019) ("Granting a stay is more appropriate when the action is early in the litigation process, especially before discovery is underway."). Although Congressman Nunes attempts to distinguish *Blankenship* because the parties have "conducted their Rule 26(f) conference and exchanged initial disclosures," Resistance 17, Congressman Nunes never explains why this distinction should make any difference.[2]

4. *Lack of prejudice*: Congressman Nunes argues that he will be prejudiced by a slight delay in the commencement of discovery while Defendants' dispositive motions are considered, because Defendants have "refuse[d] to retract" the Article, which remains on the *Esquire* website and continues to be shared on social media. Resistance 2. This is meritless. To start, Congressman Nunes' Complaint does not demand that the Article be removed or revised,

---

[2] Congressman Nunes also attempts to distinguish *Blankenship* on the grounds that, in that case, there was a large number of defendants, some of whom had raised personal jurisdiction arguments. Resistance 17. While true, that was only one factor that the *Blankenship* court considered in granting the stay, and Congressman Nunes does not grapple with the other considerations. This case presents its own complexities, including (i) Congressman Nunes is challenging at least 15 allegedly defamatory statements, all of which raise multiple issues concerning their actionability and which concern a variety of subject matter ranging from the location of a farm to Congressman Nunes' actions on the House Intelligence Committee, and (ii) choice of law issues that may affect the application of California's anti-SLAPP statute, a matter of first impression in the Iowa federal courts that has not been addressed by the Eighth Circuit Court of Appeals.

nor does it seek any other form of injunctive relief. *See* ECF No. 1 (the "Complaint"). All Congressman Nunes demands is monetary damages. *See id.* at 1, 24-25. Thus, his desire to commence discovery immediately so that this case can reach a judgment as soon as possible has no relationship to the relief he seeks in his Complaint; whether this case is resolved in one month or in one decade, the Article will not be removed, based on Congressman Nunes' demands alone.

5. Moreover, Congressman Nunes' claim of prejudice is belied by the fact that he filed his Complaint on the last day before his claims would be time barred by California's statute of limitations. *See* Cal. Civ. Proc. Code § 340(c) (one-year statute of limitations for defamation claims). Waiting 12 months and up to the last possible day to file a Complaint is inconsistent with Congressman Nunes' sudden need to commence discovery immediately. This inconsistency raises questions about Congressman Nunes' motives in prosecuting this case; he may be using the threat of expensive discovery to deter others from publishing information that is critical of him, the precise harm to the free flow of information about public officials that is at the core of the First Amendment's protections. *See* Opening Br. 3-5.

6. Further, Congressman Nunes has provided the Court with no reason to believe that, in fact, any damages he has supposedly sustained as a result of the Article are increasing as time passes, as he implies. The Complaint makes no factual allegations of any special damages that Congressman Nunes sustained during the 12 months between publication and the filing of the Complaint. And the Resistance points to no specific losses that he has suffered since the Complaint was filed, either. *See generally* ECF No. 21. To date, Congressman Nunes has provided this Court with no support for the contention that he has suffered, is suffering, or will suffer losses as a result of the Article, and of course under Iowa law he cannot pursue a claim of libel *per se* and avoid showing actual damage to reputation from falsehoods. *See Bierman v.*

3

*Weier*, 826 N.W.2d 436, 461 (Iowa 2013). But even if Congressman Nunes were correct, that would just result in a larger damages award, which is (i) Defendants' problem, not Congressman Nunes' problem, and (ii) all Congressman Nunes seeks in his Complaint, anyway.[3]

