# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DEVIN G. NUNEZ, | |
| Plaintiff, | No. 19-CV-4064-CJW-MAR |
| vs. | **ORDER** |
| RYAN LIZZA; HEARST MAGAZINE MEDIA, INC., | |
| Defendants. | |

This matter is before the Court on Defendants Ryan Lizza and Hearst Magazine Media, Inc.'s,[1] Pre-Answer Motion to Dismiss, to Strike the Complaint Pursuant to CAL. CIV. PROC. CODE § 425.16, and to Strike Pursuant to FED. R. CIV. P. 12(f). (Doc. 15). Plaintiff filed his Complaint on September 30, 2019. (Doc. 1). On January 21, 2020, defendants filed their motion seeking to dismiss or strike portions of plaintiff's Complaint. (Doc. 15). On February 3, 2020, plaintiff filed his Amended Complaint. (Doc. 23). Plaintiffs did not need the Court's leave to file his Amended Complaint because plaintiff filed it within twenty-one days of defendants serving their motion. FED. R. CIV. P. 15(a)(1)(B).

This Court has held "[t]he filing of the amended complaint renders the original [c]omplaint null and void." *Newkirk v. GKN Armstrong Wheels*, No. C15-3127-MWB, 2015 WL 13840426, at *1 (N.D. Iowa Nov. 3, 2015) (citations omitted); *see also In re*

---

[1] The Court notes that plaintiff's Complaint (Doc. 1) named "Hearst Magazines, Inc." but plaintiff's Amended Complaint named "Hearst Magazine Media, Inc." Unless defendants inform the Court otherwise, the Court will assume that these two parties are the same for purposes of this case.

*Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."). Because plaintiff' Complaint is null and void, defendant' motion to dismiss or strike portions of the Complaint are moot. *See Newkirk*, 2015 WL 13840426, at *1 ("Because the original Complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *see also Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint.").

Thus, defendants' motion (Doc. 15) is **denied as moot** with leave to refile Rule 12 motions addressing plaintiffs' Amended Complaint.

**IT IS SO ORDERED** this 3rd day of February, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa