# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DEVIN G. NUNES, | No. 19-cv-4064-CJW |
| Plaintiff, | |
| vs. | **ORDER** |
| RYAN LIZZA and HEARST MAGAZINES, INC., | |
| Defendants. | |

Before the Court is a Motion to Stay Discovery and for Protective Order filed by Defendants Hearst Magazines, Inc. and Ryan Lizza ("Defendants"). (Doc. 17.) Plaintiff Devin G. Nunes filed a timely Resistance to the Motion. (Doc. 21.) Defendants filed a Reply. (Doc. 22.) Neither party has requested a hearing and none is necessary.

## I. *Background*

Plaintiff is a United States Congressman. Defendant Hearst Magazines, Inc. publishes *Esquire* magazine. Plaintiff claims a September 2018 issue of *Esquire* contained an article written by Defendant Lizza about Plaintiff's family dairy business that was defamatory. Plaintiff's Complaint seeks compensatory and punitive damages but does not seek an injunction or other equitable relief. (Doc. 1 at 24.) Defendants have filed a Motion to Dismiss[1] which seeks, among other things, dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 15 and 19.)

---

[1] The motion seeks additional relief but the motion to dismiss is most germane to this ruling.

1

On February 3, 2020, the Court entered an order denying the Motion to Dismiss as moot. It seems likely Defendants will pursue another such motion regarding Plaintiff's Amended Complaint. (Doc. 23.) Therefore, the motion before me is not moot.

## II. The Parties' Positions

Defendants seek to stay discovery pursuant to Federal Rule of Civil Procedure 26(c). They assert that the burden of discovery will chill the exercise of free speech protected by the First Amendment. Staying discovery while their motion to dismiss is pending, Defendants contend, is necessary to protect the "breathing space" around free expression that *N.Y. Times Co. v. Sullivan* deemed necessary. 376 U.S. 254, 271-272 (1964.) Defendants contend they have made a showing that their motion to dismiss will succeed and, therefore, a stay should be granted to preserve the resources of the parties and the Court. Defendants point to the likely expensive discovery litigation over the scope of the reporter's privilege. Defendants claim a stay would obviate this unnecessary expense. Defendants assert that Plaintiff has already propounded discovery which seeks privileged information. Finally, Defendants assert that Plaintiff will not be prejudiced by the requested stay because the stay will occur early in the litigation and Plaintiff has not requested equitable relief.

Plaintiff argues that stays of discovery are disfavored because they create case management problems and interfere with the Court's responsibility to expedite discovery. Plaintiff asserts stays should not be routinely granted merely because a dispositive motion has been filed. Plaintiff contends Defendants have failed to show good cause for the motion. Plaintiff asserts that his claims are meritorious and not likely to be dismissed. He distinguishes *Blankenship v. Napolitano* upon which Defendants rely, pointing out the relative absence of complexity in the case at bar. No. 2:19-CV-00236, 2019 WL

6173530, at *1 (S.D.W. Va. Nov. 19, 2019). As Defendants' reply points out, Plaintiff has not identified any prejudice he would suffer as a result of a stay.

### III. DISCUSSION

Rule 26(c) authorizes the entry of a protective order for good cause limiting or otherwise controlling discovery. District courts have broad discretion to stay discovery under Rule 26(c). *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); *see also Maune v. Int'l Bhd. of Elec. Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding request to stay); *Blair v. Douglas County*, No. 8:11CV349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) (noting broad discretion and inherent power to stay pending outcome of dispositive motions). "The grant of a stay is a matter of judicial discretion, which is 'dependent upon the circumstances of the particular case,' and '[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *United Fire & Cas. Co. v. Illinois Constructors Corp.*, No. 16-CV-0055-EJM, 2017 WL 11452040, at *1 (N.D. Iowa Feb. 1, 2017) quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing Clinton v. Jones, 520 U.S. 681, 708 (1997)).

As this Court has noted:

> Courts have used various standards in determining whether to stay discovery, including: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 116 (E.D. N.Y. 2006). Courts may also consider the complexity of the action and the stage of litigation. *Chesney*, 236 F.R.D. at 116. *See also Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008) (identifying three factors in determining whether a stay is appropriate: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources.").

3

*Allen v. Agreliant Genetics, LLC*, No. 15-CV-3172-LTS, 2016 WL 5416418, at *2 (N.D. Iowa Sept. 26, 2016); *see also United States ex rel. Donegan v. Anesthesia Assocs. of Kansas City*, PC, No. 4:12-CV-0876-DGK, 2014 WL 12618074, at *1 (W.D. Mo. Jan. 7, 2014) ("In determining whether to grant a motion to stay discovery pending the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy.").

I turn now to the application of these factors. Defendants' motion to dismiss is not before me and I decline to predict the outcome of a similar motion by declaring whether there has been a strong showing that the underlying claim is unmeritorious. Nevertheless, Plaintiff is a public figure. The actual malice standard of *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) coupled with the pleading requirements of *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), at the very least, pose challenges to his case. While this is not a multiparty case nor as procedurally complex as *Blankenship,* it does raise the interplay between the pleading requirements of *Twombly/Iqbal* and the actual malice requirements of *New York Times* that the Eighth Circuit has not addressed. (Doc. 19 at 7.)[2] When I view those challenges along with the First Amendment concerns raised by Defendants, I conclude this factor weighs in favor of a stay.

I also find that a stay at this early stage of discovery would conserve the Court's and the parties' resources. Whether Plaintiff's discovery seeks to invade the reporter's

---

[2] Plaintiff's resistance to the now moot Motion to Dismiss was not submitted as of the date this order was entered. I leave open the possibility he may find other relevant authority.

4

privilege is not before me. However, the scope and contours of that privilege will be more readily ascertained – along with any proportionality concerns under Rule 26(b) – once the Court has ruled on the Motion to Dismiss.

The possibility of prejudice, hardship, or inequity weighs in favor of granting the stay. Defendants have pointed to the chilling effect of expensive discovery on their First Amendment rights. Plaintiff has not identified any prejudice or other consequence he might suffer as a result of a temporary stay at this stage of the litigation.

Considering these factors, I find they weigh in favor of a temporary stay of discovery. My intention is to allow ample time for the parties and the Court to address the issues raised without permitting the case to linger on the Court's docket unnecessarily.

## V. CONCLUSION

For the reasons set forth herein, Defendants' motion for a stay of discovery (Doc. 17) is granted. Defendants are given until February 18, 2020 to file any renewed motion to dismiss based on the Amended Complaint. If no such motion is filed, the stay granted by this Order will be terminated. If Defendants file a new motion to dismiss, discovery is stayed until the earlier of either a ruling by the district court on Defendants' motion to dismiss or April 1, 2020. The Court will enter a scheduling order or set a scheduling conference thereafter.

**IT IS SO ORDERED** this 4th day of February, 2020.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa