| | |
|---|---|
| **Devin G. Nunes,** | Case No. 5:19-cv-04064-CJW-MAR |
| Plaintiff, | Pre-Answer Motion to Dismiss, to Strike the Amended Complaint Pursuant to Cal. Civ. Proc. Code § 425.16, and to Strike Pursuant to Fed. R. Civ. P. 12(f) |
| v. | |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | |
| Defendants. | (Oral Argument Requested) |

Defendants Ryan Lizza and Hearst Magazine Media, Inc. ("HMMI") (together, "Defendants") hereby move to dismiss the Amended Complaint filed in this case by Plaintiff Devin Nunes, *see* ECF No. 23 (the "Amended Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6); to strike the Amended Complaint pursuant to California's anti-SLAPP law, Cal. Civ. Proc. Code § 425.16; and to strike all or some of the Amended Complaint pursuant to Fed. R. Civ. P. 12(f) (the "Motion").

In support of this Motion, Defendants state:

*Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*

1.  Devin Nunes is a "citizen of California" who has served in the United States Congress since 2003, and currently represents California's 22nd Congressional District. Am. Compl. ¶ 4. He is the ranking Republican member on the House Intelligence Committee and, at the time of the Article's publication, served as the House Intelligence Committee's Chairman. *Id.* He is indisputably a "public official" within the meaning of defamation law.

2.  Congressman Nunes initiated this action by filing a complaint with this Court on September 30, 2019. ECF No. 1 (the "Original Complaint"). The Original Complaint asserted

one count of defamation based on 15 allegedly false statements in the *Esquire* article by Ryan Lizza entitled "*Devin Nunes's Family Farm Is Hiding a Politically Explosive Secret*," Sept. 30, 2018, *available at* https://www.esquire.com/news-politics/a23471864/devin-nunes-family-farm-iowa-california/ (the "Article"), true and correct copies of which are attached as Exhibits A and B to the accompanying February 18, 2020 declaration of Ravi V. Sitwala in Support of the Motion (the "Sitwala Declaration"), and one count of civil conspiracy. It named as defendants Lizza and "Hearst Magazines, Inc." *See* ECF No. 1.

3. On January 21, 2020, Lizza and Hearst Magazines, Inc. moved to dismiss the Original Complaint. ECF No. 15 (the "Original Motion to Dismiss"). In lieu of responding to the Original Motion to Dismiss, Congressman Nunes filed the Amended Complaint on February 3, 2020, mooting the Original Motion to Dismiss. *See* ECF No. 24; Fed. R. Civ. P. 15(a)(1)(B).

4. In the Amended Complaint, Hearst Magazines, Inc. is not named as a defendant. Rather, the Amended Complaint names Lizza and HMMI as defendants. It is Defendants' understanding that Congressman Nunes intends to discontinue this action as against Hearst Magazines, Inc.—which was an incorrectly named defendant, *see* ECF No. 13—and instead name as a defendant HMMI, which is the entity that publishes *Esquire*, *see* Sitwala Decl. ¶¶ 2, 3.

5. Lizza's deadline to answer, move, or otherwise respond to the Amended Complaint is today, February 18, 2020. Although HMMI has not yet been served with a summons and thus has no deadline to answer the Amended Complaint, it has nonetheless appeared in this matter through counsel, *see* ECF Nos. 27-33, and joins in this Motion with Lizza. Relatedly, the Court has directed Defendants to file this Motion by today, February 18, 2020, in order to continue the stay of discovery "until the earlier of either a ruling by the district court on Defendants' motion to dismiss or April 1, 2020." *See* ECF No. 26, at 5 (ordering

2

Case 5:19-cv-04064-CJW-MAR   Document 34   Filed 02/18/20   Page 2 of 12

temporary stay of discovery). By filing this Motion today, Defendants satisfy this condition for the stay of discovery to remain in effect.

6. The Amended Complaint asserts one count of defamation based on 11 allegedly false explicit statements in the Article, and one allegedly false unstated "implication" from the Article. The Amended Complaint also asserts one count of civil conspiracy.

