IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **Devin G. Nunes,** | Case No. 5:19-cv-04064-CJW-MAR |
| Plaintiff, | |
| v. | **Defendants' Resisted Motion to Reinstate and Extend the Temporary Stay of Discovery by Two Months** |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | |
| Defendants. | |

Defendants Hearst Magazine Media, Inc. ("Hearst") and Ryan Lizza ("Lizza") (collectively "Defendants") respectfully move the Court, pursuant to Fed. R. Civ. P. 26(c), to modify its February 4, 2020 order issuing a temporary stay of discovery, ECF No. 26 (the "February Stay Order"), and its subsequent order extending the temporary stay of discovery by 60 days, ECF No. 45 (the "March Stay Order," together with the February 4 Stay Order, the "Stay Orders"), by reinstating the temporary stay and extending its expiration by two months, to the earlier of (i) the Court's decision on Defendants' pending motion to dismiss and to strike, *see* ECF No. 34 (the "Motion to Dismiss"), or (ii) to and through July 31, 2020. Counsel for Plaintiff, Congressman Devin G. Nunes, has informed the undersigned counsel that Plaintiff resists this motion because Plaintiff "will not agree to any stay of discovery." In support of this Motion, Defendants state:

1. On January 21, 2020, Lizza and Hearst Magazines, Inc. moved for a stay of discovery pending the resolution of a then-forthcoming pre-trial motion to dismiss Plaintiff's amended complaint. *See* ECF No. 17. The Court granted that motion in its February Stay Order.

2. In the February Stay Order, the Court found that "[t]he actual malice standard of *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) coupled with the pleading requirements of

1

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), at the very least, pose challenges to [Plaintiff's] case." Feb. Stay Order, at 4. The Court considered "those challenges," coupled with "the First Amendment concerns raised by Defendants," and concluded that a consideration of the merits weighed in favor of granting a stay of discovery. *Id.* The Court also found that "a stay at this early stage of discovery would conserve the Court's and the parties' resources," particularly here, as "the scope and contours of [the reporter's] privilege will be more readily ascertained—along with any proportionality concerns under Rule 26(b)— once the Court has ruled on the Motion to Dismiss." *Id.* at 4, 5. The Court also found that Plaintiff had "not identified any prejudice or other consequence he might suffer as a result of a temporary stay at this stage of the litigation." *Id.* at 5.

3. The Court therefore ordered that "discovery is stayed until the earlier of either a ruling by the district court on Defendants' motion to dismiss or April 1, 2020." *See* Feb. Stay Order, at 5. In entering the February Stay Order, the Court's stated "intention [was] to allow ample time for the parties and the Court to address the issues raised [in the Motion to Dismiss] without permitting the case to linger on the Court's docket unnecessarily." *Id.* On Defendants' subsequent motion (which was unresisted by Plaintiff), the Court extended the discovery stay by 60 days, because—with oral argument on Defendants' Motion to Dismiss being scheduled for April 24, 2020—a 60-day continuance was necessary to "afford the Court time to rule on the motions prior to the resumption of discovery." *See* Mar. Stay Order, at 1. The additional 60 days elapsed on June 1, 2020. The Court has not yet issued a ruling on the pending Motion to Dismiss, which was fully submitted as of April 24, 2020.

4. Good causes exists to reinstate the stay of discovery and extend it by another two months, to and through July 31, 2020. It is apparent from the Stay Orders that the Court

intended to afford itself the opportunity to decide the Motion to Dismiss "prior to the resumption of discovery." *See* Mar. Stay Order, at 1.  It is quite understandable that the Court would require more time to issue its ruling on the Motion to Dismiss.  It presents many issues for decision, including important issues of constitutional law.  *See id.*

5. The Court's reasons in support of its prior Stay Orders apply with just as much force today as they did when the Court entered the prior Stay Orders.  The same "First Amendment concerns" apply.  *See* Feb. Stay Order, at 4.  The "challenges" posed to Plaintiff's case by "[t]he actual malice standard of *New York Times Co. v. Sullivan* . . . coupled with the pleading requirements of" *Twombly* and *Iqbal*, remain—and are squarely presented by the Motion to Dismiss.  *Id.*  It remains true that a stay of discovery at this early stage will "conserve the Court's and the parties' resources."  *Id.*  It is also true that "the scope and contours of [the reporter's] privilege will be more readily ascertained—along with any proportionality concerns under Rule 26(b)—once the Court has ruled on the Motion to Dismiss."  *Id.* at 4, 5.

