# Exhibit A

|  |  |  |
|---|---|---|
| Devin G. Nunes, | ) | Case No. 5:19-cv-04064-CJW-MAR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Defendant Ryan Lizza's Objections** |
| Ryan Lizza and Hearst Magazine Media, | ) | **and Responses to Plaintiff's First** |
| Inc., | ) | **Request for Production of Documents** |
| | ) | **to Defendant Ryan Lizza** |
| Defendants. | ) | |
| | ) | |

Defendant Ryan Lizza ("Lizza"), by and through his attorneys, submits his Objections and Responses to Plaintiff's First Request for Production of Documents to Defendant Ryan Lizza (the "Requests," or each a "Request").

**General Objection Regarding Discovery Status and Timing**

Discovery in this matter was stayed on February 4, 2020.  *See* ECF No. 26 (the "Stay Order").  In the Stay Order, the Court found that "[t]he actual malice standard of *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) coupled with the pleading requirements of *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), at the very least, pose challenges to [Plaintiff's] case."  Stay Order, 4.  The Court considered "those challenges," coupled with "the First Amendment concerns raised by Defendants" Lizza and Hearst Magazine Media, Inc. ("Defendants"), and concluded that a consideration of the merits weighed in favor of granting a stay of discovery.  *Id.*  The Court also found that "a stay at this early stage of discovery would conserve the Court's and the parties' resources," particularly here, as "the scope and contours of [the reporter's] privilege will be more readily ascertained— along with any proportionality concerns under Rule 26(b)—once the Court has ruled on the Motion to Dismiss."  *Id.* at 4, 5.  The Court also found that Plaintiff had "not identified any

prejudice or other consequence he might suffer as a result of a temporary stay at this stage of the litigation." *Id.* at 5.

For these reasons, the Court ordered that discovery be stayed until the earlier of either a ruling by the district court on Defendants' motion to dismiss or April 1, 2020," so long as Defendants filed a motion to dismiss Plaintiff's amended complaint on or before February 18, 2020 (which they did). *See id.* at 5. In entering the Stay Order, the Court's stated "intention [was] to allow ample time for the parties and the Court to address the issues raised [in the Motion to Dismiss] without permitting the case to linger on the Court's docket unnecessarily." *Id.* On March 31, the discovery stay was extended by 60 days, because—with oral argument on Defendants' motion to dismiss being scheduled for April 24, 2020—a 60-day continuance was necessary to "afford the Court time to rule on the motions prior to the resumption of discovery." ECF No. 45.

It seems clear that the Court intended discovery to be stayed pending a decision on Defendants' motion to dismiss and to strike Plaintiff's amended complaint, *see* ECF No. 34 (the "Motion to Dismiss"), for the reasons explained in the Stay Order. Those reasons apply with just as much force today as they did when the Stay Order was entered on February 18, and when it was extended by 60 days on March 31, 2020. The parties are awaiting the Court's decision on the Motion to Dismiss, which has been fully briefed for over three months and fully submitted for almost two months. While Defendants do not speculate as to when the Court will rule on the Motion to Dismiss, an order deciding that motion may be issued any day. Relatedly, the Court has not entered a scheduling order in this matter, and thus there are at present no deadlines for the completion of any discovery. For these reasons, there is no need for the immediate resumption of discovery at this point.

2

In light of the Court's decision on the Stay Order and its order extending the Stay Order, and notwithstanding and subject to these objections and responses, any production of documents is premature, and documents will be produced at an appropriate time after the Court rules on the Motion to Dismiss. Defendants are serving these objections and responses rather than moving to extend the stay at this time simply to conserve judicial resources by not engaging in litigation over a request to extend the stay of discovery that may be unnecessary in light of the forthcoming decision on a Motion to Dismiss and the absence of a scheduling order. Defendants reserve the right to move to reinstate and extend the stay of discovery.

## General Statement

These responses are made solely for the purpose of, and in relation to, this action.

Lizza does not concede the relevancy or admissibility of any document(s) produced or information revealed in response to Plaintiff's First Request for Production of Documents to Defendant Ryan Lizza (the "Requests") and reserves the right to make any objections to the future use of such document(s) or information. Thus, each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, confidentiality, and admissibility) that would require the exclusion of any information, documents, or things produced at the time of trial. Moreover, because the Motion to Dismiss is likely to narrow (if not completely dismiss) this case, Lizza reserve the right to modify these responses in light of the Court's decision on the Motion to Dismiss. Lizza will produce only one copy of a document responsive to multiple requests.

