# Exhibit B

| From: | Steven S. Biss <stevenbiss@earthlink.net> |
|---|---|
| Sent: | Thursday, June 25, 2020 10:08 AM |
| To: | Boyer, Nathaniel; Sitwala, Ravi |
| Cc: | Joe Feller |
| Subject: | Re: [EXTERNAL] Meet and Confer |

Nate,

4PM works. I will call you.

To be clear, we will not agree to any stay of discovery.

---

**From:** Boyer, Nathaniel
**Sent:** Thursday, June 25, 2020 6:55 AM
**To:** Steven S. Biss ; Sitwala, Ravi
**Cc:** Joe Feller
**Subject:** RE: [EXTERNAL] Meet and Confer

Steve,

Thank you for your email. How about 4 pm today? I have a busy morning and early afternoon, but I can talk at 4 pm.

Relatedly – and although the answer may be implied by your email – would your client agree to reinstate the stay of discovery that was entered in this case? We think that makes sense and is consistent with the Court's prior orders, for the reasons described in the general statement at the beginning of our discovery responses. We will discuss this on the call, too, as it's bound up with our objections to your requests.

Best,

Nate

**Nathaniel S. Boyer** | Counsel | The Hearst Corporation | Office of General Counsel | 300 W. 57th St. - 40th Fl. | New York, NY 10019 | Tel. 212 649 2030 | Fax. 212 649 2035 | nathaniel.boyer@hearst.com

---

**From:** Steven S. Biss <stevenbiss@earthlink.net>
**Sent:** Wednesday, June 24, 2020 5:18 PM
**To:** Boyer, Nathaniel <Nathaniel.Boyer@hearst.com>; Sitwala, Ravi <RSitwala@hearst.com>
**Cc:** Joe Feller <jfeller@kkfellerlaw.com>
**Subject:** [EXTERNAL] Meet and Confer

Nate,

I have reviewed Lizza's responses and objections to Plaintiff's First Request for Production of Documents.

No documents were produced.

We need to schedule a telephone conference immediately to discuss the following matters:

1. Your general objections are improper. Discovery is not stayed. The stay expired by its terms on June 1, 2020. Your client is clearly in violation of his discovery obligations.

2. Your "general statement" is not a proper objection or response. It is a running monologue concerning discovery. I fail to see the purpose of it, other than to obfuscate.

3. Your objections to the definitions and instructions are excessive and unjustified. For instance, Rule 34a refers to a non-exclusive list of "documents", including "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations". The Rule does not preclude a request for production of other kinds of documents. Objections 3 and 4 are improper. If you believe a document is privileged from discovery, you must produce a privilege log. You produced no log. If you want a protective order entered, email me a proposed protective order. You have now had almost seven (7) months in which to request a protective order. You are obviously delaying.

4. With regard to your assertion of the Iowa "reporter's privilege", 1) there is clearly a probability or likelihood that the documents are necessary to Plaintiff's claim and/or defendants' defenses, 2) the documents cannot be secured from any less obtrusive source, and 3) the documents are probably admissible at trial. The Iowa Supreme Court has held that the privilege is most likely to be overcome in a civil case, such as this, in which the privilege holder is a party. When the "actions, motivations or thought processes" of the newsgatherer "are integral elements of the claim," most notably in libel cases, "disclosure is often compelled."

5. Each of your "responses" are, in fact, non-responsive. You level a multitude of general objections and then claim that you will produce the documents at "the appropriate time". This is not acceptable.

Let me know a date and time this week when we can confer. We do not intend to delay any further. We intend to request a telephone conference with the Magistrate Judge immediately, during which we will request an Order compelling complete responses and all responsive documents. Again, if you truly want a protective order, send me a draft. I have no objection to the entry of an appropriate protective order in this or the NuStar case.

6. Regarding request no. 5, you state that "Lizza interprets this Request to call for any document that constitutes a proposal by Lizza regarding the publication of a story regarding Devin Nunes's family farm that Lizza
provided to Hearst for the purpose of inducing Hearst to engage Lizza to report on and/or draft the story." That's not how Lizza pitched the story to Devin Nunes. Lizza represented that he was writing a story about "immigration and the daily industry". See attached. I am looking for all proposals made by Lizza to Hearst concerning the subjects of immigration and the dairy industry, including the proposal you identify. I suspect that Lizza made only one pitch, presentation or proposal to Hearst. Please confirm.

7. The number of blanket objections is excessive. It appears that Lizza has documents responsive to request nos. 1, 2, 3, 6, 7, 8, 9, 11, 12, 13, 14, 16, 22. Those documents need to be produced immediately.

8. Request no. 8 seeks the following documents:

> 8. All correspondent's notes, reporter's notes, records of conver[sations]
> of interviews, memoranda, minutes, emails, text messages, direct messages
> created or prepared by Lizza prior to publication of the Lizza Hit Piece.

Lizza's response is vague and evasive.  He claims that he will "at the appropriate time, produce documents responsive to this Request, should Lizza confirm that he possesses any such documents and that those documents are not privileged in whole or in part."  This "response", which has been leveled to multiple requests, is completely unacceptable.

9.  The objections are largely obstructionist.  For instance, if Lizza has had no communications with Fielden, why not just say "none" or "no documents".  The objections should be struck and Lizza should clearly respond to each request.

If I do not hear from you, I will contact the Court on Thursday, and request dates for a telephone conference with the Magistrate Judge.


Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.


Steven S. Biss
(Virginia State Bar # 32972)

300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.