IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| | | |
|---|---|---|
| DEVIN G. NUNES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 5:19-cv-4064-CJW-MAR |
| | ) | |
| RYAN LIZZA *et al* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NUSTAR FARMS, LLC *et al* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case 5:20-cv-04003-CJW-MAR |
| | ) | |
| RYAN LIZZA *et al* | ) | |
| | ) | |
| Defendants. | ) | |

# **PLAINTIFFS' JOINT RESISTANCE AND OPPOSITION TO CONSOLIDATION OF CASES FOR TRIAL**

Plaintiffs, Devin G. Nunes ("Devin Nunes"), by counsel, and NuStar Farms, LLC, Anthony Nunes, Jr. and Anthony Nunes III (the "NuStar Plaintiffs"), by counsel, pursuant to the Court's Orders [*see ECF No. 71*] entered January 12, 2022 in the above matters, respectfully submit this Resistance and Opposition to consolidation of these separate cases for trial.

1

# I. INTRODUCTION

To establish a *prima facie* case of express defamation under Iowa law, "the plaintiff must show the defendant (1) published a statement that (2) was defamatory (3) of and concerning the plaintiff, and (4) resulted in injury to the plaintiff." *Nunes v. Lizza*, 12 F.4th 890, 895 (8th Cir. 2021) (quoting *Johnson v. Nickerson*, 542 N.W.2d 506, 510 (Iowa 1996)). A claim asserting defamation by implication requires proof of similar elements, "except that a plaintiff need not show that individual statements are defamatory." Instead, defamation by implication arises from what is implied when a defendant "(1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts." *Nunes*, 12 F.4th at 895-896 (quoting *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007) (quoting Dan B. Dobbs et al., *Prosser & Keeton on the Law of Torts* § 116, at 117 (5th ed. Supp. 1988))). In Iowa, civil conspiracy is not in itself actionable; "rather it is the acts causing injury undertaken in furtherance of the conspiracy which give rise to the action." *Basic Chemicals, Inc. v. Benson*, 251 N.W.2d 220, 233 (Iowa 1977) (citing *Shannon v. Gaar*, 233 Iowa 38, 6 N.W.2d 304, 308 (Iowa 1942)).

Rule 42 of the Federal Rules of Civil Procedure provides as follows:

"(a)  CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:

>  (1)  join for hearing or trial any or all matters at issue in the actions;
>
>  (2)  consolidate the actions; or
>
>  (3)  issue any other orders to avoid unnecessary cost or delay.

(b)  SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims".

Before the Court in *Devin Nunes v. Lizza* are two claims: defamation by implication and civil conspiracy. Before the Court in *NuStar Farms v. Lizza* are two claims: express defamation and defamation by implication. Both lawsuits arise out of an Article written by Defendant Ryan Lizza ("Lizza") and originally published by Hearst Magazine Media in *Esquire* magazine and online on September 30, 2018, and republished by the Defendants and their confederates multiple times in 2018 and 2019, including on November 20, 2019 via Twitter. Although the two lawsuits involve some common questions of law and fact, they are predominately different: (a) Devin Nunes asserts a core claim – conspiracy – that the NuStar Plaintiffs do not assert, (b) the NuStar Plaintiffs assert a core claim – express defamation – that Devin Nunes does not assert,[1] (c) Devin Nunes is a public figure subject to the "daunting" task of proving that Defendants published the Article with "actual malice", *Campbell v. Citizens for an Honest Government, Inc.*, 255 F.3d 560, 569 (8th Cir. 2001) (citation omitted), whereas the NuStar Plaintiffs are private individuals who must only prove that the Defendants negligently published the false statements and defamatory implication, *Jones v. Palmer Communications, Inc.*, 440 N.W.2d 884, 898-899 (Iowa 1989), and (d) a joint trial of all claims, including the different legal issues applicable to each Plaintiffs' claims, is guaranteed to engender confusion and unnecessarily increase complexity, and lumping public figures and private individuals in one case is sure to cause prejudice and confusion.

---

[1] Consistent with the parties' proposed amended scheduling order and discovery plan, it is expected that Devin Nunes will move to amend his complaint to assert a claim of false light invasion of privacy. This adds to the fundamental differences between the two lawsuits.

3
Case 5:19-cv-04064-CJW-MAR   Document 81   Filed 01/25/22   Page 3 of 11

## II. DISCUSSION

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). The District Court's broad discretion in ordering the consolidation of matters, however, "is not unbounded", and will be reversed for abuse of discretion. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). In considering consolidation, the District Court should determine:

> "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Stillmunkes v. Givauden Flavors Corp.*, 2008 WL 7662422, at * 4 (N.D. Iowa 2008) (quotation and citations omitted); *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, 2009 WL 2983072, at * 1 (S.D. Ohio 2009) ("Any savings of litigant and judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation."). It is not enough if the two lawsuits involve the same *kind* of claim by different parties against the same party, if the legal issues underlying those claims are different, and the common party is the only common factual thread. *Saettele*, 21 F.3d at 236. Consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). Put another way, convenience cannot "prevail where the inevitable consequence to another party is harmful and serious prejudice." *Arnold v. Eastern Air Lines, Inc..*, 712 F.2d 899, 906 (4th Cir. 1983) ("Consolidation … where prejudice results under the facts and

circumstances of the particular case, amounts to abuse of discretion, constituting reversible error."). Consolidation is also not justified "when the cases are in different phases of pretrial procedures." *Lyons v. Anderson*, 123 F.Supp.2d 485, 487 (N.D. Iowa 2000) (quoting *Schacht v. Javits*, 53 F.R.D. 321, 324-325 (S.D.N.Y. 1971) ("proper judicial administration does not recommend consolidation where two actions are at such widely separate stages of preparation.").

