# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DEVIN G. NUNES, <br><br> Plaintiff, <br><br> vs. <br><br> RYAN LIZZA, HEARST MAGAZINES, INC., and HEARST MAGAZINE MEDIA, INC., <br><br> Defendants. | No. 19-cv-4064-CJW <br><br> **ORDER** |
| ANTHONY NUNES, JR., ANTHONY NUNES, III, and NUSTAR FARMS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> RYAN LIZZA and HEARST MAGAZINE MEDIA, INC., <br><br> Defendants. | No. 20-cv-4003-CJW |

On January 11, 2022, I held a telephonic status conference to discuss consolidation of the above cases for trial and pre-trial deadlines. The parties were ordered to meet and confer regarding consolidation and if the parties could not reach an agreement, they were ordered to file briefs. (Doc. 191.) Before the Court is Defendants' Brief Regarding a Joint Trial in the *Nunes* and *NuStar* Cases (Docs. 80 and 195) and Plaintiffs' Joint Resistance and Opposition to Consolidation of Cases for Trial (Docs. 81 and 196).

1

The facts underlying both cases are well known to the parties and the Court and do not require additional elaboration. Regarding consolidation, there is some agreement about consolidating the matters for the purpose of discovery. Plaintiffs object to consolidating the matters for trial because (a) the jury would be confused by "lumping" together public and private figures; (b) the risk of inconsistent adjudications of factual and legal issues does not outweigh the risk of prejudice and confusion; (c) the cases are at different stages of trial readiness; and (d) the efficiencies of a combined trial would not be great.

Defendants support consolidation, but request the Court wait until after ruling on dispositive motions they plan on filing soon. Defendants contend that the claims, facts, and evidence in both cases is nearly identical. Defendants also contend that efficiency and lack of risk of prejudice favors consolidation for ultimate consolidation of the trials.

This Court has thoroughly set forth the applicable standards:

> Federal Rule of Civil Procedure 42(a) provides that: "If actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions . . . ." The decision to consolidate is entrusted to the sound discretion of the court, but that discretion is not unbounded. A common issue of law or fact is a prerequisite to consolidation of cases.
>
> Consolidation has historically been a "matter of convenience and economy in administration," . . . and its purpose is to avoid unnecessary cost or delay. Consequently, "[t]he Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." Thus, consolidation is inappropriate if it leads "to inefficiency, inconvenience, or unfair prejudice to a party." "The party seeking consolidation bears the burden of showing that it would promote judicial convenience and economy." In considering consolidation, the court should thoughtfully weigh:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF,* 999 F.2d 1007, 1011 (6th Cir.1993) (quoting *Hendrix v. Raybestos–Manhattan Inc.,* 776 F.2d 1492, 1495 (11th Cir.1985)).

*Blood v. Givaudan Flavors Corp.*, No. C07–0142–MWB, C04–0085–EJM, 2009 WL 982022, at *2–3 (N.D. Iowa Apr. 10, 2009) (all citations except citation for block quote omitted) (first two sets of ellipses in original).

Here, there are undoubtedly common questions of law and fact, including, but not limited to, the truth of the allegations in the article about Defendant NuStar employing undocumented laborers. The parties have refused to estimate the possible length of trial. But even if trial takes only five days, repeating all or most of the testimony to a second jury would put a great burden on the Court, the witnesses, and the jurors. Both lawsuits arise out of the same article published initially on September 30, 2018. Both lawsuits, broadly considered, involve reputational damage to members of the same family and a family business because of statements in the article about the business's hiring practice. Plaintiffs overstate the complexity of the issues involved and underestimate the ability of properly-instructed jurors to sort out differing claims. Jurors are often called upon to sort out much more complex theories of liability in products liability and construction cases. On the other hand, Plaintiffs greatly downplay the possibility of adjudications of common factual issues. It is true that the same District Court Judge and Magistrate Judge are assigned to the cases. However, the jurors, as judges of the facts, could be invited to reach entirely different conclusions on the underlying facts in the course of two trials.

Defendants' justification for delay in setting the case for trial is unpersuasive. Nothing stops Defendants from seeking summary judgment in the *NuStar* case well before dispositive motion are due.

For the foregoing reasons, these two cases are consolidated for all purposes, with Case No. 19-cv-4064 as the lead case. All further filings should be made in the lead case; however, both case numbers should be shown in the caption. *See* LR 10(e). When referring to documents from either case prior to consolidation, the parties should indicate, where necessary, the prior case and docket number (*e.g.*, Doc. ___; Case No. _____).

A separate scheduling order will follow, as well as a separate trial management order.

**IT IS SO ORDERED** this 1st day of February, 2022.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa