# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| **Devin G. Nunes,** | **Case No. 5:19-cv-04064-CJW-MAR** |
| Plaintiff, | |
| v. | |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | |
| Defendants. | |

| | |
|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,** | **Case No. 5:20-cv-04003-CJW-MAR** |
| Plaintiffs, | |
| v. | |
| **Ryan Lizza and Hearst Magazine Media, Inc.,** | |
| Defendants. | |

### Defendants' Resistance to Plaintiff Devin Nunes's
### Motion for Leave to File a Second Amended Complaint in Case No. 5:19-cv-04064

#### (Oral Argument Requested)

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst," together with Lizza, "Defendants") respectfully submit this resistance to Plaintiff Devin G. Nunes ("Plaintiff")'s motion, ECF No. 86 (the "Motion"), for Leave to File a Second Amended Complaint, ECF No. 86-1 (the "Proposed Second Amended Complaint" or "PSAC"), and in response to Plaintiff's accompanying brief, ECF No. 86-3 ("Pl.'s Br.").

# Table of Contents

Introduction................................................................................................................1

Procedural Setting.......................................................................................................2

Argument ....................................................................................................................3

   I.  The Court Should Deny Plaintiff's Attempt to Revive His Defamation and Civil Conspiracy Claims as to the Article Because This Court Correctly Dismissed These Theories and the Eighth Circuit Affirmed that Dismissal ....................................................4

  II.  A False Light Claim Cannot Withstand a Rule 12(b)(6) Motion Under California Law, and Plaintiff's Proposal to Add This Claim Should Be Denied as Futile.................5

      A.  Plaintiff Cannot State a Claim for False Light Invasion of Privacy Based on Claims Regarding Statements that Have Already Been Dismissed with Prejudice.......6

      B.  Under Controlling California Law, Plaintiff's Proposed Claim for False Light Invasion of Privacy Cannot Withstand a Motion to Dismiss .............................8

         1.  There Is a True Conflict Between California's and Iowa's Applications of the Tort of False Light Invasion of Privacy........................................................9

         2.  California Law Applies to Plaintiff's Proposed Claim for False Light Invasion of Privacy ....................................................................11

         3.  Under California Law, Plaintiff Cannot State a Claim for False Light Invasion of Privacy .......................................................................12

      C.  The Eighth Circuit Did Not Address Which State's Law Applies to Plaintiff's False Light Claim, or in the Event of a Conflict.........................................16

      D.  If the Court Finds Iowa Law Applies to Plaintiff's False Light Claim, Then It Should Certify a Question to the Iowa Supreme Court.................................19

Conclusion .................................................................................................................20

# Table of Authorities

**Page(s)**

**Cases**

*In re Actiq Sales & Mktg. Pracs. Litig.*,
    307 F.R.D. 150 (E.D. Pa. 2015) ............................................................................... 18

*Affordable Cmtys. of Mo. v. Fed. Nat'l Mortg. Ass'n*,
    No. 11-CV-555, 2013 WL 4092676 (E.D. Mo. Aug. 13, 2013) .............................. 5

*Anderson v. Hearst Publ'g Co.*,
    120 F. Supp. 850 (S.D. Cal. 1954) ......................................................................... 16

*Anschutz Ent. Grp., Inc. v. Snepp*,
    171 Cal. App. 4th 598 (2009) .................................................................................. 16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 4

*Barron v. Ford Motor Co. of Can. Ltd.*,
    965 F.2d 195 (7th Cir. 1992) .................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 4

*Bierman v. Weier*,
    826 N.W.2d 436 (Iowa 2013) ....................................................................... 9, 19, 20

*Bobbitt v. Milberg, LLP*,
    285 F.R.D. 424 (D. Ariz. 2012) .............................................................................. 18

*Bradbery v. Dubuque Cnty.*,
    No. 99-1881, 2001 WL 23144 (Iowa Ct. App. Jan. 10, 2001) .............................. 10

*In re Cable News Network*,
    106 F. Supp. 2d 1000 (N.D. Cal. 2000) .................................................................. 16

*Cameron v. Hardisty*,
    407 N.W.2d 595 (Iowa 1987) .................................................................................... 9

*Cheng v. Neumann*,
    No. 21-CV-00181, 2022 WL 326785 (D. Me. Feb. 3, 2022) .................................. 11

*Cibenko v. Worth Publishers, Inc.*,
    510 F. Supp. 761 (D.N.J. 1981) .............................................................................. 11

*Cochran v. NYP Holdings, Inc.*,
58 F. Supp. 2d 1113 (C.D. Cal. 1998) ...................................................................8

*Connors v. Progressive Universal Ins. Co.*,
No. 20 CV 7342, 2021 WL 4951523 (N.D. Ill. Oct. 25, 2021) ..............................5

*Conway v. Chem. Leaman Tank Lines, Inc.*,
644 F.2d 1059 (5th Cir. 1981) ..............................................................................17

*Couch v. San Juan Unified Sch. Dist.*,
33 Cal. App. 4th 1491 (1995) ...............................................................................13

*Eastwood v. Superior Ct.*,
149 Cal. App. 3d 409 (1983) .................................................................................13

*Fellows v. Nat'l Enquirer, Inc.*,
42 Cal. 3d 234 (1986) ......................................................................................1, 6, 9

*First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*,
477 F.3d 616 (8th Cir. 2007) ................................................................................18

*Foreman v. Lesher Commc'ns, Inc.*,
16 Cal. Rptr. 2d 670 (Ct. App. 1993)....................................................................13

*Getfugu, Inc. v. Patton Boggs LLP*,
220 Cal. App. 4th 141 (2013) .................................................................................8

*Goehring v. Wright*,
858 F. Supp. 989 (N.D. Cal. 1994) .........................................................................7

*Gritzke v. M.R.A. Holding, LLC*,
No. 01CV495, 2002 WL 32107540 (N.D. Fla. Mar. 15, 2002)............................11

*Hammer v. City of Osage Beach*,
318 F.3d 832 (8th Cir. 2003) ..................................................................................3

*Hatfield, by Hatfield v. Bishop Clarkson Mem'l Hosp.*,
701 F.2d 1266 (8th Cir. 1983) ........................................................................19, 20

*Heller v. NBCUniversal, Inc.*,
No. CV-15-09631, 2016 WL 6573985 (C.D. Cal. Mar. 30, 2016)........................13

*Homeland Housewares, LLC v. Euro-Pro Operating LLC*,
No. CV 14-03954, 2014 WL 6892141 (C.D. Cal. Nov. 5, 2014) ..........................16

*Hunter v. Ford Motor Co.*,
No. CV 08-4980, 2009 WL 10678632 (D. Minn. Nov. 13, 2009) ..........................5

*Jones v. Palmer Commc'ns Inc.*,
   440 N.W.2d 884 (Iowa 1989) ........................................................................7

*Kapellas v. Kofman*,
   1 Cal. 3d 20 (1969) .................................................................1, 6, 7, 13

*King v. Am. Broad. Cos., Inc.*,
   No. 97 CIV. 4963, 1998 WL 665141 (S.D.N.Y. Sept. 28, 1998) ...........................16

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
   313 U.S. 487 (1941) ....................................................................................9

*Kono v. Meeker*,
   743 N.W.2d 872 (Iowa Ct. App. 2007) ...........................................................10

*Laitram Corp. v. NEC Corp.*,
   115 F.3d 947 (Fed. Cir. 1997) .....................................................................18

*Lee v. Lincoln Nat'l Life Ins. Co.*,
   No. 18-CV-2063-CJW, 2018 WL 5660553 (N.D. Iowa Oct. 31, 2018)..................8

*Leidholdt v. L.F.P. Inc*,
   860 F.2d 890 (9th Cir. 1988) ........................................................................7

*Lyons v. Midwest Glazing*,
   265 F. Supp. 2d 1061 (N.D. Iowa 2003) .........................................................9

*Martin v. Wells Fargo Bank*,
   No. 17-CV-03425, 2018 WL 6333688 (C.D. Cal. Jan. 18, 2018) .........................16

*McClatchy Newspapers, Inc. v. Superior Ct.*,
   189 Cal. App. 3d 961 (1987) .......................................................................13

*McKesson v. Doe*,
   141 S. Ct. 48 (2020)...................................................................................20

*Monarch v. Gorman*,
   No. CV 14-5980, 2015 WL 5584555 (E.D. Pa. Sept. 22, 2015) ..........................11

*Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*,
   406 F.3d 1052 (8th Cir. 2005) ......................................................................4

*Nat'l Bank of Com. v. Shaklee Corp.*,
   503 F. Supp. 533 (W.D. Tex. 1980)...............................................................11

*Nunes v. Cable News Network, Inc.*,
   520 F. Supp. 3d 549 (S.D.N.Y. 2021)............................................................16

*NuStar Farms, LLC. v. Lizza*,
   No. 5:20-cv-04003-CJW-MAR, 2021 WL 7186265 (N.D. Iowa Dec. 16,
   2021) ............................................................................................................................3, 4, 5

*Page v. Something Weird Video*,
   908 F. Supp. 714 (C.D. Cal. 1995) ...................................................................................11

*Pearce v. E.F. Hutton Grp., Inc.*,
   664 F. Supp. 1490 (D.D.C. 1987) .....................................................................................11

*Penrose Hill, Ltd. v. Mabray*,
   479 F. Supp. 3d (N.D. Cal. 2020) .....................................................................................15

*Perez v. CRST Int'l, Inc.*,
   355 F. Supp. 3d 765 (N.D. Iowa 2018).............................................................................8, 9

*Phillips v. Marist Soc'y of Wash. Province*,
   80 F.3d 274 (8th Cir. 1996) ...............................................................................................8

*Reader's Dig. Ass'n v. Superior Ct.*,
   37 Cal. 3d 244 (1984) .........................................................................................................1

*Reeder v. Carroll*,
   759 F. Supp. 2d 1064 (N.D. Iowa 2010)............................................................................7

*Regions Bank v. SoFHA Real Est., Inc.*,
   No. 09-CV-57, 2010 WL 3341869 (E.D. Tenn. Aug. 25, 2010) .....................................12

*Roberts v. McAfee, Inc.*,
   No. C 09-4303, 2010 WL 890060 (N.D. Cal. Mar. 8, 2010)............................................13, 14

*Robinson v. Flowserve*,
   No. 14-CV-161, 2015 WL 11622965 (D. Wyo. Oct. 9, 2015) ........................................18

*Rosemond v. Nat'l R.R. Passenger Corp.*,
   No. 85 CIV. 5661, 1986 WL 10711 (S.D.N.Y. Sept. 19, 1986)......................................11

*Rostropovich v. Koch Int'l Corp.*,
   No. 94 CIV. 2674, 1995 WL 104123 (S.D.N.Y. Mar. 7, 1995) ......................................11

*S.F. Bay Guardian, Inc. v. Superior Ct.*,
   17 Cal. App. 4th 655 (1993) ...............................................................................................6

*First Union Nat'l Bank ex rel. Se. Timber Leasing Statutory Tr. v. Pictet Overseas
   Tr. Corp.*,
   351 F.3d 810 (8th Cir. 2003) .............................................................................................18

*Selleck v. Globe Int'l, Inc.*,
    166 Cal. App. 3d 1123 (1985) ........................................................................................14, 15

*Sherman v. Winco Fireworks, Inc.*,
    532 F.3d 709 (8th Cir. 2008) ...............................................................................................4

*Sondik v. Kimmel*,
    131 A.D.3d 1041 (2015) ....................................................................................................11

*Strick v. Superior Ct.*,
    143 Cal. App. 3d 916 (1983) .............................................................................................14

*Suarez Corp. v. CBS, Inc.*,
    23 F.3d 408 (6th Cir. 1994) ...............................................................................................11

*Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*,
    No. 02 CV 2258, 2007 WL 935703 (S.D. Cal. Mar. 7, 2007) ..............................................15

*Tannerite Sports, LLC v. NBCUniversal News Grp.*,
    864 F.3d 236 (2d Cir. 2017) ................................................................................................8

*Terre Du Lac Ass'n, Inc. v. Terre Du Lac, Inc.*,
    834 F.2d 148 (8th Cir. 1987) .............................................................................................17

*Traditional Cat Ass'n, Inc. v. Gilbreath*,
    118 Cal. App. 4th 392 (2004) ...........................................................................................14

*Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*,
    992 F.3d 336 (5th Cir. 2021) .............................................................................................17

*Veasley v. CRST Int'l, Inc.*,
    553 N.W.2d 896 (Iowa 1996) .............................................................................................9

*Verragio, Ltd. v. AE Jewelers, Inc.*,
    No. 15 CIV. 6500, 2017 WL 4125368 (S.D.N.Y. Aug. 23, 2017) ........................................8

*Werner v. Times-Mirror Co.*,
    193 Cal. App. 2d 111 (1961) ..............................................................................................7

*Whitney v. Guys, Inc.*,
    700 F.3d 1118 (8th Cir. 2012) ............................................................................................4

*York Grp., Inc. v. Pontone*,
    No. CIV.A. 10-1078, 2014 WL 896632 (W.D. Pa. Mar. 6, 2014) ........................................11

**Statutes**

Cal. Civ. Code § 48a ..............................................................................................................15, 16

Cal. Civ. Code § 3425.3 ...................................................................................14

Iowa Code § 659.2 .........................................................................................10

Iowa Code § 659.3 .........................................................................................10

Iowa Code § 684A .........................................................................................19

Iowa Code § 684A.1 ......................................................................................19

**Other Authorities**

Fed. R. Civ. P. 9(g) ....................................................................................2, 16

Fed. R. Civ. P. 11(b)(3) .................................................................................5

Restatement (Second) of Conflict of Laws § 153 ................................11, 12

William L. Prosser, *Privacy*, 48 Cal. L. Rev. 383, 401 (1960) ...................1

**Introduction**

Plaintiff's motion to amend his complaint should be denied as futile. The Proposed Second Amended Complaint seeks to add back defamation theories that this Court already dismissed with prejudice and proposes to assert a brand new "false light" cause of action that fails as a matter of law for multiple reasons.

The Eighth Circuit limited Plaintiff's case to a claim for defamation-by-implication arising from a single Twitter posting by Lizza in November 2019. All claims for defamation and civil conspiracy other than those arising from that limited theory (and from that Twitter posting) were dismissed by this Court, with prejudice, and affirmed by the Eighth Circuit. Plaintiff's latest attempt to reassert these claims concerning the article should be rejected as "futile."

But Plaintiff does not stop there: The former Congressman from California is also now complaining that his "right to privacy" was invaded when he was placed in a "false light."

California law, which applies to a "false light" claim alleged by Plaintiff, has long been dismissive of this privacy tort. The California Supreme Court has warned of the danger that the claim could be used to "circumvent[]," "in so casual and cavalier a fashion," the "numerous restrictions and limitations which have hedged defamation about for many years, in the interest of freedom of the press and the discouragement of trivial and extortionate claims." *Fellows v. Nat'l Enquirer, Inc.*, 42 Cal. 3d 234, 239 (1986) (quoting William L. Prosser, *Privacy*, 48 Cal. L. Rev. 383, 401 (1960)). For this reason, false light claims are subject to the same statutory and common law limitations as are defamation claims under California law, *see id.*, and "liability cannot be imposed" on a false light theory "for what has been determined to be a constitutionally protected publication." *Reader's Dig. Ass'n v. Superior Ct.*, 37 Cal. 3d 244, 265 (1984).

To that end, California courts consistently dismiss false light claims when they accompany a defamation claim asserting reputational harm. *Kapellas v. Kofman*, 1 Cal. 3d 20,

35 n.16 (1969) ("Since the complaint contains a specific cause of action for libel, the privacy count, if intended in this light, is superfluous and should be dismissed.").  Further, California courts, applying the state's well-established "single publication rule," would not find the sharing of a hyperlink to be a "publication" in the first place, displacing any viable privacy claim under the remand that is limited to the Twitter posting by Lizza.  The claim is also subject to dismissal because Plaintiff has failed to plead "special damages" with the specificity required by California statute and Fed. R. Civ. P. 9(g).  For these reasons, Plaintiff cannot state a claim for false light, and the Court should deny his motion to amend to add that claim as futile.

California law's treatment of false light claims differs from that of Iowa, and on a choice of law analysis, California law applies to these claims, brought by a life-long California resident and former Congressman.  This conclusion is unaffected by the Eighth Circuit's recent ruling, and neither the Eighth Circuit nor this Court has ruled on which law applies in the event of a conflict.  In any event, were the Court to hold that Iowa law applies to Plaintiff's claim of false light invasion of privacy, then it should certify to the Iowa Supreme Court the question whether sharing a hyperlink to a prior article constitutes sufficient "publicity" to sustain the claim.

**Procedural Setting**

In February 2020, Plaintiff filed his First Amended Complaint, challenging various statements and implications in an article, by Lizza, published by Hearst, entitled "Devin Nunes's Family Farm Is Hiding a Politically Explosive Secret" (the "Article").  ECF No. 23.  It had two counts:  defamation (Count I), and civil conspiracy by Lizza to defame Plaintiff (Count II).  In August 2020, this Court dismissed both Counts with prejudice, *see* ECF No. 53, at 48, and entered final judgment that same day, *see* ECF No. 54.  The Court ruled that (i) none of the challenged express statements or implications in the Article were actionable as a matter of defamation law, regardless of whether Iowa or California law applies, and (ii) in any event,

Plaintiff had failed to plead that Hearst or Lizza published any statements with "actual malice."

The Eighth Circuit affirmed that judgment in large part. Applying Iowa law because this Court had found no conflict between the states' laws, the Eighth Circuit affirmed this Court's dismissal of Plaintiff's claims for defamation by express statements, adopting this Court's conclusions. ECF No. 60, at 6. The Eighth Circuit ruled that Plaintiff had plausibly stated a claim for defamation-by-implication, but affirmed the dismissal as to all defamation theories alleged in connection with the Article as initially published because "the complaint is insufficient to state a claim of actual malice as to the original publication." ECF No. 60, at 12.

The Eighth Circuit found only a single *defamation* theory could survive dismissal under Rule 12(b)(6); specifically, a claim for defamation-by-implication, but only as to a November 2019 hyperlink that was posted by Lizza on his Twitter account, available at https://twitter.com/ryanlizza/status/1197322014572371969/ (the "Tweet"). The Eighth Circuit then "remand[ed] for further proceedings on [Plaintiff's] claim alleging defamation by implication, and the related claim alleging a common-law conspiracy, as to the publication"— that is, Lizza's Tweet—"of November 20, 2019." *Id.* at 15.

Plaintiff now seeks leave to file the Proposed Second Amended Complaint, in which he would assert a new claim—false light invasion of privacy (new Claim II)—and expand the scope of his defamation claim (still Claim I) and his civil conspiracy claim (now Claim III). For reasons described below, these efforts should be rejected.

## Argument

"While leave to amend a pleading prior to the deadline for doing so 'shall be freely given when justice so requires' under Federal Rule of Civil Procedure 15(a), '[t]here is . . . no absolute right to amend a pleading.'" *NuStar Farms, LLC v. Lizza*, No. 5:20-cv-04003-CJW-MAR, 2021 WL 7186265, at *2 (N.D. Iowa Dec. 16, 2021) (quoting *Hammer v. City of Osage Beach*, 318

F.3d 832, 844 (8th Cir. 2003)). The Court "appropriately denies . . . leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)); *see also NuStar Farms, LLC*, 2021 WL 7186265, at *2.

An amendment is "futile" if it would not survive a Rule 12(b)(6) motion. *See Moses.com*, 406 F.3d at 1065-66. Under that standard, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "'labels and conclusions . . . will not do.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (citation omitted).

I.      **The Court Should Deny Plaintiff's Attempt to Revive His Defamation and Civil Conspiracy Claims as to the Article Because This Court Correctly Dismissed These Theories and the Eighth Circuit Affirmed that Dismissal.**

In August 2020, this Court dismissed Plaintiff's defamation and civil conspiracy claims with prejudice, *see* ECF No. 53, at 48, and entered final judgment that same day, *see* ECF No. 54. The Eighth Circuit then affirmed that final judgment in large part, remanding only for "further proceedings on [Plaintiff]'s claim alleging defamation by implication, and the related claim alleging a common-law conspiracy, as to" the Tweet. ECF No. 60, at 15.

As evident in the PSAC's framing of Counts I (defamation) and III (conspiracy), Plaintiff now attempts to resurrect Counts I and III as they relate to the Article. For example, in Count I (defamation), he challenges the "Article," PSAC ¶¶ 48, 49, and incorporates by reference prior allegations that are not limited to the Tweet, PSAC ¶ 47. And in Count III (civil conspiracy)—

which appears only to be asserted against Lizza, and not Hearst—Plaintiff references "[t]he Article posted to the Internet on September 30, 2018." PSAC ¶ 59.[1]

To the extent Counts I and III in the PSAC arise from the Article, then the Motion is futile. This Court has already dismissed those claims, with prejudice, and the Eighth Circuit has affirmed that dismissal. Plaintiff cannot revive claims subject to final judgment through a motion to amend. *See Hunter v. Ford Motor Co.*, No. CV 08-4980, 2009 WL 10678632, at *16 (D. Minn. Nov. 13, 2009) (denying motion to amend to add a claim that was previously dismissed with prejudice); *Connors v. Progressive Universal Ins. Co.*, No. 20 CV 7342, 2021 WL 4951523, at *2 (N.D. Ill. Oct. 25, 2021) (same); *see also Affordable Cmtys. of Mo. v. Fed. Nat'l Mortg. Ass'n*, No. 11-CV-555, 2013 WL 4092676, at *2-3 (E.D. Mo. Aug. 13, 2013). Further, no subsequent decision in these now-consolidated cases suggests that the facts Plaintiff now pleads in his PSAC regarding the Tweet could support a finding of actual malice as to the Article. *See NuStar Farms, LLC*, 2021 WL 7186265, at *13 (holding that plaintiffs had pleaded sufficient facts regarding actual malice as to "the November 20, 2019 tweet" only, consistent with the Eighth Circuit's ruling).

## II. A False Light Claim Cannot Withstand a Rule 12(b)(6) Motion Under California Law, and Plaintiff's Proposal to Add This Claim Should Be Denied as Futile.

Plaintiff complains of "multiple untruthful statements and implications" that form the basis of a claim for false light invasion of privacy. PSAC ¶ 53. This includes that he (1) "misused his position as Chairman of the House Intelligence Committee," (2) "attempted to

---

[1]     Relatedly, with this action limited to the Tweet, there is no basis for continuing this case as against Hearst. By the time of Lizza's Tweet, Lizza was no longer affiliated with Hearst, having left Hearst in July 2019. Plaintiff's allegations that "Defendants" are responsible for the Tweet do not "have evidentiary support," *see* Fed. R. Civ. P. 11(b)(3)—as Plaintiff's counsel know, through discovery in *NuStar* and publicly available information—and Hearst reserves all rights, including to seek dismissal of all claims as against it at the appropriate time.

undermine the Russia investigation by releasing a partisan report that cherry-picked evidence to accuse the FBI of bias in its effort to obtain warrants from the Foreign Intelligence Surveillance Court," and (3) "conspired with others to hide Federal crimes." *Id.* As for Statements (1) and (2), Plaintiff is attempting to use the false light claim to resurrect defamation theories that have already been dismissed from this case (or which cannot stand, based on this Court's prior reasoning). That attempt is futile. *See infra* Point II.A.

As for Statement (3): This appears to be a reference to the same implication that is the subject of Plaintiff's now-revived claim for defamation: namely, that Lizza defamed Plaintiff through the Tweet, which in turn included a link to the online version of the Article, which then in turn purportedly implied to those persons who read the Tweet and followed the link (if any such persons exist) that Plaintiff "conspired with others (including his family and Rep. King) to hide and conceal a 'politically explosive secret'—that NuStar knowingly employs undocumented labor on its dairy farm." PSAC ¶¶ 48, 52. Even assuming that Plaintiff's "false light" claim is confined to the single defamation-by-implication claim that the Eighth Circuit found viable on a Rule 12(b)(6) motion based on Lizza's Tweet and the path a reader must have followed from that Tweet, then the dispositive legal question becomes: Will state law permit Plaintiff's false light claim based on the same implication that is the subject of his live defamation-by-implication claim? The answer under applicable California law is "no." *See infra* Point II.B.

> ### A. Plaintiff Cannot State a Claim for False Light Invasion of Privacy Based on Claims Regarding Statements that Have Already Been Dismissed with Prejudice.

Under California law, *see infra* Point II.B.2, false light claims are subject to the same constitutional, statutory, and common law privileges and defenses as apply to a defamation claim. *See, e.g., Fellows*, 42 Cal. 3d at 251 (statutory requirement of pleading special damages); *Kapellas*, 1 Cal. 3d at 35 n.16 (actual malice requirement); *S.F. Bay Guardian, Inc. v. Superior*

*Ct.*, 17 Cal. App. 4th 655, 662 (1993) (parody defense); *Werner v. Times-Mirror Co.*, 193 Cal.

App. 2d 111, 120-21 (1961) (retraction statute), *disapproved of on other grounds by Kapellas*, 1

Cal. 3d 20; *Goehring v. Wright*, 858 F. Supp. 989, 1004-05 (N.D. Cal. 1994) (statutory

privilege); *Leidholdt v. L.F.P. Inc*, 860 F.2d 890, 894 (9th Cir. 1988) (opinion).[2]  Where such

defenses stymie a defamation claim, they stymie a claim for false light invasion of privacy, too.

Statement (1) replicates Plaintiff's now-dismissed defamation claim.  This Court held that

Plaintiff failed to plead that any express statements in the Article were actionable, *see* ECF No.

53, at 22-34, including that he "used his position as Chairman of the House Intelligence

Committee" for an improper purpose, *see id.* at 26-27 (used position as a "battering ram" to

advance agenda).  The Court dismissed, with prejudice, Plaintiff's defamation claim arising from

that express statement in the Article, *see id.* at 48, entered final judgment, *see* ECF No. 54, and

the Eighth Circuit then affirmed that dismissal, adopting this Court's conclusions.  ECF No. 60,

at 6.  This claim did not lie as one for defamation, so it does not lie as one for false light.

Statement (2) was not expressly challenged in Plaintiff's First Amended Complaint, but

any claim arising from it fails for the same reasons:  It is an obvious statement of protected

opinion, for the reasons this Court has previously recognized, *see* ECF No. 53, at 26-29, and the

Eighth Circuit has affirmed, *see* ECF No. 60, at 6.

There's no dispute that, in February 2018, Plaintiff released the so-called "Nunes

Memo."  It alleged that, during the early phases of the FBI's investigation into Russian

---

[2]     On this issue, there is no "true conflict" with Iowa law, *see infra* Point III.B, as Iowa law
is in accord.  *Jones v. Palmer Commc'ns Inc.*, 440 N.W.2d 884, 894 (Iowa 1989) ("It is
unreasonable to allow a party to evade the standards surrounding defamation law because the
plaintiff has pled an alternative theory.  In an action such as this, both parties are subject to the
restraints of the law of defamation, even if a 'false light' action has been pled."); *see also Reeder
v. Carroll*, 759 F. Supp. 2d 1064 (N.D. Iowa 2010).  Defendants will apply California law
because it is the state law that properly applies.

interference in the 2016 United States elections, the FBI relied on politically motivated or questionable sources to obtain a FISA warrant (and subsequent renewals of the warrant) to conduct surveillance on a Trump campaign adviser, Carter Page. *See* ECF No. 34-4.[3]  Whether the Nunes Memo was "partisan," or whether Plaintiff "cherry-picked" the evidence he cited in the Nunes Memo, are obvious statements of opinion. *Getfugu, Inc. v. Patton Boggs LLP*, 220 Cal. App. 4th 141, 156 (2013); *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1124 (C.D. Cal. 1998), *aff'd*, 210 F.3d 1036 (9th Cir. 2000).  Further dooming his claims, Plaintiff doesn't even allege what is supposedly false about those statements. *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017); *see also Verragio, Ltd. v. AE Jewelers, Inc.*, No. 15 CIV. 6500, 2017 WL 4125368, at *7 (S.D.N.Y. Aug. 23, 2017).

**B.      Under Controlling California Law, Plaintiff's Proposed Claim for False Light Invasion of Privacy Cannot Withstand a Motion to Dismiss.**

The PSAC alleges that "Lizza and Hearst's actions constitute a false light invasion of Plaintiff's privacy under the common law of Iowa."  PSAC ¶ 55; *see also* Pl.'s Br. ¶ 10 (citing to Iowa law).  Defendants dispute that Iowa law applies to this claim (or any of Plaintiff's claims), and submit that California law applies to the false light claim.

"When confronted with a potential conflict of laws issue, the first step is to determine whether there is a "true conflict" between the different bodies of law that could govern." *Perez v. CRST Int'l, Inc.*, 355 F. Supp. 3d 765, 769 (N.D. Iowa 2018) (Williams, J.) (citing *Phillips v. Marist Soc'y of Wash. Province*, 80 F.3d 274, 276 (8th Cir. 1996)).  "If there is no difference in the relevant laws of the different states, the conflict is a false conflict that need not be resolved."

---

[3]      This matter of public record, disclosed in the Article and referenced in this claim, may be considered by the Court on a Rule 12(b)(6) motion to dismiss. *See Lee v. Lincoln Nat'l Life Ins. Co.*, No. 18-CV-2063-CJW, 2018 WL 5660553, at *2 (N.D. Iowa Oct. 31, 2018) (Williams, J.) ("In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider . . . 'matters of public record.'" (citation omitted)).

*Id.* (citing *Barron v. Ford Motor Co. of Can. Ltd.*, 965 F.2d 195, 197 (7th Cir. 1992)).

If the Court finds that there exists a "true conflict" between the states' laws, then it must engage in a choice of law analysis. "A federal court must apply the choice of law rules of the forum state in which it sits"—in this case, Iowa. *Lyons v. Midwest Glazing*, 265 F. Supp. 2d 1061, 1072 (N.D. Iowa 2003) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). "In tort cases, Iowa applies the Restatement (Second) Conflict of Laws' 'most significant relationship' test in considering conflict of laws issues." *Perez*, 355 F. Supp. 3d at 769 (N.D. Iowa 2018) (citing *Veasley v. CRST Int'l, Inc.*, 553 N.W.2d 896, 897 (Iowa 1996)); *see also Cameron v. Hardisty*, 407 N.W.2d 595, 597 (Iowa 1987).

As described below, (1) California and Iowa law conflict in critical respects, (2) applying Iowa choice of law rules, California law applies to Plaintiff's claim for false light invasion of privacy, and (3) applying California substantive law, Plaintiff has not stated, and cannot state, a claim for false light invasion of privacy, for at least several reasons.

> 1. *There Is a True Conflict Between California's and Iowa's Applications of the Tort of False Light Invasion of Privacy.*

Both states recognize the tort of false light invasion of privacy. *See Fellows*, 42 Cal. 3d at 238-39 (describing the tort of false light, and its overlap with the tort of defamation); *Bierman v. Weier*, 826 N.W.2d 436, 465 (Iowa 2013).[4] However, Iowa's and California's applications of this tort diverge in several critical ways, and Plaintiff's claim cannot stand under California law.

***First***: Under California law, where a plaintiff asserts a claim for defamation, she is not

---

[4] *See id*. (describing false light tort as "[o]ne who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if (1) the false light in which the other was placed would be highly offensive to a reasonable person, and (2) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." (citation omitted)).

permitted to also assert a claim for false light invasion of privacy arising from the same challenged statement; the claim is "superfluous," as the gravamen of the harm is reputational injury, and that cannot be circumvented through a false light claim. *See infra* Point II.B.3.i. In contrast, to date, Iowa courts have not held that a false light claim necessarily would be "superfluous" of a defamation claim, and at least one court has allowed a factfinder to award separate damages for each claim. *See Kono v. Meeker*, 743 N.W.2d 872 (Iowa Ct. App. 2007); *but cf. Bradbery v. Dubuque Cnty.*, No. 99-1881, 2001 WL 23144, at *4 (Iowa Ct. App. Jan. 10, 2001) (allowing plaintiff to prosecute both claims, but recover under one claim).

*Second*: Under California law—which has adopted the "single publication rule"—the Tweet is not a "publication" or "republication" of the underlying Article, and thus it cannot form the basis of a claim for false light invasion of privacy. *See infra* Point II.B.3.ii. In contrast, the Eighth Circuit has, without engaging in a choice of law analysis, predicted that the Iowa Supreme Court would hold that a mere hyperlink to an article that does not reprint its original text constitutes republication of the article, at least for purposes of Plaintiff's defamation-by-implication claim on a motion to dismiss. *See* ECF No. 60, at 4 (applying Iowa law), 15.

*Third*: Under California law, even if Plaintiff could maintain a false light claim, then he is limited to recovering "special damages," which he must plead with factual support—and which he has not pleaded here. *See infra* Point II.B.3.iii. Plaintiff is required to plead "special damages" under California law because he failed to abide by California's retraction statute prior to filing suit. *Id.* In contrast, Iowa's retraction statute might not apply here, *see* Iowa Code § 659.2, 659.3 (limited to statements in a "newspaper, free newspaper or shopping guide") and, even if it did apply, would not limit recovery to "special damages," *see id.*

2.    *California Law Applies to Plaintiff's Proposed Claim for False Light Invasion of Privacy.*

For claims of invasion of privacy arising from content that is published in multiple states (such as the Article), "[t]he rights and liabilities. . . are determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties . . . ."  Restatement (Second) of Conflict of Laws § 153.  The Restatement then makes clear: "This will usually be the state where the plaintiff was domiciled at the time if the matter complained of was published in that state."  *Id.*  The Restatement explains why this is so:

> [R]ules of privacy are intended to protect a person's interest in being let alone.  When there has been publication in two or more states of an aggregate communication that invades a person's right of privacy, at least most issues involving the tort should be determined by the local law of the state where the plaintiff has suffered the greatest injury.  This will usually be the state of the plaintiff's domicil if the matter complained of has there been published.

*Id.*, cmt. d (1971).

Courts applying Section 153 of the Restatement have overwhelmingly concluded that the law of the plaintiff's domicile applies to claims for invasion of privacy, including false light invasion of privacy.[5]  Indeed, Defendants' counsel has been unable to locate a single case reaching

---

[5]    *See, e.g.*, *Suarez Corp. v. CBS, Inc.*, 23 F.3d 408 (6th Cir. 1994) (applying law of plaintiff's domicile to false light claim); *Cheng v. Neumann*, No. 21-CV-00181, 2022 WL 326785, at *5 (D. Me. Feb. 3, 2022), *appeal docketed*, No. 22-1124 (1st Cir. Mar. 4, 2022) (same); *Monarch v. Gorman*, No. CV 14-5980, 2015 WL 5584555, at *3 (E.D. Pa. Sept. 22, 2015) (same); *York Grp., Inc. v. Pontone*, No. CIV.A. 10-1078, 2014 WL 896632, at *42 (W.D. Pa. Mar. 6, 2014) (same); *Gritzke v. M.R.A. Holding, LLC*, No. 01CV495, 2002 WL 32107540, at *2-3 (N.D. Fla. Mar. 15, 2002) (same); *Rostropovich v. Koch Int'l Corp.*, No. 94 CIV. 2674, 1995 WL 104123, at *9 (S.D.N.Y. Mar. 7, 1995) (same); *Rosemond v. Nat'l R.R. Passenger Corp.*, No. 85 CIV. 5661, 1986 WL 10711, at *7 (S.D.N.Y. Sept. 19, 1986) (same); *Page v. Something Weird Video*, 908 F. Supp. 714, 716 (C.D. Cal. 1995) (same); *Pearce v. E.F. Hutton Grp., Inc.*, 664 F. Supp. 1490, 1499 (D.D.C. 1987) (same); *Cibenko v. Worth Publishers, Inc.*, 510 F. Supp. 761, 766 (D.N.J. 1981) (same); *Nat'l Bank of Com. v. Shaklee Corp.*, 503 F. Supp. 533, 539 (W.D. Tex. 1980) (same); *Sondik v. Kimmel*, 131 A.D.3d 1041, 1042 (2015) (same).

a contrary conclusion under Section 153.

Applying this standard, Iowa choice of law rules dictate that California law applies to Plaintiff's claim for false light invasion of privacy.

First, there is no dispute that the Tweet is a multistate communication, and so Section 153 controls. There is no allegation that the Tweet was limited in geographic distribution, *see* PSAC ¶¶ 23, 29 (suggesting Tweet was widely available), and it linked to the Article as it was available on Esquire.com, a publicly available website of a national news publication.

This case presents no reason to deviate from the usual conclusion that the law of the plaintiff's domicile should apply to a false light claim arising from a multistate publication. Any harm to Plaintiff's "feelings" would be most severely felt in California, where Plaintiff was and is domiciled, PSAC ¶ 4, where he has community ties, and where he was, at the time of the Tweet, representing California constituents in Congress. Plaintiff's current version of his lawsuit states he worked on "a farm that his family operated in Tulare County, California, for three generations," *id.*, and that his "political profile" is "closely associated" with—indeed, "central to"—a "farm in California," *id.* ¶ 13, which has "always been" in California and "has never moved," *id.* n.2. He alleges that his "career" is "distinguished by his . . . dedication and service to his constituents" in California. *Id.* ¶ 5.

3.    *Under California Law, Plaintiff Cannot State a Claim for False Light Invasion of Privacy.*

Plaintiff expressly invokes Iowa law only; as drafted, the PSAC complains that the publication invades "Plaintiff's privacy under the *common law of Iowa*." PSAC ¶ 55 (emphasis added). However, Iowa law would not apply to Plaintiff's false light claim. *See supra* II.B.2. That Plaintiff only purports to bring his cause under a state's law that is inapplicable renders his amendment futile. *See Regions Bank v. SoFHA Real Est., Inc.*, No. 09-CV-57, 2010 WL

12

3341869, at *9 (E.D. Tenn. Aug. 25, 2010).

Plaintiff has reason to eschew California law: Applying it, any attempt by Plaintiff to assert a claim for false light invasion of privacy would be futile, for at least three reasons.

***(i) The claim is "superfluous" under California law***.  California law limits false light claims to, at most, a narrow band of publications that are false but *not* defamatory.  *See Eastwood v. Superior Ct.*, 149 Cal. App. 3d 409, 425 (1983) (in case concerning false report about Clint Eastwood's romantic relations: "[I]n privacy cases, the concern is with nondefamatory lies masquerading as truth.").  "In most cases," however, "publicity placing a person in a highly offensive false light will . . . be defamatory as well."  *Roberts v. McAfee, Inc.*, No. C 09-4303, 2010 WL 890060, at *10-11 (N.D. Cal. Mar. 8, 2010), *rev'd in part on other grounds and remanded*, 660 F.3d 1156 (9th Cir. 2011) (citations and quotation marks omitted).  Where that is the case, the claim should be dismissed as "superfluous."  *Id.* at *11 ("Where a false-light invasion of privacy claim is in substance equivalent to an accompanying defamation claim, the false-light claim should be dismissed as superfluous."); *Kapellas*, 1 Cal. 3d at 35 n.16 (allowing libel claims to proceed, but sustaining demurrer of false light claim as "superfluous" where gist was reputational harm).[6]

---

[6]     *See also Heller v. NBCUniversal, Inc.*, No. CV-15-09631, 2016 WL 6573985, at *5 (C.D. Cal. Mar. 30, 2016) (dismissing with prejudice false light claim, and granting leave to attempt to assert defamation claim, where the false light claim was "asserted against the same Defendants, [is] based on the same allegations, and implicate the same evidence as Plaintiff's defamation claim"); *Couch v. San Juan Unified Sch. Dist.*, 33 Cal. App. 4th 1491, 1504 (1995) ("When claims for invasion of privacy and emotional distress are based on the same factual allegations as those of a simultaneous libel claim, they are superfluous and must be dismissed."); *Foreman v. Lesher Commc'ns, Inc.*, 16 Cal. Rptr. 2d 670, 674 (Ct. App. 1993), *ordered not to be officially published* (June 10, 1993) (calling it "settled" that, "where a cause of action for libel has been stated, a false-light claim on the same facts is superfluous and should be dismissed"); *McClatchy Newspapers, Inc. v. Superior Ct.*, 189 Cal. App. 3d 961, 965 (1987) ("When an action for libel is alleged, a false-light claim based on the same facts (as in this case) is superfluous and should be

California's Single Publication Act (based on a uniform act that Iowa has not adopted), further compels this conclusion because it limits a plaintiff to "one cause of action for damages for libel or slander or invasion of privacy" that is "founded upon any single publication." Cal. Civ. Code § 3425.3; *see also Strick v. Superior Ct.*, 143 Cal. App. 3d 916, 924 (1983) (enactment of Single Publication Act "reflected great deference to the First Amendment," and "[w]hen the Legislature inserted the clause 'or any other tort' it is presumed to have meant exactly what it said") (emphasis omitted). When a defamation plaintiff attempts to assert an additional "cause of action" under a false light theory, it must be rejected. Cal. Civ. Code § 3425.3.

Plaintiff's proposed claim for false light invasion of privacy is based on the same facts as his claim for defamation by implication. It incorporates by reference the defamation allegations, PSAC ¶ 52, and challenges the same purportedly false and injurious implication. The PSAC further alleges that Plaintiff has suffered the same reputational harm as sustained as a result of his defamation claim. *Compare* PSAC ¶ 56 (for false light claim, "actual injury and damages, including, but not limited to, insult, public ridicule, humiliation, embarrassment, mental suffering and distress, *damage and injury to personal and professional reputations*, [and] out-of-pocket expenses and costs" (emphasis added)), *with* PSAC ¶ 51 (same for defamation claim).

*(ii) The Tweet is not a "publication" or "republication" under California law*. As described *supra*, California's "single-publication rule limits tort claims premised on mass communications to a single cause of action that accrues upon the first publication." *Roberts*, 660 F.3d at 1166. It applies to internet publications. *See Traditional Cat Ass'n, Inc. v. Gilbreath*,

---

dismissed."); *Selleck v. Globe Int'l, Inc.*, 166 Cal. App. 3d 1123, 1136 (1985) (dismissing false light claim as "surplusage" because the "libel claim provides [the plaintiff] with a complete remedy for any damages he has suffered by the publication of the article, including damages for injury to his personal feelings which are recoverable in a false light action").

118 Cal. App. 4th 392, 404 (2004).

Courts applying California's single publication rule have uniformly held that hyperlinks are not "republications." *See Penrose Hill, Ltd. v. Mabray*, 479 F. Supp. 3d at 840, 851-53 (N.D. Cal. 2020) (hyperlinks are not republications of linked-to content); *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. 02 CV 2258, 2007 WL 935703, at *7 (S.D. Cal. Mar. 7, 2007) (same). This is in accord with the great weight of authority across the country. *See Penrose*, 479 F. Supp. 3d at 851-53 (collecting and analyzing cases).

Plaintiff alleges that the Tweet republishes the Article, as it was available on Esquire.com since September 30, 2018. PSAC ¶ 29. Plaintiff does not allege that the (innocuous) content of the Tweet itself placed him in a "false light." He, instead, argues that the hyperlink in the Tweet "republished" the September 30, 2018 Article, and the *Article* placed him in the false light. Plaintiff cannot state a claim for false light invasion of privacy based on the Tweet because, under California's single publication rule, the Tweet was not a "republication" of the Article.

### *(iii) Plaintiff has failed to plead special damages as required by California law*.

California has a retraction statute, Cal. Civ. Code § 48a, which applies to claims for false light invasion of privacy, *Selleck*, 166 Cal. App. 3d at 1134. Pursuant to the statute, a plaintiff "shall only recover special damages unless a correction is demanded and is not published or broadcast, as provided" by the statute. Cal. Civ. Code § 48a(a).[7]

Plaintiff never requested a retraction or correction of the Tweet, and he does not plead otherwise. His filing of an amended complaint in February 2020 challenging the Tweet is not the required "notice," in advance of asserting a claim, because it denied Lizza an opportunity to

---

[7]     "Special damages" are damages "suffered in respect to" Plaintiff's "property, business, trade, profession, or occupation . . . and no other," and do not include "general damages" such as "loss of reputation, shame, mortification, and hurt feelings." Cal. Civ. Code § 48a(d)(1)-(2).

"correct" the Tweet as contemplated by the statute.  Cal. Civ. Code § 48a.

As a result, Plaintiff may only maintain this action if he has pleaded special damages. Special damages "must be specifically stated."  Fed. R. Civ. P. 9(g); Cal. Civ. Code § 48a(d)(2); PSAC ¶ 61.  The PSAC fails to allege any specific economic loss, much less an "estimation of the amount of pecuniary loss suffered" "with the requisite particularity."  *Martin v. Wells Fargo Bank*, No. 17-CV-03425, 2018 WL 6333688, at *2 (C.D. Cal. Jan. 18, 2018); *Nunes v. Cable News Network, Inc.*, 520 F. Supp. 3d 549, 561 (S.D.N.Y. 2021) (dismissing complaint, brought by Plaintiff against different defendant, making nearly identical generalized damages demands as made herein), *appeal docketed*, No. 21-637 (2d Cir. Mar. 22, 2021).[8]  Because the PSAC lacks an adequate allegation of special damages, it "does not allege a legally sufficient cause of action under California law," and must be dismissed.

### C.    The Eighth Circuit Did Not Address Which State's Law Applies to Plaintiff's False Light Claim, or in the Event of a Conflict.

Defendants anticipate that Plaintiff will argue that, because the Eighth Circuit applied Iowa law to his *defamation* claim, this Court must also apply that law to his *false light* claim. That would be a *non sequitur* that overreads the Eighth Circuit's ruling.

This Court previously found that—as to Plaintiff's *defamation* claim, and based on the issues that were before it at the time—there was "no conflict between Iowa and California law as to these general points" of defamation law in ruling that the claims *failed* under *either* law.  ECF

---

[8]    *See also Martin*, 2018 WL 6333688, at *2 (dismissing complaint); *see also, e.g.*, *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, No. CV 14-03954, 2014 WL 6892141, at *4-5 (C.D. Cal. Nov. 5, 2014) (same); *In re Cable News Network*, 106 F. Supp. 2d 1000, 1002 (N.D. Cal. 2000) (same); *King v. Am. Broad. Cos., Inc.*, No. 97 CIV. 4963, 1998 WL 665141, at *4 (S.D.N.Y. Sept. 28, 1998) (same); *Anderson v. Hearst Publ'g Co.*, 120 F. Supp. 850, 853 (S.D. Cal. 1954) (same); *Anschutz Ent. Grp., Inc. v. Snepp*, 171 Cal. App. 4th 598, 643 (2009), *as modified* (Mar. 3, 2009), *as modified on denial of reh'g* (Mar. 23, 2009) (anti-SLAPP motion should have been granted).

No. 53, at 12. The Eighth Circuit itself did not engage in a choice of law analysis, and applied Iowa substantive law to the libel claim before it "because [this Court] determined that there was no conflict between Iowa and California defamation law." ECF No. 60, at 4.

This Motion, however, is the first time Plaintiff has attempted to assert a false light claim. There is at least one defense to that invasion of privacy claim—that it is "superfluous" under California law, *see supra* Point II.B.3—that obviously could not have been addressed in connection with defamation claim. This issue has never previously been before this Court or the Eighth Circuit, let alone decided by either.

More fundamentally: Neither this Court nor the Eighth Circuit made a choice of law ruling, or answered the question of which state's law would apply in the event of a conflict. The District Court didn't identify a conflict, ECF No. 53, at 21, and the Eighth Circuit didn't pass on whether there was a conflict, ECF No. 60, at 4-5. The question of which state's law applies to any or all of Plaintiff's claims in the event of a conflict has not been ruled upon, and it is not established as law of the case. *See Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336, 347, 347 n.43 (5th Cir. 2021) ("law of the case" did not affect "viability of [a party's] choice-of-law argument" where, on prior appeals, the Court did not engage in choice of law analysis because the parties "d[id] not articulate or even identify a conflict," and the "parties agree[d] that the laws of the two states are essentially identical"); *Terre Du Lac Ass'n, Inc. v. Terre Du Lac, Inc.*, 834 F.2d 148, 150 (8th Cir. 1987), *cert. granted, judgment vacated on other grounds*, 492 U.S. 913 (1989) ("'law of the case' doctrine does not bar the dismissal of" a claim where, "[i]n the first appeal, this Court did not consider" the issue subsequently raised in the district court) (citing *Conway v. Chem. Leaman Tank Lines, Inc.*, 644 F.2d 1059, 1062 (5th Cir. 1981) (law of the case did not foreclose consideration of an argument that was "never previously

passed upon by [the district court] and never submitted to or decided by the appellate court on the previous appeal")). The question of which state's law applies in the event of a conflict is "no longer moot," and thus this Court is not constrained from ruling on it. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 952 (Fed. Cir. 1997) (no law of the case for question that was a moot point at time of prior ruling).[9]

And there can be no suggestion that Defendants have waived the point. Defendants have consistently argued that, in the event of a conflict, California law applies. *See* Brief of Defendants-Appellees at 26 n.9, *Nunes v. Lizza*, 12 F.4th 890 (8th Cir. 2021) (No. 20-2710), 2020 WL 6948254; ECF No. 53, at 7 ("The parties dispute whether Iowa or California law applies.").

At some point, this Court may be presented with the question of whether a ruling on choice of law for the *false light* claim is instructive as to which state's law also applies to Plaintiffs' *defamation* claim.[10] But that is not at issue here. For now, it suffices that neither the

---

[9]     *See also First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 621 (8th Cir. 2007) (law of the case doctrine did not foreclose consideration of issue that was not previously decided by the district court, and where the Eighth Circuit in a prior appeal, *see First Union Nat'l Bank ex rel. Se. Timber Leasing Statutory Tr. v. Pictet Overseas Tr. Corp.*, 351 F.3d 810, 816 (8th Cir. 2003), did not "consider issues which the district court did not rule upon"); *In re Actiq Sales & Mktg. Pracs. Litig.*, 307 F.R.D. 150, 163, n.22 (E.D. Pa. 2015) (prior ruling not "law of the case" where, in previous motion that raised different issues, "no actual conflict" was found between states' laws, but subsequent motion raised potential conflicts); *Robinson v. Flowserve*, No. 14-CV-161, 2015 WL 11622965, at *4 (D. Wyo. Oct. 9, 2015) ("law of the case doctrine is inapplicable to the conflict of law issue presented" where, in prior ruling on applicable law before transferer court, "the parties agreed that New Jersey law applied," and thus that "conflict of law decision lacked any substantive analysis regarding the conflict of law issues"); *Bobbitt v. Milberg, LLP*, 285 F.R.D. 424, 427 (D. Ariz. 2012) (no law of the case where, in decision on prior motion, Court applied Arizona law because parties did not dispute that it applied; "the Court applied Arizona law without any analysis of the choice of law issues as it was completely unnecessary at the time").

[10]     There have been no arguments at all concerning which state's law applies to Plaintiff's claim for civil conspiracy to commit defamation (Count III), in part because Defendants have no idea what facts allegedly support this claim, and Plaintiff has never identified any.

Eighth Circuit nor this Court have engaged in a choice of law analysis to issue a ruling, on the merits, that would dictate which state's law applies to the proposed false light claim.

### D. If the Court Finds Iowa Law Applies to Plaintiff's False Light Claim, Then It Should Certify a Question to the Iowa Supreme Court.

If the Court disagrees with Defendants' arguments concerning the applicability of California law and applies Iowa law instead, then the Court would benefit from clarity on a (potentially dispositive) question it should certify to the Iowa Supreme Court.

The Iowa Supreme Court accepts certified questions from federal district courts. Iowa Code § 684A. It "may answer" certified "questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the appellate courts of this state." Iowa Code § 684A.1. Matters of law that are "in doubt" are candidates for certification. *Hatfield, by Hatfield v. Bishop Clarkson Mem'l Hosp.*, 701 F.2d 1266, 1267 (8th Cir. 1983).

Here, there is at least one dispositive question of Iowa law that appears to be "in doubt": Is embedding a hyperlink to an article without including any of its content or text a sufficiently broad "public communication" for purposes of a false light claim and a republication of all of the content appearing in the link, assuming persons followed and read it? In *Bierman*, 826 N.W.2d at 466, the Iowa Supreme Court held that a limited distribution of a book presents a "fact issue" as to whether there is "enough publicity to sustain a false light invasion of privacy claim." On the other hand, the Eighth Circuit in this case has predicted that the Iowa Supreme Court would hold that—at least as to a defamation claim, and at least at the motion to dismiss stage—sharing a hyperlink may constitute a "publication" for purposes of defamation law. ECF No. 60. *Bierman* suggests that such "publication" may be sufficient to sustain a false light claim if it is made available to a "large number of persons." 826 N.W.2d at 466. In answering this question,

the Iowa Supreme Court may, directly or indirectly, offer guidance as to whether and when sharing a hyperlink is a "republication" for purposes of defamation law, as well.

Certifying this question is appropriate, as it implicates "public policy aims" of the state relating to matters of free speech, and such issues "are better analyzed by the state court than by this court." *See Hatfield*, 701 F.2d at 1267. The answer from the Iowa Supreme Court may be dispositive—certainly as to the false light claim, and perhaps as to the defamation claim, as well—and it may make it unnecessary for this Court to reach constitutional questions that it should avoid if possible. *Id.* at 1268. And given the widespread practice among the public and journalists of hyperlinking to content—and the general expectation, based on the uniform law of all states (except Iowa, according to the Eighth Circuit), that doing so is not a "republication"— there is a "likelihood of the recurrence of the particular legal issue" here. *Id.*

This case presents a "novel" question of Iowa tort law, "one laden with value judgments and fraught with implications for First Amendment rights." *McKesson v. Doe*, 141 S. Ct. 48, 51 (2020). It would be appropriate for this court to seek "guidance on potentially controlling [Iowa] law from the [Iowa] Supreme Court," should this Court find that Iowa law applies. *Id.*; *see also Bierman*, 826 N.W.2d at 449 ("Iowa can make its defamation law more protective of defendants than the First Amendment requires.").

## Conclusion

For the foregoing reasons, this Court should deny Plaintiff's motion for leave to file the Proposed Second Amended Complaint. Because of the complexity and importance of the constitutional and free press issues presented, good cause exists to allow Defendants to present oral argument on this Resistance. *See* Local Rule 7(c).

Dated: April 8, 2022.

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

/s/ Nathaniel S. Boyer
Jonathan R. Donnellan, *Lead Counsel*\*
  *jdonnellan@hearst.com*
Ravi R. Sitwala\*
  *rsitwala@hearst.com*
Nathaniel S. Boyer\*
  *nathaniel.boyer@hearst.com*
Sarah S. Park\*
  *sarah.park@hearst.com*
Nina Shah\*
  *nina.shah@hearst.com*
Kristen Hauser
  *khauser@hearst.com*
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000

Michael A. Giudicessi
  *michael.giudicessi@faegredrinker.com*
Nicholas A. Klinefeldt
  *nick.klinefeldt@faegredrinker.com*
Susan P. Elgin
  *susan.elgin@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

Scott W. Wright\*
  *scott.wright@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center/90 S. 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*\*Admitted Pro Hac Vice*

**Attorneys for Defendants**

**Certificate of Service**

The undersigned certifies that a true copy of **Defendants' Resistance to Plaintiff Devin Nunes's Motion for Leave to File a Second Amended Complaint (Oral Argument Requested)** was served upon the following parties through the Court's CM/ECF electronic filing system on April 8, 2022.

/s/  Nathaniel S. Boyer

Copy to:                                                        Nathaniel S. Boyer

Bill McGinn
  *bmcginn@mcginnlawfirm.com*
Steven S. Biss
  *stevenbiss@earthlink.net*

*Attorneys for Plaintiffs*