IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| **Devin G. Nunes,** | ) | Case No. 5:19-cv-04064-CJW-MAR |
| Plaintiff, | ) | |
| v. | ) | |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,** | ) | Case No. 5:20-cv-04003-CJW-MAR |
| Plaintiffs, | ) | |
| v. | ) | |
| **Ryan Lizza and Hearst Magazine Media, Inc.,** | ) | |
| Defendants. | ) | |

**Defendants' Brief in Support of Their Motion to Strike
Immaterial and Impertinent Matter from Plaintiff Devin Nunes's
Second Amended Complaint in Case No. 5:19-cv-04064**

Defendants Ryan Lizza and Hearst Magazine Media, Inc. ("Defendants") submit this brief in support of their motion (the "Motion") to strike immaterial and impertinent material from Plaintiff Devin Nunes ("Plaintiff")'s Second Amended Complaint (ECF No. 93, the "SAC")—which Plaintiff included in his pleading in contravention of the Court's instructions in its June 1, 2022 Order (ECF No. 90, the "Order")—and for an order directing Plaintiff's counsel to reimburse Defendants for their costs and fees incurred in securing compliance with this Court's Order.

## Introduction

Defendants bring this motion to enforce the Order. Despite the mandate of the Order, Plaintiff filed his Second Amended Complaint without removing the stricken prolix and irrelevant material from his proposed second amended complaint, including the specific examples of irrelevant material that the Court identified in the Order. Plaintiff also still has not specified the basis of his defamation claim, which is now confined to a November 20, 2019 Twitter posting by Ryan Lizza, as he was ordered to do. When invited to correct the issues short of motion practice, Plaintiff refused.

For the reasons stated in the Order, and as a matter of enforcing the Order, the Court should strike the prolix and irrelevant materials, identified below, from Plaintiff's latest broadside labeled as a complaint. And, pursuant to the Court's inherent authority, the Court should assess Plaintiff and his lead and Iowa counsel for defying the Court's Order and necessitating Defendants to incur the time and costs associated with effectuating the directives and intent of the Order.

## Procedural Setting

On June 1, 2022, the Court granted in part and denied in part Plaintiff's motion for leave to file a second amended complaint. *See generally* the Order. In addition to denying Plaintiff's request to add a claim for false light invasion of privacy, the Court directed Plaintiff to "eliminat[e] the prolixity and irrelevant material from" his proposed pleading. ECF No. 90 (the "Order"), at 23.

The Court observed that Plaintiff's then-proposed "second amended complaint contains much irrelevant information"—so much so that it might have been the basis for denying the motion in full on the grounds that it failed to comply with Fed. R. Civ. P. 8. *Id.* at 8. "One glaring example is the inclusion of six tweets in Plaintiff's statement of facts that have nothing to

Case 5:19-cv-04064-CJW-MAR    Document 98-1    Filed 06/27/22    Page 2 of 10

2

do with the November 20, 2019 tweet." *Id.*

The Court also found that "Count I fails to adequately provide a summary of relevant facts showing he is entitled to relief or that support his conclusory allegations," specifically that "Plaintiff fails to identify the November 20, 2019 tweet as the basis for his defamation claim in Count I." *Id.* at 8-9. As a result, the proposed second amended complaint was "both prolix and replete with irrelevant statements." *Id.* at 9.

The Court, therefore, ordered Plaintiff to "amend his complaint to remove the prolix and irrelevant material consistent with the foregoing." *Id.* "To be clear," the Court added, "the essence of the amendment I will *require* Plaintiff to make *is subtraction, not addition*." *Id.* (emphasis added).

There was no amendment by subtraction in the Second Amended Complaint. Plaintiff did not comply with the Order, despite its clarity. *See* June 27, 2022 Declaration of Nathaniel S. Boyer ("Boyer Decl."), Ex. A (redline showing the changes from the proposed second amended complaint (ECF No. 86-1) to the filed Second Amended Complaint). While Plaintiff removed some allegations relating to background facts and case law citations, he did nothing to clarify the specific basis of his remaining claims, which are limited to the November 20, 2019 Twitter posting by Ryan Lizza. Plaintiff did not remove the specific "glaring example" of irrelevant allegations the Court identified in its Order. *See* SAC ¶¶ 23, 24, 26, 27, 28. And the pleading remains "replete" with other irrelevant allegations, including, for example, allegations concerning unrelated articles from 2017. *See id.* ¶¶ 1, 15.

On June 15, 2022, Defendants' counsel raised these issues with Plaintiff's counsel via email, and asked if Plaintiff would file a corrected Second Amended Complaint. *See* Boyer Decl., Ex. B. On June 16, 2022, Plaintiff's counsel responded that he would not. *See id.*

Plaintiff's counsel did not respond to Defendants' counsel's follow-up request asking to set a telephonic meet and confer to discuss this matter.  *See id.*

## Argument

### I. The Court Should Strike Portions of Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(f) and the Prior Orders in This Case.

The Court enjoys "liberal discretion under Rule 12(f)" to strike all or part of a party's pleading. *Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001); *Bertroche v. Mercy Physician Assocs., Inc.*, No. 18-CV-59-CJW-KEM, 2019 WL 4307127, at *4 (N.D. Iowa Sept. 11, 2019). "Trial courts have traditionally granted such motions where 'the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or confuse[] the issues.'" *Hammond v. Arch Ins. Sols.*, No. 3:17-cv-00019, 2017 WL 11297279, at *4 (S.D. Iowa Sept. 6, 2017) (quoting *Balon v. Enhanced Recovery Co.*, 316 F.R.D. 96, 98 (M.D. Pa. 2016)); *Bailey v. Fairfax Cty., Va.*, No. 1:10-cv-1031, 2010 WL 5300874, at *4 (E.D. Va. Dec. 21, 2010) (same).

Allegations are "immaterial" if they "ha[ve] no essential or important relationship to the claim for relief or the defenses being pleaded." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (citation omitted); *see also Hammond*, 2017 WL 11297279, at *4.  They are "impertinent" if they "consist of statements that do not pertain to the issues in question." *Resolution Tr. Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994).

The following content in Plaintiff's Second Amended Complaint is immaterial and/or impertinent, and should be stricken:

1. The "six tweets in Plaintiff's statement of facts that have nothing to do with the November 20, 2019 tweet," which the Court already ordered Plaintiff to remove, as they are a "glaring example" of irrelevant material.  *See* Order at 8; SAC ¶¶ 23,

24, 26, 27, 28. Plaintiff's counsel stated he thought it was "important" to include this information so that Plaintiff's complaint conforms to that of his family members and their farm. *See* Boyer Decl., Ex. B. The fact that Plaintiff's family's complaint contains irrelevant material does not excuse Plaintiff from complying with the Court's express Order.

2. Allegations concerning unrelated articles by Ryan Lizza from 2017, when he was employed by *The New Yorker*. SAC ¶¶ 1, 15. Plaintiff has offered no explanation for the relevance of the allegations concerning these articles. *See generally* Boyer Decl., Ex. B. These publications are not the subject of this (or any) defamation action, and the *only* publication at issue in this case is a tweet from November 20, 2019. Just as the six unrelated tweets were not relevant publications, articles about unrelated matters published months or years prior to the publication at issue are, also, not relevant.

3. "For instance, on March 22, 2019, Special Counsel Robert Mueller submitted his confidential report entitled 'Report on the Investigation into Russian Interference in the 2016 Presidential Election' (the 'Mueller Report'). The Mueller Report vindicated Plaintiff's long-standing insistence that there was no evidence that Trump associates colluded with Russia to steal the 2016 U.S. Presidential Election." SAC ¶ 28. Setting aside whether this is an accurate characterization of Mr. Mueller's report, this allegation (which veers into political theater) is irrelevant—the Court has already held that the Twitter posting in this paragraph is not relevant.

4. Allegations concerning an alleged conspiracy among Ryan Lizza and "third-party

Democrat operatives and/or opposition research firms, . . . [Olivia] Nuzzi,. . . agents of *Esquire*, including [now-former *Esquire* Editor-in-Chief Jay] Fielden, . . . agents and employees of CNN, and . . . others in social media" to publish content *other than* the November 20, 2019 Tweet. SAC ¶ 53; *see also* ¶¶ 1, 15, 24, 54. In its Order, the Court recognized that other social media postings are simply irrelevant. Yet Plaintiff insists on including allegations concerning a conspiracy to publish them. Just as the postings (and unrelated articles) are not relevant, allegations concerning a supposed conspiracy to publish said postings and unrelated articles are, also, irrelevant.[1]

## II.  Plaintiff Must Specify that This Case Is Limited to the November 20, 2019 Twitter Posting, Only.

Related to the foregoing, the Court ordered Plaintiff to "identify the November 20, 2019 tweet as the basis for his defamation claim in Count I." Order, at 8-9. Plaintiff once again failed to do that and, instead, has doubled down on pleading allegations about other defamatory publications, and unsupported allegations concerning conspiracies to publish *those* unrelated articles and Twitter postings. *See supra* Point I; *see also, generally*, Boyer Decl., Ex. A. Plaintiff has not explained why he believes that the amendments he made conform to the Court's Order. *See generally* Boyer Decl., Ex. B.

---

[1]  These allegations are also preposterous. Indeed, the Second Amended Complaint is rife with allegations that—even assuming some relevance—are without any factual basis. For example: Even if the allegations that Lizza conspired with other "Democrat operatives and/or opposition research firms" (among others), SAC ¶ 53, are narrowed to focus on a conspiracy to publish the specific November 20, 2019 Twitter posting by Ryan Lizza, there is no reason to think that he conspired with others to post a link to his own article. And of course, discovery in these consolidated cases does not support, and indeed contradicts, such allegations.

All that said, Defendants recognize that one remedy to address unsupported allegations may arise under Fed. R. Civ. P. 11 and reserve all rights accordingly.

### III. Pursuant to Its Inherent Authority, This Court Should Assess Plaintiff and His Lawyers for Defendants' Costs and Attorneys' Fees Incurred in Securing Enforcement of the Directives and Intent of the Order.

"This Court has inherent authority to sanction attorneys for violating court orders." *In re Steinback*, No. 22-MC-2 CJW, 2022 WL 1997192, at *9 (N.D. Iowa June 6, 2022). "This authority arises from the power of federal courts to exercise those inherent powers which are necessary to the exercise of all others, and includes the authority to sanction counsel who willfully abuse the judicial process." *In re McMinn*, No. 02-4066MC, 2002 WL 31972352, at *4 (N.D. Iowa Nov. 25, 2002) (citations and alterations omitted).

As described above, Plaintiff's counsel violated the Court's Order. Counsel has provided no explanation or excuse for doing so, nor can they. When Defendants invited Mr. Biss and Mr. McGinn to correct this error short of motion practice, Plaintiff's counsel declined to do so.

This unapologetic violation of the Court's Order comes after the Court (i) entered an order stating that Plaintiff's first amended complaint contained scandalous and inappropriate allegations, *see* ECF No. 53, at 47 ("[T]he material identified by defendants . . . is immaterial, impertinent, and scandalous."), and (ii) struck, *sua sponte*, similar scandalous and inappropriate allegations from the NuStar Plaintiffs' then-operative complaint, *see* Case No. 5:20-cv-04003-CJW-MAR, ECF No. 50, at 40-41.

Plaintiff's counsel may not attempt to use the cover of a privileged court filing to make scandalous, immaterial, or impertinent allegations, that moreover lack any factual support. That they have done so more than once is contumelious.

Defendants respectfully request that the Court order Plaintiff's counsel[2] to reimburse

---

[2]  Defendants submit that all of Plaintiff's current counsel of record should be included in the requested order compelling reimbursement of Defendants' costs and attorney fees in bringing this enforcement motion. While Mr. Biss appears to be lead counsel, Mr. McGinn has

Case 5:19-cv-04064-CJW-MAR   Document 98-1   Filed 06/27/22   Page 7 of 10

7

Defendants for the fees and costs they incurred in securing enforcement of the prior directives to Plaintiff this Court made to protect Defendants from further prejudice resulting from the content of pleadings that violate the Federal Rules of Civil Procedure. The requested reimbursement is all the more appropriate when considered against the long history of Plaintiffs' counsel's conduct in this now-consolidated case.

## Conclusion

For the foregoing reasons, the Court should strike the above-identified portions of Plaintiff's Second Amended Complaint; should order Plaintiff to specify, in his pleading, that his claims arise from the November 20, 2019 Twitter posting by Ryan Lizza; and should, as a matter of inherent authority and the exercise of sound discretion, order Plaintiff's counsel to reimburse Defendants for their costs and attorneys' fees incurred in securing compliance with the Order.

*[signature block on next page]*

---

responsibility over the strategy decisions and pleadings in this case per his obligations as local Iowa counsel.

| | |
|---|---|
| Dated: June 27, 2022. | **Ryan Lizza and Hearst Magazine Media, Inc., Defendants**<br><br>/s/ Nathaniel S. Boyer<br>Jonathan R. Donnellan, *Lead Counsel*\*<br>　jdonnellan@hearst.com<br>Ravi R. Sitwala\*<br>　rsitwala@hearst.com<br>Nathaniel S. Boyer\*<br>　nathaniel.boyer@hearst.com<br>Sarah S. Park\*<br>　sarah.park@hearst.com<br>Nina Shah\*<br>　nina.shah@hearst.com<br>Kristen Hauser<br>　khauser@hearst.com<br>THE HEARST CORPORATION<br>Office of General Counsel<br>300 West 57th Street<br>New York, New York 10019<br>Telephone: (212) 841-7000<br>Facsimile: (212) 554-7000<br><br>Michael A. Giudicessi<br>　michael.giudicessi@faegredrinker.com<br>Nicholas A. Klinefeldt<br>　nick.klinefeldt@faegredrinker.com<br>Susan P. Elgin<br>　susan.elgin@faegredrinker.com<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>801 Grand Avenue, 33rd Floor<br>Des Moines, Iowa 50309-8003<br>Telephone: (515) 248-9000<br>Facsimile: (515) 248-9010<br><br>Scott W. Wright\*<br>　scott.wright@faegredrinker.com<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>2200 Wells Fargo Center/90 S. 7th Street<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 766-7000<br>Facsimile: (612) 766-1600<br><br>*\*Admitted Pro Hac Vice*<br><br>**Attorneys for Defendants** |

**Certificate of Service**

The undersigned certifies that a true copy of **Defendants' Brief in Support of Their Motion to Strike Immaterial and Impertinent Matter from Plaintiff Devin Nunes's Second Amended Complaint in Case No. 5:19-cv-04064** was served upon the following parties through the Court's CM/ECF electronic filing system on June 27, 2022.

/s/  Nathaniel S. Boyer
Nathaniel S. Boyer

Copy to:

Bill McGinn
  bmcginn@mcginnlawfirm.com
Steven S. Biss
  stevenbiss@earthlink.net

*Attorneys for Plaintiffs*