IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| | | |
|---|---|---|
| DEVIN G. NUNES | ) | |
| Plaintiff, | ) | |
| v. | ) | Case 5:19-cv-4064-CJW-MAR |
| RYAN LIZZA *et al* | ) | |
| Defendants. | ) | |
| NUSTAR FARMS, LLC *et al* | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case 5:20-cv-04003-CJW-MAR |
| RYAN LIZZA *et al* | ) | |
| Defendants. | ) | |

# RESISTANCE AND OPPOSITION TO MOTION TO STRIKE

Plaintiff, Devin G. Nunes ("Plaintiff" or "Nunes"), by counsel, pursuant to Local Rule ("LR") 7e, files the following Resistance and Opposition to the motion to strike [*ECF Nos. 98, 99*] filed by defendants, Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst" or "*Esquire*").

1. On June 1, 2022, the Court entered an Order [*ECF No. 90*] granting in part and denying in part Plaintiff's motion for leave to file second amended complaint. The Court granted Plaintiff leave to amend his complaint to include Count I – Defamation by Implication, Count III – Conspiracy, and a claim for punitive damages by alleging that the Defendants acted with actual malice. In its Order, the Court stated that "Plaintiff shall have until June 15, 2022 to file an Amended Complaint removing his False Light Invasion of Privacy Claim and eliminating the prolixity and irrelevant material from his remaining claims."

2. In its Order, p. 8, the Court observed that to the extent Plaintiff included facts throughout the proposed second amended complaint about "prior publications of the article, those facts do not attempt to revive the dismissed claim arising from the original publication but merely provide background information for the republication claim." Nevertheless, the Court did note that the Plaintiff's proposed second amended complaint "contains much irrelevant information." The Court offered one example: "the inclusion of six tweets in Plaintiff's statement of facts that have nothing to do with the November 20, 2019 tweet."[1] On page 9 of its Order, the Court repeated that "Plaintiff's complaint is both prolix and replete with irrelevant statements. Still, despite its surplusage the amended complaint does not attempt to reassert claims on which this Court has rendered final judgment."

---

[1] In addition to being "background information for the republication claim", Plaintiff included the six tweets in the second amended complaint for two (2) reasons. First, the six tweets are evidence of prior publications, which under the *Cowman* case, are relevant to Plaintiff's claim that Defendants acted with actual malice in republishing the article on November 20, 2019. Second, Plaintiff included the six tweets because they are relevant to Plaintiff's conspiracy claim.

3. The Court also indicated that Plaintiff had failed to "identify the November 20, 2019 tweet as the basis for his defamation claim in Count I." Yet, the Court noted that Plaintiff had incorporated the allegations in paragraphs 2, 29 and 42(c) of the second amended complaint (all of which specifically identify or refer to the November 20, 2019 tweet) into Count I. Given the express incorporation of paragraphs 2, 29 and 42(c) into Count I, it was unnecessary to add yet another reference to the November 29, 2019 republication. Defendants are clearly on notice. They know full well that Plaintiff's defamation by implication claim is based upon Defendants' republication of the article in November 2019.

4. Plaintiff complied with the Court's Order. Plaintiff removed the false light invasion of privacy claim. Plaintiff in good faith eliminated the "prolixity and irrelevant material" from his remaining claims. Plaintiff did not add to the second amended complaint. Plaintiff subtracted as the Court instructed. Plaintiff eliminated "discussion of case law" supporting his claims, except where Plaintiff believed the cases were especially important to the issues. [*E.g., Second Amended Complaint, ¶ 42(b)* (citing *Cowman v. LaVine*, 234 N.W.2d 114, 121 (Iowa 1975) ("other defamatory publications similar to the one charged are generally admissible on the issue of actual malice, provided they are not privileged … Where it occurs outside court, republication may be relevant as circumstantial evidence probative of the declarant's state of mind—an issue upon which direct evidence is generally lacking")].[2]

5. Importantly, Plaintiff included facts in the second amended complaint in order to conform his pleading to the third amended complaint filed in the companion

---

[2] Lizza's prior publications in 2017, falsely accusing Plaintiff of conspiracy, are clearly relevant and admissible on the issue of actual malice per *Cowman*.

3
Case 5:19-cv-04064-CJW-MAR   Document 100   Filed 07/06/22   Page 3 of 8

case, *Nustar Farms v. Lizza*, Case 5:20-cv-4003-CJW-MAR. Significantly, the Court granted the NuStar Plaintiffs leave to file their third amended complaint. There was no mention of prolixity and/or relevance in the Court's Order. [*Case 5:20-cv-04003-CJW-MAR, Document 187*]. The NuStar Plaintiffs filed their third amended complaint, which includes virtually the same facts as are stated in Plaintiff Devin Nunes's second amended complaint. [*Id., Document 188*]. Defendants filed an answer. [*Id., Document 193*].

6. The evidence of fraud and fabrication by Defendants is shocking. The United States Supreme Court reminds us that freedom of the press under the First Amendment "does not include absolute license to destroy lives or careers." *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 170 (1967) (Warren, C.J., Concurring). The press has no "special immunity from the application of general laws", nor does it have a "special privilege to invade the rights and liberties of others." *Branzburg v. Hayes*, 408 U.S. 665, 684 (1972). "No man has a right to state of another that which is false and injurious to him. A fortiori no man has a right to give it a wider and more mischievous range by publishing it in a newspaper … The liberty of speech and the liberty of the press do not authorize malicious and injurious defamation." *Dexter v. Spear*, 7 F. Cas. 624-625 (1st Cir. 1825) (Story, J.). The Court should be very, very disturbed by what these Defendants did to Devin Nunes and his family.

7. The right to an unimpaired reputation is among the most sacred rights recognized by the common law. High protection of personal reputation derives from the common consent of humankind and has ancient roots. It is highly valued by civilized people. The common law powerfully supports it. "This is a value as old as the Pentateuch and the Book of Exodus, and its command as clear as the Decalogue: 'Thou

4

Case 5:19-cv-04064-CJW-MAR   Document 100   Filed 07/06/22   Page 4 of 8

shall not bear false witness against thy neighbor.' The personal interest in one's own good name and reputation surpasses economics, business practices or money. It is a fundamental part of personhood, of individual standing and one's sense of worth." *Lawnwood Medical Center, Inc. v. Sadow*, 43 So.2d 710, 729-732 (Fla. 4th DCA 2010) (upholding $5,000,000 punitive damage award – "The jury obviously found Lawnwood's offense despicable … Lawnwood set out to destroy Dr. Sadow's career in the community … It was a purposeful act of malevolent destruction of the reputation of one of its surgeons, done repeatedly as a matter of policy. A reasonable jury could conclude that repeatedly defaming the skill and proficiency of a practicing surgeon was likely to have significant and long-lasting public and professional consequences. It could rationally have equated the slanders to feathers loosed into the wind, with no one ever knowing where they all landed or whom they touched. The effects could be seen as insidious and unknowable."). The law of defamation guards the reputations of public figures like Devin Nunes, just as it protects the reputations of every Judge on every Court. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 11-12 (1990) ("Good name in man and woman, dear my lord, Is the immediate jewel of their souls") (quoting WILLIAM SHAKESPEARE, OTHELLO, act 3 scene 3)); *Rosenblatt v. Baer*, 383 U.S. 75, 92-93 (1966) ("'Society has a pervasive and strong interest in preventing and redressing attacks upon reputation.' The right of a man to the protection of his own reputation from unjustified invasion and wrongful hurt reflects no more than our basic concept of the essential dignity and worth of every human being—a concept at the root of any decent system of ordered liberty … Surely if the 1950's taught us anything, they taught us that the poisonous atmosphere of the easy lie can infect and degrade a whole society.").

8. Defendants knowingly published false facts and a baseless narrative about "conspiracy" to **millions** of readers and followers. The Eighth Circuit Court of Appeals has already found that Defendants purposefully avoided the truth when they retweeted the article in November 2019. The damage done to Devin Nunes and his family by these Defendants is irreversible. As the Court has observed in several Orders, the facts contained in Devin Nunes's second amended complaint and in the NuStar Plaintiffs' third amended complaint are well-known to Court and to the parties. The Defendants know what they did. They cannot claim surprise. The Defendants have already answered the NuStar Plaintiffs' substantially similar complaint. They cannot claim undue burden.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above and the hearing of this matter, Plaintiff respectfully requests the Court to deny the Defendants' motion to strike.

DATED:	July 6, 2022

Signature of Counsel on Next Page

DEVIN G. NUNES

By: <u>*/s/ Steven S. Biss*</u>
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:   (202) 318-4098
Email:       stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2022 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendants and all interested parties receiving notices via CM/ECF.

By: /s/ *Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiff*