IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DEVIN G. NUNES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RYAN LIZZA, HEARST MAGAZINES, INC., and HEARST MAGAZINE MEDIA, INC.,<br><br>　　　　Defendants. | No. 19-cv-4064-CJW<br><br>**ORDER** |
| ANTHONY NUNES, JR., ANTHONY NUNES, III, and NUSTAR FARMS, LLC,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>RYAN LIZZA and HEARST MAGAZINE MEDIA, INC.,<br><br>　　　　Defendants. | No. 20-cv-4003-CJW |

　　　　Before me is the Motion to Strike Immaterial and Impertinent Matter from Plaintiff Devin Nunes's Second Amended Complaint by Defendants Ryan Lizza and Hearst Magazine Media, Inc. (Doc. 99.) Plaintiff Devin G. Nunes ("Plaintiff") timely filed a resistance to Defendants' motion. (Doc. 100.) Defendants filed a reply. (Doc. 101.) No hearing on the motion is necessary.

1

## I. BACKGROUND

On June 1, 2022, I granted in part and denied in part Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 90.) Relevant here, I instructed Plaintiff to eliminate "the prolixity and irrelevant material from his remaining claims" by June 15, 2022. (*Id.*) On June 11, 2022, Plaintiff filed his Second Amended Complaint. (Doc. 93.) Defendants now seek an order striking immaterial and impertinent matter from the complaint and granting attorneys' fees. Plaintiff resists arguing that he complied with the order.

## II. RELEVANT LAW

Rule 12 of the Federal Rules of Civil Procedure provides, as follows:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

FED. R. CIV. P. 12(f). A court "enjoy[s] liberal discretion" when ruling on a motion to strike and its ruling is reviewed for abuse of discretion. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Nevertheless, courts recognize that striking pleadings is an extreme measure and thus, such motions "are reviewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). Also, "even matters that are not 'strictly relevant' to the principal claim at issue should not necessarily be stricken, if they provide 'important context and background' to claims asserted or are relevant to some object of the pleader's suit." *Holt v. Quality Egg, L.L.C.*, 777 F. Supp. 2d 1160, 1168–69 (N.D. Iowa 2011) (quoting *Stanbury*, 221 F.3d

2

at 1063). Still, "[a]llegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 867-68 (W.D. Mo. 2012) (alteration, citation, and internal quotation marks omitted). Matters are "immaterial" if they "have no essential or important relationship to the claim for relief." *Resolution Tr. Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). Similarly, matters are "impertinent" when they "do not pertain to the issues in question." *Id.* Scandalous matters are those that cast a derogatory light on someone, usually a party, and bear no relation to the controversy or prejudice the objecting party. *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005).

### III. DISCUSSION

#### A. The Parties' Contentions

Defendants argue the following material should be stricken from Plaintiff's Second Amended Complaint: (1) the six tweets previously identified; (2) allegations related to articles that are not the subject of this defamation action; (3) Plaintiff's discussion of "the Mueller Report;" and (4) allegations of a conspiracy to publish content other than the November 2019 tweet. (Doc. 99-1 at 4-6.) Defendants also argue that the Court should "order Plaintiff's counsel to reimburse Defendants for the fees and costs they incurred in securing enforcement" of the Court's order. (*Id.* at 7-8.)

Plaintiff argues he complied with the Court's order because he removed the false light invasion of privacy claim and removed the prolix and irrelevant material from the remaining claims. (Doc. 100 at 3.) Thus, Plaintiff argues, he only subtracted as the Court instructed. (*Id.*) Plaintiff only addresses the six tweets specifically identified in footnotes. (*Id.* at 2-3.) Plaintiff asserts the tweets are merely background information but also claims the tweets are much more substantial. (*Id.*) Plaintiff argues the six tweets are evidence of prior publications showing actual malice and that the tweets are relevant

3

to Plaintiff's conspiracy claim. (*Id.* at 2 n.1.) Plaintiff also argues that facts remaining in his complaint merely conform with the complaint in the companion case. (*Id.* at 3-4.) Plaintiff suggests that because those facts were not deemed irrelevant and prolix in the companion case they are appropriately included here. (*Id.*) Plaintiff also asserts that Defendants cannot claim undue burden. (*Id.* at 6.) Plaintiff also neglects to address whether the Court should award costs and attorneys' fees.

B.  *Analysis*

  1.  *The Six Tweets*

Rather than deny Plaintiff leave to file his Second Amended Complaint due to its prolixity, I noted its deficiencies and ordered Plaintiff to remove them. Specifically, I identified six tweets that serve no purpose in Plaintiff's Second Amended Complaint because they are irrelevant:

> Plaintiff's second amended complaint contains much irrelevant information. One glaring example is the inclusion of six tweets in Plaintiff's statement of facts that have nothing to do with the November 20, 2019 tweet. (*See* Doc. 86-1 at 11-16.)

(Doc. 90 at 8.) Plaintiff did not comply with the order and those six tweets remained in the complaint after the June 15, 2022 deadline to correct them. (Doc. 93 at 10-15.) The first tweet is from September 30, 2018 and the sixth tweet from March 28, 2019. The seventh tweet in the complaint is the basis of this suit.

Plaintiff's arguments, mostly found in footnotes, provide inadequate justification for inclusion of the six tweets in his second amended complaint. The Eighth Circuit made clear that Plaintiff only adequately alleged actual malice as to the November 2019 tweet which republished the article. *Nunes v. Lizza*, 12 F.4th 890, 900 (8th Cir. 2021). To wit:

> The complaint here adequately alleges that Lizza intended to reach and actually reached a new audience by publishing a tweet about Nunes and

4

Case 5:19-cv-04064-CJW-MAR   Document 102   Filed 07/27/22   Page 4 of 9

> a link to the article. In November 2019, Lizza was on notice of the article's alleged defamatory implication by virtue of this lawsuit.

*Id.* at 900. The Eighth Circuit also made clear that Plaintiff only adequately alleged actual malice because Defendant Lizza "was on notice . . . by virtue of this lawsuit." *Id.* The Eighth Circuit found that only one tweet by plaintiff—the November 20, 2019 tweet of the article—plausibly supported his allegation of actual malice. *Nunes*, 12 F.4th at 899. Thus, the Eighth Circuit remanded this case "for further proceedings on Nunes's claim alleging defamation by implication, and the related claim alleging a common law conspiracy, as to the publication of November 20, 2019." *Id.* at 901.

Plaintiff does not allege in his Second Amended Complaint that Defendant Lizza or anyone else was on notice of the falsity of the article regarding the six irrelevant tweets now at issue. Indeed, Plaintiff fails to explain in his resistance to the instant motion how those six tweets support either of his claims. Critically, the Eighth Circuit considered six similar tweets in Plaintiff's Amended Complaint. (Doc. 23 at 11-16.) But the Eighth Circuit concluded only the November 2019 tweet adequately supported Plaintiff's allegation of actual malice. The Eighth Circuit did not find those other tweets adequately alleged actual malice. Plaintiff fails to provide any justification to include other tweets now. I find nothing in the Seconded Amended Complaint or Plaintiff's resistance that alleges, shows, or otherwise supports the other six tweets are in any way related to actual malice or Plaintiff's claims. Plaintiff even concedes the issue stating "it was unnecessary to add yet another reference to the November 2[0], 2019 republication. . . . [Defendants] know full well that Plaintiff's defamation by implication claim is based upon Defendants' republication of the article in November 2019." (Doc. 100 at 3.) Accordingly, the six tweets have no bearing on this case and have no connection to the alleged defamatory republication at issue. *See Jameson*, 871 F. Supp. 2d at 874.

5

Despite that concession, Plaintiff makes brief assertions in footnotes that the six tweets are not only "background information for the republication claim" but evidence of prior republications and that they are relevant to his conspiracy claim. (Doc. 100 at 2 n.1.) However, the Eighth Circuit was aware of the other tweets and made it clear that further proceedings on Plaintiff's claims alleging defamation by implication, and the related claim alleging a common law conspiracy, are for the November 20, 2019 tweet which published the article. *Nunes*, 12 F.4th at 899. Although the tweets are not identical in the two complaints, no tweets more recent than November 20, 2019 are included in the Second Amended Complaint. *Compare* (Doc. 23 at 11-16) *with* (Doc. 90 at 10-15.)

Plaintiff provides no explanation to show how the tweets are now relevant although he cites *Cowman v. LaVine*, 234 N.W.2d 114, 121 (Iowa 1975) as support for both the relevance and admissibility of the tweets. (Doc. 100 at 3 n.2.) Plaintiff's reliance on *Cowman* is misplaced. *Cowman* dealt with the admissibility of evidence that would otherwise be privileged to address a defendant's wrongful motive. *Cowman*, 234 N.W.2d at 121. There, the Iowa Supreme Court explained that "defamatory publications similar to the one charged are generally admissible on the issue of actual malice, provided they are not privileged" so that actual malice may be inferred because republication may be "probative of the declarant's state of mind." *Id.* That approach to actual malice is not relevant here because the Iowa Supreme Court discarded it. "We discard the old common law wrongful motive standard and adopt . . . the *New York Times* 'knowing or reckless disregard' definition of 'actual malice.'" *Barreca v. Nickolas*, 683 N.W.2d 111, 120 (Iowa 2004) (citing *Price v. Viking Penguin, Inc.*, 881 F.2d 1426, 1433 (8th Cir.1989)) ("[A]ctual malice focuses upon the attitudes of defendants vis-à-vis the truth of their statements, as opposed to their attitudes towards plaintiffs."). Despite this, Plaintiff attempts to inject his subjective beliefs about Defendants' attitudes at every turn. Plaintiff has only alleged actual malice as to the November 20, 2019 tweet because Defendant

6

Lizza was on notice when he made it. Despite knowing this, Plaintiff has failed to allege actual malice as to the other six tweets. Thus, *Cowman* is inapplicable. Regardless, the Eighth Circuit already considered similar tweets and found that Plaintiff only adequately alleged actual malice as to the November 20, 2019 tweet. These six tweets also have nothing to do with the issue of actual malice or the rest of Plaintiff's claims and are irrelevant.

Plaintiff also suggests that much of his Second Amended Complaint merely conforms to the Third Amended Complaint in the companion case to his and therefore it should pose no issue. (Doc. 100 at 3-4.) Defendants' request to strike material from the complaint here, however, does not alter the "common questions of law and fact, including, but not limited to, the truth of the allegations in the article about Defendant NuStar employing undocumented laborers." (Doc. 83.) Striking the items Defendants' request does not change the underlying factual issues and claims. Thus, I find that identical complaints are not necessary simply because these cases are consolidated.

As such, Plaintiff's suggestions, brief footnotes, and the bare assertions therein are unavailing. The six tweets provide no background information related to the relevant republication of the article and are irrelevant to Plaintiff's claims. Thus, I grant Defendants' motion on this ground.

### 2. *Allegations not Related to the Defamation Action*

Defendants argue that the allegations concerning unrelated articles Defendant Lizza wrote while employed by *The New Yorker* should be stricken. (Doc. 99-1 at 5.) Plaintiff's resistance fails to address this issue. I find that these allegations are immaterial and provide no useful background information. (*See* Doc. 93 at 1, 7.) Defendant Lizza's writing for *The New Yorker* has nothing to do with the November 20, 2019 tweet. *See Jameson*, 871 F. Supp. 2d at 874. Thus, I grant Defendants' motion on this ground.

7

### 3. Discussion of the Mueller Report

Defendants argue that Plaintiff's discussion of the Mueller Report should be stricken from Plaintiff's complaint. Again, Plaintiff's resistance fails to address this issue. I also find this discussion of the Mueller Report irrelevant to Plaintiff's claims. *See Jameson*, 871 F. Supp. 2d at 874. As such, I grant Defendant's motion on this ground.

### 4. Allegations Regarding Content Distribution

Defendants also argue that Plaintiff's allegations regarding a conspiracy between Defendant Lizza and third parties should be stricken. (Doc. 99-1 at 5-6.) Yet again, Plaintiff's resistance fails to address this issue. Plaintiff's complaint alleges that the purpose of the conspiracy was to publish false statements and thereby defame him. (Doc. 93 at 29.) To date, he has only adequately alleged actual malice as to the tweet Defendant Lizza made republishing the article. I find that Plaintiff's allegations in his complaint on this issue related to Olivia Nuzzi and her tweet are not related to either count or useful as background information. His musings on third parties are baseless without an allegation of actual malice to support them. *See Jameson*, 871 F. Supp. 2d at 874. Thus, I grant Defendants' motion on this ground.

### 5. Attorneys' Fees

I decline to exercise the inherent authority of the courts to sanction Plaintiff as Defendants urge. (Doc. 99-1 at 7-8.) I am mindful that the previous order only identified the six tweets that Plaintiff ultimately removed from the Second Amended Complaint. Even though I find Plaintiff's footnotes addressing the six tweets unavailing, I do not find that his failure to remove the six tweets warrants a sanction.

8

Case 5:19-cv-04064-CJW-MAR    Document 102    Filed 07/27/22    Page 8 of 9

## IV.   CONCLUSION

For the reasons provided herein, Defendants' Motion to Strike is **GRANTED IN PART AND DENIED IN PART**.  Defendants' motion is **GRANTED** as to the impertinent and immaterial matter to be removed from Plaintiff's Second Amended Complaint.  Defendants' motion is **DENIED** as to the request for sanctions.  Plaintiff shall have until August 8, 2022 to file a Third Amended Complaint removing the material identified above.

**DONE AND ENTERED** this 27th day of July, 2022.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa