IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| | | |
|---|---|---|
| DEVIN G. NUNES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 5:19-cv-4064-CJW-MAR |
| | ) | |
| RYAN LIZZA *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| NUSTAR FARMS, LLC *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case 5:20-cv-04003-CJW-MAR |
| | ) | |
| RYAN LIZZA *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

# DECLARATION OF STEVEN S. BISS

Steven S. Biss states and deposes as follows, under penalty of perjury:

1. I am over 21 years of age and otherwise competent to make this Declaration. I have personal knowledge of the statements contained herein. The statements in this Declaration are accurate to the best of my knowledge, information and belief.

2. I am lead counsel for Plaintiffs in this action.

1

3. I make this Declaration pursuant to Local Civil Rule 37(a). I certify that counsel for Plaintiffs, in good faith, has conferred personally with counsel for the Defendants in an attempt to resolve or narrow by agreement the issues raised by Plaintiffs' motion to compel discovery. The lawyers have been unable to reach an agreement.

4. After multiple conferences between 2020 and September 27, 2022, the unresolved disagreements concern the following subject matters: (a) Defendant Lizza's tax returns, (b) Defendants Lizza and Hearst's respective net worth and financial condition, (c) viewership of the Article and November 20, 2019 Republication, (d) Defendant Lizza's Twitter followers, direct message communications, etc., and (e) evidence of the putative "conspiracy" to hide NuStar's use of illegal workers. In many instances, Defendants refused to search for responsive documents, refused to identify documents they claim to have produced, refuse to produce obviously relevant documents, and hide behind stock objections. *See, e.g., Apollo MedFlight, LLC v. BlueCross BlueShield of Texas*, 2020 WL 520608, at * 3 (N.D. Tex. 2020) ("Serving unsupported and boilerplate or stock objections is not a substitute for, or backdoor means of, requesting extensions of time to serve meaningful and supported objections and responses after further inquiry … General, boilerplate, and unsupported objections preserve nothing and—regardless of a party or an attorney's concerns about what they do not know or have not yet located or may later find—are improper and ineffective") (quotations and citations omitted); *Weems v. Hodnett*, 2011 WL 3100554, at * 1 (W.D. La. 2011) ("General objections such as the ones asserted by [Defendant] are meaningless and constitute a waste of time for opposing counsel and the court. In the face of such

objections, it is impossible to know whether information has been withheld and, if so, why. This is particularly true in cases like this where multiple 'general objections' are incorporated into many of the responses with no attempt to show the application of each objection to the particular request."); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 666-667 (D. Kan. 2004) ("This Court has on several occasions disapproved of the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery. This Court has characterized these types of objections as worthless for anything beyond delay of the discovery. Such objections are considered mere 'hypothetical or contingent possibilities,' where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery. Thus, this Court has deemed such 'ostensible' objections waived, or declined to consider them as objections.") (citations omitted) (quoted in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008)).

5. Defendants' obstructionist behavior has materially impeded Plaintiffs' search for the truth concerning the defamatory implication of the Article and Lizza's Republication of the Article. *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000) ("In order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement,' the discovery rules mandate a liberality in the scope of discoverable material … Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed … The

3

Case 5:19-cv-04064-CJW-MAR    Document 112-9    Filed 10/07/22    Page 3 of 4

party resisting production bears the burden of establishing lack of relevancy or undue burden") (quotations and citations omitted).

Further the affiant saith not.

In accordance with 28 U.S.C. § 1746, I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Executed in Charlottesville, Virginia, on October 7, 2022.

/s/ *Steven S. Biss*
STEVEN S. BISS