# Exhibit A

DEVIN G. NUNES )
)
     Plaintiff, )
)
v. )       <u>Case No. C19-4064-CJW-MAR</u>
)
)
RYAN LIZZA )
<u>et</u> <u>al</u> )
)
     Defendants. )
_____)

# <u>PLAINTIFF'S RULE 26(a)(1) DISCLOSURES</u>

Plaintiff, Devin G. Nunes ("Plaintiff"), by counsel, pursuant to Rule 26(a)(1) Fed.

R. Civ. Pro. ("FRCP"), provides the following Disclosures:

1.    <u>*Individuals Likely to Have Discoverable Information*</u>.   The following

persons are likely to have discoverable information that the Plaintiff may use to support

the facts and allegations in his Complaint [*ECF Document. 1*]:

    a.    <u>Devin G. Nunes</u>, c/o Steven S. Biss, Esquire.  Plaintiff has

knowledge and information relevant to all facts, allegations and claims stated in his

Complaint as it may be amended, including, without limitation, Defendants' publication

of false and defamatory statements, the republication of those statements, Defendants'

actual malice, and the presumed damages and actual damages, including insult, pain,

embarrassment, humiliation, mental suffering, and injury to his reputation, caused by the

Defendants' defamation and conspiracy.

b.      Anthony Nunes and NuStar Farm, LLC, c/o Steven S. Biss, Esquire.  Anthony and NuStar have knowledge of the falsity of Defendants' statements in the Lizza Hit Piece and the impact of those statements on Plaintiff.

c.      Mollie Hemingway,

https://twitter.com/MZHemingway?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor; https://thefederalist.com/author/mzhemingway/.      Hemingway has knowledge of the falsity of Defendants' statements in the Lizza Hit Piece and Lizza's actual malice towards Plaintiff.

d.      Ryan Lizza and Esquire, c/o Counsel of Record.   Lizza and Esquire (Hearst) have knowledge and information relevant to all facts, allegations and claims stated in Plaintiff's Complaint, including, without limitation, Lizza's conspiracy to publish false and defamatory statements, the publication and republication of the Lizza Hit Piece, actual malice, and the damage caused to Plaintiff by the defamation.  Lizza and Esquire (Hearst) also have knowledge of their respective audiences, reach and the breadth of the publication and republications at issue in this case, both online and via various Twitter properties.

e.      Jay Fielden, https://twitter.com/jayfielden?lang=en.   Fielden has knowledge of the editing and publication of the Lizza Hit Piece.

f.      Olivia Nuzzi, Washington, D.C.

https://twitter.com/Olivianuzzi?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor.  Nuzzi has knowledge of Lizza's false and defamatory statements, his actual malice, publication of the Lizza Hit Piece, conspiracy with Lizza to defame Plaintiff, and communications with Lizza about the Lizza Hit Piece and this case.

2

g.     Cable News Network, Inc. (CNN), c/o Dana Nolan, Dana.Nolan@turner.com.   CNN has knowledge of the publication and republication of Lizza's false and defamatory statements.   CNN also has knowledge of Lizza's employment as an "analyst" and of communications with Lizza about Plaintiff and the Lizza Hit Piece.

h.     The New Yorker, https://www.newyorker.com/.  The New Yorker has knowledge of Lizza's employment prior to Esquire (Hearst) and the sexual misconduct allegations that led to Lizza's termination.

2.     *Documents*.   Plaintiff will use the following documents to support his claims:

a.     All documents identified and referred to in the parties' pleadings;

b.     All documents produced in discovery by the parties;

c.     All documents produced by third-parties, including, without limitation, CNN, in response to Rule 45 Subpoenas and FOIA requests.

All documents will be produced electronically upon request in PDF or in native format.

3.     *Computation of Damages*.   Plaintiff computes his damages caused by Defendants' defamation, business disparagement and conspiracy as follows:

A.     Insult – including pain, embarrassment, humiliation, and mental suffering in the sum of **$50,000,000.00**.

B.     Injury to Reputation – in the amount of **$50,000,000.00**.

C.     Prejudgment Interest – interest on the principal sum awarded by the Jury from September 30, 2019 until the date Judgment is entered at the maximum rate under Iowa law.

3

D.    <u>Punitive Damages</u> – in the amount of **$25,000,000.00**.

E.    <u>Costs</u> – **$400**.

Defendants' publication and republication of false factual statements has caused Plaintiff to continuously suffer emotional distress, anxiety, sense of betrayal and deep disappointment, fear that the defaming remarks have reached family, colleagues and other members of the public beyond those who are identified in the Complaint, fear that he has lost standing and credibility, fear that he will never be able to clear his name, fear that he will be attacked again and that he is powerless to stop the defamation, sleeplessness, headaches, and lack of concentration.

In determining the damages claimed in this action, Plaintiff has taken into consideration all of the circumstances surrounding the Defendants' statements, the occasion on which they were made and the extent of the publications and republications, the nature and character of the insult, the probable effect on those who read and heard the statements, and the probable and natural effect upon the Plaintiff's personal feelings and upon his standing in the community and in business.

4.    *Insurance Agreement*.  Plaintiff does not yet know if there is an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against Defendants or to indemnify or reimburse for payments made to satisfy such judgment.

Plaintiff reserves the right to amend and supplement his Rule 26(a)(1) Disclosures in accordance with the Rule 26 FRCP.

DATED:      January 13, 2020

4

DEVIN G. NUNES

By: ___*/s/ Steven S. Biss*___
   Steven S. Biss (VSB # 32972)
   300 West Main Street, Suite 102
   Charlottesville, Virginia 22903
   Telephone: (804) 501-8272
   Facsimile: (202) 318-4098
   Email:  stevenbiss@earthlink.net
   (*Admitted Pro Hac Vice*)

   Joseph M. Feller, Esquire
   (Iowa State Bar No. AT0002512)
   Koopman, Kennedy & Feller
   823 3rd Avenue
   Sibley, Iowa 51249
   Telephone: (712) 754-4654
   Facsimile: (712) 754-2507
   jfeller@kkfellerlaw.com

   *Counsel for the Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 13, 2020 a copy of the foregoing was served

electronically in PDF upon counsel for the Defendants.

By:    */s/ Steven S. Biss*

        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:   (804) 501-8272
        Facsimile:   (202) 318-4098
        Email:      stevenbiss@earthlink.net
        (*Admitted Pro Hac Vice*)

        Joseph M. Feller, Esquire
        (Iowa State Bar No. AT0002512)
        Koopman, Kennedy & Feller
        823 3rd Avenue
        Sibley, Iowa 51249
        Telephone:   (712) 754-4654
        Facsimile:   (712) 754-2507
        jfeller@kkfellerlaw.com

        *Counsel for the Plaintiff*

6