7. *Unmeritorious claims*: In his Complaint, Congressman Nunes lists no fewer than 15 statements (14 express, and 1 implied) that, he contends, are false and defamatory. In his Resistance, Congressman Nunes only argues that *one* of those statements is false and defamatory—namely, the implied "gist" that "Plaintiff was involved in, covered-up, used his office to cover up, conspired with others to conceal, or was aware of criminal wrongdoing." Compl. ¶ 24. But the Complaint does not specify what "criminal wrongdoing" the Article supposedly implies, and Congressman Nunes makes no attempt to explain how he could satisfy the other requirements of a defamation by implication claim. *See* Brief in Support of Motion to Dismiss, ECF No. 19 ("Motion to Dismiss Brief") 20. And although Congressman Nunes now argues that the alleged "criminal wrongdoing" that he was attempting to "cover up" was that the "family's farm employs undocumented labor," Resistance 11, that allegation appears nowhere in the Complaint, and Congressman Nunes cannot effectively re-write his Complaint via a resistance to a motion to stay discovery. As for Congressman Nunes' failure to plead "actual malice" with facts sufficient to make the allegation plausible, Defendants refer the Court to their Motion to Dismiss Brief at 20-23.[4]

---

[3] Congressman Nunes also argues that "[d]elay increases the risk that evidence is lost and witnesses, including alleged 'sources' of the Lizza Hit Piece, go missing and are unavailable for deposition or trial." Resistance 2. Congressman Nunes does not explain how a short delay will result in documents being lost; there is no allegation that relevant documents are not being preserved by either party. And Congressman Nunes' suggestion that witnesses such as Lizza's "alleged 'sources'" (quotes in original) will "go missing" is unsupported. The record provides no basis to believe that relevant witnesses will be unavailable as a result of a short delay in the commencement of discovery. (And, if Congressman Nunes is baselessly alleging that Lizza fabricated his sources, then that would suggest that there are no witnesses in the first place.)

[4] Congressman Nunes devotes almost four pages to arguing against the application of California's anti-SLAPP law. Resistance 7-10. Although relevant to whether Defendants must

8. Finally, Congressman Nunes does not dispute that discovery would have a chilling effect on Defendants' and others' exercise of their First Amendment rights. *See* Opening Br. 3-5. Although Congressman Nunes cites *Gertz v. Robert Welch, Inc.* for the proposition that "there is 'no constitutional value in false statements of fact,'" Resistance 4 n.1, he ignores the Supreme Court's explanation, three sentences later in *Gertz*, as to why many false statements still should not be punished by libel laws: "Although the erroneous statement of fact is not worthy of constitutional protection, it is nevertheless inevitable in free debate. . . . And punishment of error runs the risk of inducing a cautious and restrictive exercise of the constitutionally guaranteed freedoms of speech and press." 418 U.S. 323, 340 (1974). Instead, Congressman Nunes revealingly cites to pronouncements of English common law for the proposition that "libel of a public official [is] deemed an offense most dangerous to the people, and deserving of punishment." Resistance 19. That is not the Constitutional tradition or law of this country or the individual states. *See N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964); *Bridges v. California*, 314 U.S. 252, 264 (1941) (in reversing contempt conviction for newspaper reporting on ongoing litigation: "[T]o assume that English common law in this field became ours is to deny the generally accepted historical belief that one of the objects of the Revolution was to get rid of the English common law on liberty of speech and of the press.") (citation omitted).

**Conclusion**

For the foregoing reasons and those stated in its Opening Brief, Defendants request that their Motion be granted.

---

recover their attorneys' fees as a prevailing party, this issue does not reach whether Congressman Nunes' claims are meritorious. Defendants' anti-SLAPP motion does not ask the Court to, at this stage, provide independent scrutiny of Plaintiff's Complaint beyond that which is required by Rule 12(b)(6). *See* Motion to Dismiss Br. 26.

January 27, 2020

**Ryan Lizza and Hearst Magazines, Inc., Defendants**

By: /s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel*\*
 jdonnellan@hearst.com
Ravi V. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 649-2030
Telephone: (212) 649-2035
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegrebd.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegrebd.com
Susan P. Elgin
 susan.elgin@faegrebd.com
FAEGRE BAKER DANIELS LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

## Certificate of Service

The undersigned certifies that a true copy of **Reply Brief in Further Support of Defendants' Resisted Motion to Stay Discovery and for Protective Order** was served upon the following parties through the court's CM/ECF electronic filing system on January 27, 2020.

/s/ Jonathan R. Donnellan

Copy to:

Joseph M. Feller
 *jfeller@kkfellerlaw.com*

Steven S. Biss
 *stevenbiss@earthlink.net*

*Attorneys for Plaintiff*