7. Based on the facts alleged in the Amended Complaint, accepted as true for purposes of this Motion only, together with permitted references to (i) matters incorporated by reference or integral to the claims in the Amended Complaint (such as the Article), and (ii) matters of public record, such as a January 2018 Memorandum by the Majority Staff of the House Permanent Select Committee on Intelligence entitled "Foreign Intelligence Surveillance Act Abuses at the Department of Justice and the Federal Bureau of Investigation," a true and correct copy of which is attached as Exhibit C to the Sitwala Declaration, Congressman Nunes's Amended Complaint lacks sufficient factual matter to state a claim for relief that is plausible on its face.

8. Specifically, none of the 11 challenged explicit statements are actionable, each for one or more reasons. Many are not statements "of and concerning" Congressman Nunes; some are not defamatory; several are actually or substantially true, as admitted in the Amended Complaint; and the remainder are nonactionable opinions. As for Congressman Nunes's claim for defamation by "implication," he has failed to satisfy the high bar required to assert such a claim, and in any event the "implication" he asserts is a nonactionable opinion.

9. Moreover, Congressman Nunes has not pleaded facts that would make his otherwise-conclusory allegation of Constitutional "actual malice" plausible.

3

10. And with no viable underlying defamation claim, Congressman Nunes's additional claim for "civil conspiracy" cannot survive on its own.

11. For these reasons, Congressman Nunes's Amended Complaint fails to state a claim upon which relief may be granted and Defendants are entitled to complete dismissal as a matter of law.

12. This Court therefore should dismiss Congressman Nunes's lawsuit with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

*Motion to Strike Pursuant to California's anti-SLAPP law, Cal. Civ. Proc. Code. § 425.16*

13. In addition, the Court should strike Congressman Nunes's Amended Complaint, pursuant to California's anti-SLAPP statute ("SLAPP" stands for "Strategic Lawsuit Against Public Participation"), and grant Defendants their attorneys' fees incurred in responding to Congressman Nunes's suit. *See* Cal. Civ. Proc. Code § 425.16.

14. This remedy is available because California law supplies the rule of decision in this case. California's anti-SLAPP law's motion-to-strike provision is a substantive immunity from suit, and thus should be applied by this federal court sitting in diversity and applying California substantive law.

15. And where, as here, a defendant successfully challenges the legal sufficiency of the plaintiff's complaint with an anti-SLAPP motion, a prevailing defendant shall recover attorneys' fees under California law.

*Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)*

16. Federal Rules of Civil Procedure 8 and 12(f) govern, among other things, the contents of a complaint and why and how "any redundant, immaterial, impertinent, or scandalous matter" may and should be stricken from it and from the record.

17. Congressman Nunes's Amended Complaint evidences an effort to use this Court as just one more venue for his publicity campaign to rebut adverse news coverage, attack members of the press who dare write about him, and to chill First Amendment rights of reporters and publishers such as these Defendants through PACER publication of redundant, immaterial, impertinent, and scandalous matters.

18. Thus, apparently without regard to the rules of civil procedure or the due bounds of civility in litigation, Congressman Nunes's Amended Complaint:

    a. Personally attacks Defendant Ryan Lizza by including extraneous, immaterial, and inflammatory matters such as alleging:

- "Lizza was a fixture of the main stream media until December 2017, when his then-employer - *The New Yorker* magazine - summarily severed all ties and publicly terminated Lizza because of 'improper sexual conduct'." Am. Compl. ¶ 1.

- "Lizza's name was also included in the 'Shitty Media Men' list that circulated in response to allegations published about Harvey Weinstein." *Id.*

- Lizza "physically traveled to Sibley, Iowa, where he lurked around Plaintiff's grammar-school aged nieces and stalked members of Plaintiff's family, reducing Plaintiff's sister-in-law to tears." *Id.*

- "The Lizza Hit Piece falsely portrays Lizza as a hard-working reporter earnestly investigating a real story on the ground in Iowa, being stalked and intimidated by Plaintiff's family. In truth, as was reported almost immediately after publication of the Lizza Hit Piece, while he was in Sibley, Lizza stalked Plaintiff's grammar-school aged nieces, caused Plaintiff's family to believe he was a sexual predator cruising the local neighborhood for victims, frightened a family member to tears, and exploited a grieving mother." *Id.* ¶ 17.

    b. Uses the Amended Complaint—under the guise of privileged court papers—to publish or republish inflammatory falsehoods and statements

that themselves are defamatory against Defendants, including these averments:

- "It turns out that Nunes doesn't have a secret, that he's not a hypocrite on immigration policy, and that the Iowans Lizza met were wary of him slowly driving around town while children were at play because they discovered Lizza had recently been fired from his job for sexual misconduct . . . ." *Id.* ¶ 29 (a 27-line "short and plain statement" of grounds that is incapable of being read without several intermittent breaths by the reader, and moreover incapable of answer or denial by Defendants in a responsive pleading).

- "Another resident told me that he encountered a Nunes family member crying because she'd discovered that the man who was surveilling her house had recently been fired for sexual misconduct." *Id.*

  c. Employs frowned-up and prejudicial *ad damnum* clauses, including screaming in bold face on page one that his lawsuit seeks "compensatory damages and punitive damages in the sum of **$77,500,000.00**" and asserting in paragraph 37 that "Plaintiff suffered presumed damages and actual damages . . . in the sum of $75,000,000.00 or such greater amount as is determined by the Jury."[1]

19. Rule 12(f) permits a court to strike any redundant, immaterial, impertinent, or scandalous matter "own its own" or on motion by a party.

---

[1] Later, in paragraph 44 of the Amended Complaint, Congressman Nunes seeks at least $75,000,000 in damages, and his prayer for relief asks for $75,000,000 in actual damages and $2,500,000 in punitive damages, as minimums. Perhaps Defendants should be relieved that Congressman Nunes's use of these prejudicial pleading tactics did not produce numbers of the magnitude alleged in another of his (several) libel cases against the news media. In *Nunes v. Cable News Network, Inc.*, No. 3:19-cv-0089 (E.D. Va. filed Dec. 3, 2019), Congressman Nunes seeks $435,350,000 in damages.

20. Defendants so move to strike the Amended Complaint in its entirety, or at least to strike the above-referenced portions of the Amended Complaint and all other similarly offending portions that set forth redundant, immaterial, impertinent, and scandalous matter.

21. The inclusion and retention of the above-referenced portions of the Amended Complaint and all other similarly offending portions that set forth redundant, immaterial, impertinent, and scandalous matters prejudice Defendants, in part, because the offending language and the prolix pleading (a) impede Defendants from expeditiously making full denials and raising complete defenses, and (b) preclude Defendants from litigating this case and defending themselves in the just, speedy, and inexpensive manner mandated by Fed. R. Civ. P. 1.

22. The language of the above-noted paragraphs, at a minimum, supports entry of an Order striking the Amended Complaint's clauses, sentences, and paragraphs that violate Rule 12(f), if not the striking of the Amended Complaint in its entirety.

\*     \*     \*     \*

23. Defendants contemporaneously file their request for overlength brief and ask that the Court consider its accompanying Brief in Support of this Motion pursuant to L.R. 7(d) upon grant of that request. The overlength brief request and its accompanying brief are conditionally incorporated here by this reference.

24. Defendants contemporaneously file the Declaration of Ravi V. Sitwala in Support of Defendants' Motion to Dismiss, to Strike the Amended Complaint Pursuant to Cal. Civ. Proc. Code § 425.16, and to Strike Pursuant to Fed. R. Civ. P. 12(f) and incorporate it and its Exhibits A, B, and C here by this reference.

25. Because the matters in that Declaration and its Exhibits A, B, and C are quoted, referred to, or incorporated in the Amended Complaint, or otherwise constitute official

publications or other published matter that is self-authenticating and reliable, Defendants request that this Court take judicial notice of them and/or use and rely upon them as permitted by Fed. R. Civ. P. 12 as matters presented within the pleadings. *See, e.g.*, Fed. R. Evid. 201(c)(2) (permitting judicial notice upon request); *Stutzka v. McCarville*, 420 F.3d 757, 762 n.2 (8th Cir. 2005) (permitting judicial notice of public records); *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (permitting district court to consider materials that are "necessarily embraced by the pleadings" because they are not outside the pleadings and such matter includes "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading") (citing *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)); *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003); *In re Syntex Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)).

26. Or, as this Court has held, "[i]n ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider, in addition to the face of the complaint, 'matters incorporated by reference or integral to the claim, items subject to judicial notice, *matters of public record*, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Lee v. Lincoln Nat'l Life Ins. Co.*, No. 18-CV-2063-CJW, 2018 WL 5660553, at *2 (N.D. Iowa Oct. 31, 2018) (Williams, J.) (emphasis added) (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)).

27. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants will defer filing any Answer and Affirmative Defenses until after the Court rules on this Pre-Answer Motion, unless the Court orders otherwise.

28. Defendants request that the Court grant them 14 days to file their Answer and Affirmative Defenses to those portions of the Amended Complaint remaining, if any, after the Court's ruling on this Motion.

29. Good cause exists for oral argument on Defendants' Pre-Answer Motion because, among other things:

    a. The Motion raises numerous issues concerning the law of libel, the elements of which have been constitutionalized over the last 56 years to protect media defendants' important First Amendment rights to comment and report on high-profile public officials such as Congressman Nunes.

    b. Each of the 11 allegedly defamatory explicit statements presented in the Amended Complaint suffer from various infirmities, and Defendants anticipate that the Court would benefit from a discussion concerning the application of libel law to the challenged statements.

    c. In his Amended Complaint, Congressman Nunes asserts a claim of defamation by "implication." Because of the acute First Amendment concerns presented by such a claim, the Court should apply the rule of *Janklow v. Newsweek, Inc.*, 759 F.2d 644, 648-49 (8th Cir. 1985), *affirming summ. judgment in full on reh'g en banc*, 788 F.2d 1300 (8th Cir. 1986), and *White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C. Cir. 1990), which requires defamation plaintiffs to point to "additional, affirmative evidence" within the publication itself that suggests the defendant "intends or endorses the defamatory inference" that the plaintiff alleges.

d. The Motion also presents choice of law and related questions concerning California's anti-SLAPP law, which mandates that Defendants be awarded their attorneys' fees for prevailing on this Motion. The application of California's anti-SLAPP law appears to be a matter of first impression in Iowa's state and federal courts.

e. Congressman Nunes's counsel should be compelled to appear and answer for his and his client's decision to file an Original Complaint—which, not unexpectedly, garnered substantial media attention—and, now, an Amended Complaint containing numerous scandalous and impertinent allegations, as described above and in the accompanying Brief.

30. Therefore, pursuant to L.R. 7(c), Defendants request the opportunity to be heard orally on this Pre-Answer Motion.

WHEREFORE, Defendants Ryan Lizza and Hearst Magazine Media, Inc. respectfully request that this Court, in reliance upon all of the pleadings, proceedings, filings, and matters properly before the Court on judicial notice or otherwise and based on the accompanying briefing, dismiss the Amended Complaint in its entirety and with prejudice; strike the Amended Complaint pursuant to California's anti-SLAPP statute; strike some or all of the Amended Complaint pursuant to Rule 12(f); and award Defendants their reasonable attorneys' fees incurred in responding to Congressman Nunes's Amended Complaint.

February 18, 2020

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

By: /s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel*\*
 jdonnellan@hearst.com
Ravi V. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
\**Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegrebd.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegrebd.com
Susan P. Elgin
 susan.elgin@faegrebd.com
FAEGRE BAKER DANIELS LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

## Certificate of Service

The undersigned certifies that a true copy of **Defendants' Pre-Answer Motion to Dismiss, to Strike the Amended Complaint Pursuant to Cal. Civ. Proc. Code § 425.16, and to Strike Pursuant to Fed. R. Civ. P. 12(f) (Oral Argument Requested)** was served upon the following parties through the court's CM/ECF electronic filing system on February 18, 2020.

/s/  Jonathan R. Donnellan

Copy to:

    Joseph M. Feller
    *jfeller@kkfellerlaw.com*
    Steven S. Biss
    *stevenbiss@earthlink.net*
    *Attorneys for Plaintiff*