6. Additionally, the prejudice suffered by Plaintiff as a result of a temporary stay of discovery is no different or more acute than at the time of the prior Stay Orders—which is to say, there is no "prejudice or other consequence [Plaintiff] might suffer as a result of a temporary stay at this stage of the litigation" at all.  *Id.* at 5.  Indeed, the Court has not entered a scheduling order in this action, and so there are at present no deadlines for the completion of any discovery.

\*          \*          \*          \*

7. Defendants had hoped to avoid troubling the Court with this application, which is an extension of the findings and reasoning reflected in the Stay Orders.  Four days ago, Defendants served Plaintiff with timely written objections and responses to pending document requests, in which Defendants explained that they are deferring production of documents in this

matter until an appropriate time after the Court has ruled on the Motion to Dismiss. As Defendants explained in their objections, the scope of appropriate discovery will be more readily ascertained after the Court rules on the pending Motion to Dismiss. *See* Ex. A.

8. Two days ago, Plaintiff responded to Defendants' objections. He disagreed with nearly all, if not all, of Defendants' objections; demanded the "immediate" production of any and all responsive documents; and stated his "inten[t] to request a telephone conference with the Magistrate Judge immediately, during which we will request an Order compelling complete responses and all responsive documents." Among other issues raised by Plaintiff, he challenged Lizza's invocation of the Iowa reporter's privilege and/or the District of Columbia shield law, even though this Court has already recognized that "the scope and contours of [the reporter's] privilege will be more readily ascertained—along with any proportionality concerns under Rule 26(b)—once the Court has ruled on the Motion to Dismiss." Feb. Stay Order, at 5. Plaintiff added that—although he had previously agreed to extend the stay of discovery to provide the Court with enough time to decide the Motion to Dismiss, *see* ECF No. 45—he was no longer willing to agree to a stay of discovery, *see* Ex. B.

9. Plaintiff's knee-jerk, absolutist position regarding Defendants' objections reinforces Defendants' expectation that this matter will foster discovery disputes requiring Court intervention. This, in turn, underscores the value that the Court's decision on the Motion to Dismiss will have in instructing the Court and the parties as to the appropriate scope of discovery. Together with all other factors that warranted the issuance of the Stay Orders in the first place, Plaintiff's position militates in favor of reinstating and extending the stay of discovery to and through the earlier of the Court's decision on the Motion to Dismiss or July 31, 2020.

WHEREFORE, Defendants Ryan Lizza and Hearst Magazine Media, Inc., respectfully request, pursuant to Fed. R. Civ. P. 26(c), that the Court reinstate the stay of discovery in this matter and extend it to and through the earlier of the Court's decision on the Motion to Dismiss or July 31, 2020.

June 26, 2020

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

By: /s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel*\*
 jdonnellan@hearst.com
Ravi V. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegredrinker.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegredrinker.com
Susan P. Elgin
 susan.elgin@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

## Certificate of Service

The undersigned certifies that a true copy of **Defendants' Resisted Motion to Reinstate and Extend the Temporary Stay of Discovery by Two Months** was served upon the following parties through the court's CM/ECF electronic filing system on June 26, 2020.

/s/ Jonathan R. Donnellan

Copy to:

Joseph M. Feller
 jfeller@kkfellerlaw.com

Steven S. Biss
 stevenbiss@earthlink.net

*Attorneys for Plaintiff*