Lizza has not concluded his investigation of facts relating to this case or completed formal discovery or preparation for trial. For that reason, there may exist documents responsive to Plaintiff's Requests of which Lizza does not yet have knowledge or which Lizza has not yet located, identified, or reviewed. This is especially true in this case where, as recognized in the

3

Stay Order, the burdens of discovery pose a risk of chilling Lizza's First Amendment rights.

All of the following responses therefore are based only on such information and documents that presently are known and reasonably available to Lizza. Lizza reserves the right to produce evidence of any subsequently discovered fact or facts; to alter, supplement, amend or withdraw his objections and responses set forth herein; and to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed. Nothing contained herein shall be construed as an admission by Lizza relative to the existence or nonexistence of any information or documents, and no response shall be construed as an admission respecting relevance or admissibility of any information or document or the truth or accuracy of any statement or characterization contained in any Request.

Lizza will make reasonable efforts to respond to each Request, to the extent that no objection is made, as Lizza understands and interprets each Request. If Plaintiff subsequently asserts any interpretation of any Request that differs from Lizza's interpretation, Lizza reserves the right to withdraw, amend or supplement his objections and responses. In keeping with any protective order in this case and applicable rules, Lizza further reserves the right to correct or remedy the inadvertent disclosure of privileged or confidential matter and any such disclosure shall not be deemed a waiver of such privilege or consent to the use of such information.

## Objections to Definitions and Instructions

1.     Lizza objects to the definition of "document" to the extent it seeks to expand or modify the definition of document reflected in Fed. R. Civ. P. 34(a). In responding to these Requests, Lizza is applying the definition set forth in Fed. R. Civ. P. 34(a).

2.     Lizza objects to the use of the term "Lizza Hit Piece" to refer to the article in question in this action. That term is needlessly argumentative. Lizza will refer to the article as "Article."

3.	Lizza objects to Plaintiff's instruction regarding the assertion of privilege.  As noted above, Lizza's investigation is ongoing, and therefore Lizza is unable to, at this time, identify every document or communication that may be in his possession that is privileged.  Further, where Lizza asserts the reporter's privilege as it relates to his confidential sources, Lizza cannot do so while disclosing information about the communication such as its date, author, addressee, all recipients.  As noted above, Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss.  At or around that time, Lizza will produce a privilege log that identifies privileged communications to the extent possible, and without vitiating the reporter's privilege.

4.	Lizza objects to producing any documents until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case.  Lizza invites Plaintiff to meet and confer regarding that matter within an appropriate time after the Court rules on the Motion to Dismiss.

**Requests for Production of Documents**

1.      All contracts or agreements between Lizza and Hearst.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is overbroad and unduly burdensome. Lizza interprets this Request to call for only contracts or agreements constituting or relating to the freelance agreement by which Lizza prepared the Article for Hearst.

**Response:** Subject to and without waiving the foregoing objections, Lizza will produce documents responsive to this Request at the appropriate time.

2.      Lizza's employment and/or personnel file while he served as a correspondent or reporter for Hearst, including, without limitation, any employment application, resume, references, code of ethics, manuals, guidelines, policies, W2s and/or 1099s, background and/or security searches, any and all performance reviews, evaluations, commentaries, commendations, awards, complaints, reprimands, disciplinary action of any kind, notices and/or letters, emails, records of conversations, notes, and any and all other documents or records of any kind in Lizza's employment/personnel file.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and

6

information in this case.  Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to this Request on the grounds that it is premature.  Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to this Request on the grounds that it is overbroad and unduly burdensome.

**Response:** Subject to and without waiving the foregoing objections, Lizza represents that he has a Form 1099 issued to him by Hearst for work performed during 2018.  Lizza will produce that document at the appropriate time.  Lizza's investigation is ongoing, but he is not presently aware of any other documents responsive to this Request that are in his possession, custody, and control.

3.      A true and complete digital copy of the Lizza Hit Piece.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case.  Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to this Request on the grounds that it is premature.  Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to term "Lizza Hit Piece" on the grounds that it is needlessly argumentative.

**Response:** Subject to and without waiving the foregoing objection, Lizza will produce a PDF copy of the Article as it appears on esquire.com at the appropriate time.

4.      A true and complete magazine/hard copy of the Lizza Hit Piece.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and

7

protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to term "Lizza Hit Piece" on the grounds that it is needlessly argumentative.

**Response:** Subject to and without waiving the foregoing objection, Lizza responds that he has been unable to locate any documents responsive to this Request,

5.      Any pitch made by Lizza to Hearst of any story about immigration and the dairy industry.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it calls for information that would identify any of Lizza's confidential sources or unpublished newsgathering materials within Lizza's possession, both of which are protected from disclosure by the reporter's privilege under Iowa law, the District of Columbia shield law, and any other applicable reporter's privilege or shield law (the "Reporter's Privilege"). Lizza interposes this objection in order to preserve it notwithstanding that, at this time, Lizza does not have possession, custody, or control of any documents that are responsive to this Request. Lizza further objects on the grounds that "pitch" is vague and ambiguous. Lizza further objects that

documents concerning "any story about immigration and the dairy industry" is unduly broad and burdensome. Lizza interprets this Request to call for any document that constitutes a proposal by Lizza regarding the publication of a story regarding Devin Nunes's family farm that Lizza provided to Hearst for the purpose of inducing Hearst to engage Lizza to report on and/or draft the story.

**Response:** Subject to and without waiving the foregoing objection, Lizza responds that he has been unable to locate any documents responsive to this Request, and he is not aware of the existence of any documents responsive to this Request that would be in his possession, custody, and control.

6. All documents that constitute, evidence or reflect expenses incurred by Lizza in connection with any travel or research undertaken by Lizza relating to the Lizza Hit Piece, including, without limitation, all itineraries, calendars, agendas, receipts, vouchers, requests for reimbursement, and other records related to any such travel or research.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to term "Lizza Hit Piece" on the grounds that it is needlessly argumentative. Lizza further objects to this Request on the grounds that it calls for information that would identify any of Lizza's confidential sources or unpublished newsgathering materials within Lizza's possession, both of which are protected from disclosure by the Reporter's Privilege.

**Response:** Subject to and without waiving the foregoing objection, Lizza will, at the appropriate time, produce documents responsive to this Request, should Lizza confirm that he possesses any such documents and that those documents are not privileged in whole or in part.

7.     All photographs, video and audio tape recordings, including dash cam footage, taken, made or shot by Lizza while in Iowa.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this request insofar as "while in Iowa" is overbroad and unduly burdensome. Lizza further objects to this Request on the grounds that it calls for information that would identify any of Lizza's confidential sources or unpublished newsgathering materials within Lizza's possession, both of which are protected from disclosure by the Reporter's Privilege. Lizza interposes this objection in order to preserve it notwithstanding that Lizza is still searching for and reviewing any documents in his possession, custody, and control, and thus is unable to identify any specific privileged documents or portions thereof at this time.

**Response:** Subject to and without waiving the foregoing objection, Lizza will, at the appropriate time, produce documents responsive to this Request, should Lizza confirm that he possesses any such documents and that those documents are not privileged in whole or in part.

8.     All correspondent's notes, reporter's notes, records of conversations, transcripts of interviews, memoranda, minutes, emails, text messages, direct messages and other records created or prepared by Lizza prior to publication of the Lizza Hit Piece.

**Objection:**  Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case.  Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to this Request on the grounds that it is premature.  Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to term "Lizza Hit Piece" on the grounds that it is needlessly argumentative.  Lizza further objects to this Request on the grounds that it calls for information that would identify any of Lizza's confidential sources or unpublished newsgathering materials within Lizza's possession, both of which are protected from disclosure by the Reporter's Privilege.  Lizza interposes this objection in order to preserve it notwithstanding that Lizza is still searching for and reviewing any documents in his possession, custody, and control, and thus is unable to identify any specific privileged documents or portions thereof at this time.

**Response:** Subject to and without waiving the foregoing objection, Lizza will, at the appropriate time, produce documents responsive to this Request, should Lizza confirm that he possesses any such documents and that those documents are not privileged in whole or in part.

9.     Bills and/or other records of all telephone calls made by Lizza to any person from any land line, cell phone, smart phone, iPad, iPhone, Blackberry, computer, or other device between June 1, 2018 and September 30, 2018 in which Lizza discussed the topics of immigration, the dairy industry, Plaintiff or any member of Plaintiff's family.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects on the grounds that this Request is overbroad and unduly burdensome. Lizza interprets this Request as calling for documents sufficient to identify telephone calls between Lizza and any person between June 1, 2018 and September 30, 2018 relating to the Article or its preparation, researching, or drafting. Lizza further objects to this Request on the grounds that it calls for information that would identify any of Lizza's confidential sources or unpublished newsgathering materials within Lizza's possession, both of which are protected from disclosure by the Reporter's Privilege. Lizza interposes this objection in order to preserve it notwithstanding that Lizza is still searching for and reviewing any documents in his possession, custody, and control, and thus is unable to identify any specific privileged documents or portions thereof at this time.

**Response:** Subject to and without waiving the foregoing objection, Lizza will, at the appropriate time, produce documents responsive to this Request, should Lizza confirm that he possesses any such documents and that those documents are not privileged in whole or in part.

10.    All editor's and/or publisher's notes relating to the Lizza Hit Piece.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an

appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to this

Request on the grounds that it is premature.  Lizza will produce documents at an appropriate

time after the Court rules on the Motion to Dismiss.  Lizza further objects to term "Lizza Hit

Piece" on the grounds that it is needlessly argumentative.  Lizza further objects on the grounds

that "editor's and/or publisher's notes" is vague and ambiguous.  Lizza will interpret this to mean

any addendum or note from the publisher and/or editor-in-chief of *Esquire* that is appended to

the published Article.

**Response:**  Subject to and without waiving the foregoing objection, Lizza responds that

he has been unable to locate any documents responsive to this Request, and he is not aware of

the existence of any documents responsive to this Request that would be in his possession,

custody, and control.

11.    All drafts, versions and edits of the Lizza Hit Piece prior to its original publication

on September 30, 2018.

**Objection:**  Lizza objects to producing any documents responsive to this Request until

the parties have had an opportunity to meet and confer regarding an appropriate stipulation and

protective order concerning the treatment and use of confidential or sensitive documents and

information in this case.  Lizza invites Plaintiff to meet and confer regarding that matter at an

appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to this

Request on the grounds that it is premature.  Lizza will produce documents at an appropriate

time after the Court rules on the Motion to Dismiss.  Lizza further objects to term "Lizza Hit

Piece" on the grounds that it is needlessly argumentative.  Lizza further objects to this Request

on the grounds that it calls for information that would identify any of Lizza's confidential

sources or unpublished newsgathering materials within Lizza's possession, both of which are

protected from disclosure by the Reporter's Privilege.  Lizza interposes this objection in order to

preserve it notwithstanding that Lizza is still searching for and reviewing any documents in his possession, custody, and control, and thus is unable to identify any specific privileged documents or portions thereof at this time.

**Response:** Subject to and without waiving the foregoing objection, Lizza will, at the appropriate time, produce documents responsive to this Request, should Lizza confirm that he possesses any such documents and that those documents are not privileged in whole or in part.

12.    All articles, blogs, comments, tweets, retweets, posts, or statements made, written or published by Lizza of or concerning Plaintiff in 2016, 2017 and/or 2018 prior to publication of the Lizza Hit Piece on September 30, 2018.

**Objection** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to term "Lizza Hit Piece" on the grounds that it is needlessly argumentative. Lizza further objects on the grounds that "statements made, written or published by Lizza" is vague and ambiguous. Lizza will interpret this to mean any statements posted to social media accounts by Lizza, or any statements reflected in works authored by Lizza and published for the purpose of dissemination to the general public. Lizza further objects on the grounds that all such "statements" published "in 2016, 2017 and/or 2018 prior to publication of the Lizza Hit Piece on September 30, 2018" is overly broad and unduly burdensome. Lizza will interpret this Request to mean all such statements relating to the subject matter of the Article, namely, Plaintiff's relationship to his

14

family dairy farm.  Lizza further objects on the ground that any documents responsive to this Request can be retrieved from publicly available sources just as easily by Plaintiff as they can be retrieved by Lizza.

**Response:**  Subject to and without waiving the foregoing objection, Lizza will produce documents responsive to this Request at the appropriate time.

13.    All communications between Lizza and Plaintiff prior to publication of the Lizza Hit Piece, including all text messages from or to 202-494-2208 and/or emails from or to ryan.lizza@hearst.com.

**Objection**:  Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case.  Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to this Request on the grounds that it is premature.  Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects on the grounds that this request is overbroad, unduly burdensome, and seek irrelevant materials.  Lizza further objects on the ground that any documents responsive to this Request are already in Plaintiff's possession, custody, and control.  Lizza will interpret this Request to mean all such communications relating to the subject matter of the Article, namely, Plaintiff's relationship to his family dairy farm.

**Response:**  Subject to and without waiving the foregoing objection, Lizza will produce documents responsive to this Request at the appropriate time.

14.    All documents that constitute, evidence or reflect communications between Lizza and Nuzzi that mention Plaintiff, Anthony Nunes, Jr. ("Anthony"), or NuStar Farms, LLC

("NuStar") or that are of and concerning Plaintiff, Anthony or NuStar, including, without limitation:

       a.     all messages sent or received via any of the following messaging services or applications: Signal, WhatsApp, Telegram, SecureDrop, Wire, LINE, iMessage, Facebook Messenger, Viber, Wickr, Dust, Threema, Cyphr, CoverMe and/or Skype;

       b.     all emails sent or received using any email account, including, without limitation, Protonmail, Tutanota, Hushmail, Countermail, Runbox, Kolab Now, Mailfence, Posteo, Startmail, Mailbox, and/or SCRYPTmail;

       c.     all text messages sent or received using any computer, iPhone, Blackberry, smartphone or other device;

       d.     all direct messages, private messages, group messages, tweets, retweets, likes, replies, shares, posts, blogs, photographs, or other written content of any kind or nature sent, received or posted on Twitter, Facebook, YouTube and/or any other social media platform or service; and

       e.     all documents uploaded, downloaded, transferred or exchanged using the Tor browser or any other anonymous browser.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request because it calls for documents that are shielded from disclosure by the marital privilege and/or

the spousal privilege of the District of Columbia. Lizza further objects to this Request as calling for documents that are shielded from disclosure by the attorney-client privilege and the attorney work product doctrine, the application of which is extended to communications involving Nuzzi by the common interest doctrine. Lizza further objects to this Request as being overbroad, unduly burdensome, disproportionate to Plaintiff's legitimate needs in this case, and calling for irrelevant documents insofar as it calls for all communications between Lizza and Nuzzi "that are of and concerning Plaintiff, Anthony or NuStar." Lizza will interpret this Request as calling for communications between Lizza and Nuzzi that concern or reflect Plaintiff's relationship to his family dairy farm and/or Lizza's reporting concerning same.

**Response:** Subject to and without waiving the foregoing objection, Lizza will, at the appropriate time, produce documents responsive to this Request, should Lizza confirm that he possesses any such documents and that those documents are not privileged in whole or in part.

15. All documents that constitute, evidence or reflect communications between Lizza and Fusion GPS that mention Plaintiff, Anthony or NuStar or that are of and concerning Plaintiff, Anthony or NuStar, including, without limitation:

    a. all messages sent or received via any of the following messaging services or applications: Signal, WhatsApp, Telegram, SecureDrop, Wire, LINE, iMessage, Facebook Messenger, Viber, Wickr, Dust, Threema, Cyphr, CoverMe and/or Skype;

    b. all emails sent or received using any email account, including, without limitation, Protonmail, Tutanota, Hushmail, Countermail, Runbox, Kolab Now, Mailfence, Posteo, Startmail, Mailbox, and/or SCRYPTmail;

    c. all text messages sent or received using any computer, iPhone, Blackberry, smartphone or other device;

d.       all direct messages, private messages, group messages, tweets, retweets, likes, replies, shares, posts, blogs, photographs, or other written content of any kind or nature sent, received or posted on Twitter, Facebook, YouTube and/or any other social media platform or service; and

e.       all documents uploaded, downloaded, transferred or exchanged using the Tor browser or any other anonymous browser.

**Objection:**  Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case.  Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to this Request on the grounds that it is premature.  Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to this Request as being overbroad, unduly burdensome, disproportionate to Plaintiff's legitimate needs in this case, and calling for irrelevant documents.  Lizza will interpret this Request as calling for communications between Lizza and Fusion GPS that concern or reflect Plaintiff's relationship to his family dairy farm and/or Lizza's reporting concerning same.  Lizza further objects to this Request on the grounds that it calls for information that would identify any of Lizza's confidential sources or unpublished newsgathering materials within Lizza's possession, both of which are protected from disclosure by the Reporter's Privilege.  Lizza interposes this objection in order to preserve it notwithstanding that Lizza has not located, and he does not believe he possesses, any documents responsive to this Request.

**Response:**  Subject to and without waiving the foregoing objection, Lizza responds that he has been unable to locate any documents responsive to this Request, and he is not aware of

the existence of any documents responsive to this Request that would be in his possession, custody, and control.

16.     All communications between Lizza and Fielden since publication of the Lizza Hit Piece, including, without limitation, all communications about this action.

**Objection:**  Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case.  Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to this Request on the grounds that it is premature.  Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss.  Lizza further objects to term "Lizza Hit Piece" on the grounds that it is needlessly argumentative.  Lizza further objects to this Request as being overbroad, unduly burdensome, disproportionate to Plaintiff's legitimate needs in this case, and calling for irrelevant documents.  Lizza will interpret this Request as calling for communications between Lizza and Fielden that concern or reflect Plaintiff's relationship to his family dairy farm and/or Lizza's reporting concerning same.  Lizza further objects to this Request as calling for documents that are shielded from disclosure by the attorney-client privilege and the attorney work product doctrine, the application of which is extended to communications involving Fielden by the common interest doctrine.  Lizza further objects to this Request on the grounds that it calls for information that would identify any of Lizza's confidential sources or unpublished newsgathering materials within Lizza's possession, both of which are protected from disclosure by the Reporter's Privilege.  Lizza interposes this objection in order to preserve it notwithstanding that Lizza is still searching for and reviewing any

documents in his possession, custody, and control, and thus is unable to identify any specific privileged documents or portions thereof at this time.

      **Response:** Subject to and without waiving the foregoing objection, Lizza responds that he has been unable to locate any documents responsive to this Request, and he is not aware of the existence of any documents responsive to this Request that would be in his possession, custody, and control.

      17.    Documents sufficient to identify the readership, circulation, number of subscribers, page views, and the daily, monthly and/or unique visitors to the website, www.esquire.com, including without limitation, all media kits.

      **Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request as being overbroad, unduly burdensome, disproportionate to Plaintiff's legitimate needs in this case, and calling for irrelevant documents.

      **Response:** Subject to and without waiving the foregoing objection, Lizza responds that he has been unable to locate any documents responsive to this Request, and he is not aware of the existence of any documents responsive to this Request that would be in his possession, custody, and control.

      18.    Documents sufficient to identify the number of times the Lizza Hit Piece was viewed online.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to term "Lizza Hit Piece" on the grounds that it is needlessly argumentative. Lizza further objects to this Request as being overbroad, unduly burdensome, disproportionate to Plaintiff's legitimate needs in this case, and calling for irrelevant documents.

**Response:** Subject to and without waiving the foregoing objection, Lizza responds that he has been unable to locate any documents responsive to this Request, and he is not aware of the existence of any documents responsive to this Request that would be in his possession, custody, and control.

19.   Documents sufficient to identify the readership, circulation, and number of subscribers to Esquire magazine, and the total number of copies of the magazine that contained the Lizza Hit Piece that were printed and/or sold anywhere in the World.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request as

being overbroad, unduly burdensome, disproportionate to Plaintiff's legitimate needs in this case, and calling for irrelevant documents.

**Response:** Subject to and without waiving the foregoing objection, Lizza responds that he has been unable to locate any documents responsive to this Request, and he is not aware of the existence of any documents responsive to this Request that would be in his possession, custody, and control.

20. Documents sufficient to identify any compensation paid by Hearst to Lizza in 2018 or for writing the Lizza Hit Piece.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to term "Lizza Hit Piece" on the grounds that it is needlessly argumentative.

**Response:** Subject to and without waiving the foregoing objections, Lizza represents that he has a Form 1099 issued to him by Hearst for work performed during 2018. Lizza will produce that document at the appropriate time.

21. Documents sufficient to identify the Twitter followers of **@RyanLizza** on September 30, 2018.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and

information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request as being overbroad, unduly burdensome, disproportionate to Plaintiff's legitimate needs in this case, and calling for irrelevant documents.

**Response:** Subject to and without waiving the foregoing objection, Lizza responds that he has been unable to locate any documents responsive to this Request, and he is not aware of the existence of any documents responsive to this Request that would be in his possession, custody, and control.

22.     All republications of the Lizza Hit Piece by Lizza via Twitter and/or Facebook, including tweets, retweets, replies and posts, after September 30, 2018.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to term "Lizza Hit Piece" on the grounds that it is needlessly argumentative. Lizza further objects to this Request as being overbroad, unduly burdensome, disproportionate to Plaintiff's legitimate needs in this case, and calling for irrelevant documents. Lizza further objects to the use of the word "republications" which is, at best, vague and ambiguous at in this context. Lizza understands "republications" to refer to Lizza posting a link to the Article on Twitter or Facebook. Lizza

further objects on the ground that any documents responsive to this Request can be retrieved from publicly available sources just as easily by Plaintiff as they can be retrieved by Lizza.

**Response:** Subject to and without waiving the foregoing objection, Lizza responds that he will, at the appropriate time, produce screenshots depicting instances when he has posted a link to the Article on Twitter or Facebook after September 30, 2018.

23. All documents received by Lizza from any third-party (excluding only attorneys for Lizza or Hearst), whether in response to a subpoena *duces tecum* or otherwise, that relate to the Lizza Hit Piece or to the allegations in Plaintiff's Complaint.

**Objection:** Lizza objects to producing any documents responsive to this Request until the parties have had an opportunity to meet and confer regarding an appropriate stipulation and protective order concerning the treatment and use of confidential or sensitive documents and information in this case. Lizza invites Plaintiff to meet and confer regarding that matter at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to this Request on the grounds that it is premature. Lizza will produce documents at an appropriate time after the Court rules on the Motion to Dismiss. Lizza further objects to term "Lizza Hit Piece" on the grounds that it is needlessly argumentative. Lizza further objects on the ground that this Request calls for documents shielded from disclosure by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine. Lizza further objects to this Request as being overbroad, unduly burdensome, disproportionate to Plaintiff's legitimate needs in this case, and calling for irrelevant documents.

**Response:** Subject to and without waiving the foregoing, Lizza responds that he has not to date located any responsive documents, but that his review and investigation is ongoing and that he reserves the right to modify, amend, or supplement this response.

24.     A copy of any insurance agreement or policy under which an insurance business may be liable to satisfy all or part of a possible judgment against Lizza in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response:**  Subject to and without waiving the foregoing objection, Lizza responds that he has been unable to locate any documents responsive to this Request, and he is not aware of the existence of any documents responsive to this Request that would be in his possession, custody, and control.

*[signature block on next page]*

June 22, 2020

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

By: /s/ Nathaniel S. Boyer
Jonathan R. Donnellan, *Lead Counsel*\*
 *jdonnellan@hearst.com*
Ravi V. Sitwala\*
 *rsitwala@hearst.com*
Nathaniel S. Boyer\*
 *nathaniel.boyer@hearst.com*
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 *michael.giudicessi@faegredrinker.com*
Nicholas A. Klinefeldt
 *nick.klinefeldt@faegredrinker.com*
Susan P. Elgin
 *susan.elgin@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

**Certificate of Service**

The undersigned certifies that a true copy of **Defendant Ryan Lizza's Objections and Responses to Plaintiff's First Request for Production of Documents to Defendant Ryan Lizza** was served upon the following parties by email on June 22, 2020.

/s/ Nathaniel S. Boyer

Original to:

Joseph M. Feller
 *jfeller@kkfellerlaw.com*

Steven S. Biss
 *stevenbiss@earthlink.net*

*Attorneys for Plaintiff*