It would be an abuse of discretion and reversible error for the Court to consolidate *Devin Nunes v. Lizza* and *NuStar Farms v. Lizza* for trial. First, the specific risks of prejudice and possible confusion are ***not*** overborne by the risk of inconsistent adjudications of common factual and legal issues. Indeed, there is no risk of inconsistent adjudications of common factual and legal issues. Both lawsuit are pending in the same District Court before the same district and magistrate judges. The risks of prejudice and possible confusion are legion. If the two lawsuits are consolidated, Devin Nunes and the NuStar Plaintiffs will be prejudiced solely by informing the jury that the Nuneses have asserted multiple claims of defamation against the same Defendants. *See Bradley v. Soo Line R. Co.*, 88 F.R.D. 307, 310 (E.D. Wis. 1980) ("plaintiff would be unduly prejudiced due to the increased likelihood that the jury would perceive of him as litigious because of the multiple claims"). Further, there is a wide disparity in the evidence concerning NuStar and Devin Nunes, who had no involvement in the operation of the dairy farm. Consolidation may cause jurors to infer some connection between Devin Nunes and NuStar, when there is none. The inflammatory nature of the allegations that NuStar knowingly used undocumented workers is undoubtedly prejudicial. A jury could conceivably find that Devin Nunes conspired to hide the "politically explosive secret"

5

solely because Devin Nunes shares the same last name as two of the NuStar Plaintiffs. That danger is heightened by consolidation because of the similarity of the allegations of defamation by implication in both complaints. While the two cases contain important distinctions that alter the legal analyses, the potential that a jury may impute certain facts from one case to the other is 'too high for the Court to ignore." *Garrity v. Governance Board of Carinos Charter School*, 2020 WL 5074385, at * 4 (D. N.M. 2020) ("the Court concludes that any judicial efficiencies that could be gained through consolidation are outweighed by the danger of prejudice to Defendants should the cases be consolidated."). Additionally, consolidation will lead to endless inefficiency and unfair prejudice at trial. In order to keep track of the different burdens of proof of the two different constituent plaintiff groups in a combined jury trial, the Court would have to give a series of limiting instructions pursuant to Rule 49, which will lead to confusion and has great potential for prejudice. Limiting instructions in a case like this are not enough. *See Stillmunkes*, 2008 WL 7662422 at * 4 ("The court concludes that the jurors are likely to confuse the two cases and the witnesses if these two unrelated cases are combined. Consolidation would require the jury to assimilate and analyze complicated testimony concerning two similar but yet quite diverse factual circumstances"); *Wungaard v. Woodman's Food Market, Inc.*, 2021 WL 5999151, at * 6 (E.D. Wis. 2021) ("The court agrees with the plaintiff, however, that joining the two cases for trial has the potential to cause jury confusion. There are different claims, different state statutes and different classes in the two cases; asking a jury to keep all those moving parts and pieces straight and produce verdicts that can clearly be understood by the parties is too heavy a lift."). Second, the *Devin Nunes* and *NuStar* cases are at very different stages. The *Devin Nunes* case was on appeal

between August 2020 and September 2021. The NuStar Plaintiffs would be prejudiced by consolidation, which would delay the trial in *NuStar Farms v. Lizza* until after discovery is complete in the *Devin Nunes* case. The *Devin Nunes* case is just beginning, in terms of discovery and pretrial preparation, while the NuStar case is almost ready for trial, with discovery ending in May 2022.[2] *Lyons*, 123 F.Supp.2d at 488 (denying motion to consolidate where cases were at different stages and delay would be prejudicial to one plaintiff). The different stages of the two lawsuits strongly militates against consolidation. *Oester v. Wright Medical Technology, Inc.*, 2021 WL 614881, at * 3 (D. Ariz. 2021) ("Consolidation will not promote judicial economy and would only result in delay for those cases that have already progressed through much of discovery."). Third, the Court must consider the length of time required to conclude multiple lawsuits as opposed to a single one. There is no way to estimate the time required for trial of both the *Devin Nunes* and *NuStar* cases separately as against a single, consolidated trial. The main issues will persist regardless whether the matters are consolidated. Defendants will have to prove the substantially truth of their wild statements: (1) that Devin Nunes conspired with his family and Rep. Steve King (2) to conceal the "politically explosive secret" – that NuStar knowingly employs undocumented workers. The time savings in a consolidated case would not be so significant as to outweigh the other factors discussed above. Even those witnesses who would be called to testify twice at separate trials would be required to testify at greater length at a combined trial since they would necessarily

---

[2] Although Defendants intend to file a motion for summary judgment on the issue whether NuStar knowingly employed undocumented workers, even if such motion is granted it will not resolve the question whether the NuStar Plaintiffs conspired with Devin Nunes and Rep. King to hide the "politically explosive secret".

have to take into account the diverse circumstances of each case and the unique, individual characteristics of each plaintiff. *Stillmunkes*, 2008 WL 7662422 at * 4. Here, we have two lawsuits that involve defamation by implication, and that also involve other, different claims – express defamation and conspiracy.[3] The legal issues underlying the claims of defamation by implication are very different. For instance, Devin Nunes and the NuStar Plaintiffs must separately prove that the statements and implications in the Article are "of or concerning" them. Devin Nunes must also prove actual malice in connection with his claim of defamation by implication, while the NuStar Plaintiffs must prove actual malice in order to obtain punitive damages. The legal issues and who must prove what to sustain which element is complex enough without consolidation. The distinctions between the parties and the claims will require the jury to "weave back and forth between" between public figure Devin Nunes and private individuals the NuStar Plaintiffs, furthering confusion. *See Snyder v. Nationstar Mortgage, LLC*, 2016 WL 3519181, at * 3 (N.D. Cal. 2016) ("Consolidation will require the jury to weave back and forth between the two actions, each involving a different loan with different key players, different factual scenarios and supporting evidence, and different statutory violations.

---

[3] Neither the facts nor the law relating to Devin Nunes' conspiracy claim are common. The facts and law applicable to the NuStar Plaintiffs' express defamation claim are only partially common. *Compare Roane v. United Airlines, Inc.*, 2017 WL 5054261, at * 2 (E.D. Va. 2017) ("The result is a complex matrix of legal theories and facts between the four plaintiffs. The Court does not have a high degree of confidence that explanatory or limiting instructions would adequately guard against the potential prejudice and consequences mentioned above."); *Kelly v. Kelly*, 911 F.Supp. 66, 69 (N.D.N.Y. 1996) ("While the actions share some of the same witnesses, they do not share all, or even most of the same witnesses … The issues are dissimilar. Action No. 1 is strictly a slander action, while Action No. 2 encompasses fraud, undue influence, and many other allegations. Consolidating, or even joining the two actions could create considerable confusion in the minds of a jury, and impose unnecessary burdens upon all sides.").

Under these circumstances, the risk of jury confusion and prejudice to Defendants weighs against consolidation of Plaintiff's two actions."). Significantly, there is no common question of fact regarding each Plaintiffs' injuries, including the witnesses and evidence that will support those injuries. Devin Nunes' injuries are massive and unprecedented. *See Peters v. Woodbury County, Iowa*, 291 F.R.D. 316, 320 (N.D. Iowa 2013) ("each plaintiff's damages are independent. While they allegedly underwent similar experiences, each plaintiff will have to present proof of her own unique damages at trial"); *id. Hunter v. United States*, 2021 WL 232129, at * 3 (S.D. Ga. 2021) ("the Court agrees with the Hunter Plaintiffs and the Cocke Plaintiffs that, unlike the liability-related evidence, the damages-related evidence involved in each action is entirely different. Although the actions arose from the same accident, the damages requested by the Hunter Plaintiffs will require the presentation of different witnesses and evidence than the damages requested by the Cocke Plaintiffs. Accordingly, a consolidated trial risks prejudicing the Plaintiffs and confusing the jury that will be empaneled for the Cocke Action."). Here, complex individual issues arising out of each Plaintiffs' defamation by implication claim predominate. Consolidation should be denied. *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 572 (E.D. Mich. 2011) ("When cases involve *some* common issues but individual issues predominate, consolidation should be denied."); *see also Organic Chemicals, Inc. v. Carroll Products, Inc.*, 86 F.R.D. 468, 469-470 (W.D. Mich. 1980) ("[I]n complex cases with complex issues, justice is often best served if issues are separated.") (citing *Warner v. Rossignol*, 513 F.2d 678 (1st Cir. 1975)).

# **CONCLUSION**

For the reasons stated above and at the hearing of this matter, Plaintiff respectfully requests the Court to maintain separate trials in these cases.[4]

DATED: January 25, 2022

DEVIN G. NUNES

By:  /s/ Steven S. Biss
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiffs*

---

[4] Coordination of the *Devin Nunes v Lizza* and *NuStar Farms v. Lizza* cases for pretrial and trial proceedings is unnecessary. The two cases are pending in the same court, assigned to the same district and magistrate judges. If pretrial coordination does become necessary at some point, it can be easily accomplished through the issuance of discrete joint orders or the scheduling of joint hearings without the need for actual consolidation. As such, consolidating the cases for pretrial proceedings or otherwise is neither more efficient nor more effective than simply maintaining the cases on separate, yet similar, litigation tracks. *Collins v. City and County of San Francisco*, 2014 WL 5422177, at * 3 (N.D. Cal. 2014).

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2022 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendants and all interested parties receiving notices via CM/ECF.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiffs*