IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **Devin G. Nunes,**<br><br>Plaintiff,<br><br>v.<br><br>**Ryan Lizza, Hearst Magazines, Inc.,** and **Hearst Magazine Media, Inc.,**<br><br>Defendants. | **Case No. 5:19-cv-04064-CJW-MAR** |
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,**<br><br>Plaintiffs,<br><br>v.<br><br>**Ryan Lizza** and **Hearst Magazine Media, Inc.,**<br><br>Defendants. | **Case No. 5:20-cv-04003-CJW-MAR**<br><br>**Defendants' Resisted Motion for Summary Judgment Against Plaintiffs Devin G. Nunes, NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III**<br><br>**(Oral Argument Requested)**<br><br>*Filed Under Seal* |

Defendants Ryan Lizza and Hearst Magazine Media, Inc. ("Defendants") respectfully move the Court, pursuant to Fed. R. Civ. P. 56, for summary judgment against plaintiffs Devin G. Nunes ("the Congressman"), NuStar Farms, LLC ("NuStar"), Anthony Nunes, Jr. ("Anthony Jr."), and Anthony Nunes, III ("Anthony III") (NuStar, Anthony Jr., and Anthony III referred herein collectively as "NuStar Plaintiffs," and the Congressman and NuStar Plaintiffs referred herein collectively as "Plaintiffs"), seeking dismissal of Plaintiffs' claims in their entirety.

In support of this Motion, Defendants state:

1.     Summary judgment is warranted because there is no genuine dispute that Plaintiffs cannot meet their burden to prove essential elements of their defamation claims.

Specifically, Plaintiffs cannot meet their burden to prove Defendants published any false statements about them, they cannot meet their burden to prove Defendants published any false statements with the requisite level of fault, and they cannot prove any damages caused by Defendants' publication. The Congressman moreover cannot show an actionable publication by Defendants in the first place, under California law which governs his claim. Each of these grounds independently warrant dismissal of Plaintiffs' claims in their entirety.

I.  THE NUSTAR PLAINTIFFS PRESENT NO GENUINE ISSUE FOR TRIAL.

2. The NuStar Plaintiffs challenge the suggestion that they knowingly hired undocumented workers, as allegedly published in Defendants' article in *Esquire* magazine in September 2018 (the "Article"). The NuStar Plaintiffs further challenge the purported implication that they "conspired" with the Congressman and others to "hide" the move of his family (including his father Anthony Jr. and his brother Anthony III) to Iowa in 2006 to purchase and run NuStar because of NuStar's knowing use of undocumented workers.

A.  The NuStar Plaintiffs Cannot Prove Falsity of the Challenged Statements.

3. The record reflects that, as a matter of law, the NuStar Plaintiffs cannot prove this challenged claim to be false. The contrary undisputed evidence, on the other hand, is so plain it may well establish that they knowingly hired unauthorized workers ("knowing hire" violations) in contravention of the Immigration Reform and Control Act, 8 U.S.C. § 1324a ("IRCA"), even though it is *not* Defendants' burden to prove NuStar violated federal immigration laws, but the NuStar Plaintiffs' burden to prove Defendants' publication was false. *See Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776–77 (1986). Where the undisputed evidence all tends to point toward the substantial truth of the challenged statement, and the NuStar Plaintiffs lack any evidence of falsity, summary judgment for Defendants must be granted.

4. Moreover, the alleged implication that the NuStar Plaintiffs "conspired" to hide

their use of undocumented labor is substantially true as a matter of fact and law. It alleges no defamatory gist or sting beyond what is alleged in the NuStar Plaintiffs' Count I concerning their claimed knowing use of undocumented labor. Count II must be dismissed as well.

### B. The NuStar Plaintiffs Cannot Prove the Requisite Fault.

5. The NuStar Plaintiffs cannot show any evidence that Defendants published with the requisite level of fault. Even under a negligence standard, they would have no evidence Lizza or Hearst failed to adhere to professional journalism standards. *See Johnson v. Nickerson*, 542 N.W.2d 506, 511 (Iowa 1996).

6. In any event, the appropriate standard for fault here is actual malice, as the NuStar Plaintiffs show all the indicia of being limited purpose public figures, which discovery has confirmed. They have no evidence that could meet their burden to prove actual malice, clearly and convincingly.

### C. The NuStar Plaintiffs Have Not Been Harmed by Defendants.

7. The NuStar Plaintiffs have produced no evidence of damages, an essential element of their claims, requiring dismissal for this additional reason. *See Bierman v. Weier*, 826 N.W.2d 436, 447 (Iowa 2013).

## II. THE CONGRESSMAN'S CLAIM FAILS AS A MATTER OF LAW

8. The Congressman alleges he was defamed by the purported implication in the Article that Plaintiffs "conspired" to hide the family's move to Iowa because of NuStar's use of undocumented labor, implying he knew about NuStar's hiring practices. The Congressman's claim is limited to Lizza's tweet of a hyperlink to the Article on November 20, 2019 (the "Link"), after the Congressman filed his initial Complaint. The Eighth Circuit previously affirmed he could not state a claim as to the publication of the Article itself, but held his allegations were "suggestive enough to render it plausible" that Lizza acted with actual malice

when he posted the Link on his Twitter account. *See Nunes v. Lizza*, 12 F.4th 890, 899–01 (8th Cir. 2021). Like the NuStar Plaintiffs, though, his claim cannot survive summary judgment.

### A. Under California Law, Which Applies to the Congressman's Claim, He Cannot Show an Actionable Publication.

9. Discovery has established that, pursuant to Iowa's choice of law rules, California law applies to the Congressman's case. The Congressman is a long-time resident of California who represented the same area of the state for the 19 years he spent in the U.S. Congress.

10. Under California law, a mere posting of a hyperlink is not a republication as a matter of law. The Link therefore did not republish the Article and cannot sustain the Congressman's claim.

11. Moreover, Hearst played no role in posting the Link and is not a proper Defendant for the Congressman's claim for that additional reason. By the time he posted the Link, Lizza's engagement with Hearst had ended, and he could not publish on Hearst's behalf.

### B. The Congressman Cannot Prove Falsity as a Matter of Law.

12. The Congressman cannot meet his burden to prove the Article is false, as he lacks any evidence of falsity, and the evidence in the record all tends to prove the challenged implication is in fact substantially true. He admitted that he is familiar with his family's hiring practices, which necessarily lead to the potential use of undocumented labor—the Eighth Circuit held such "verifiable" facts could support a showing that the Congressman had knowledge of NuStar's unauthorized hiring. *Nunes*, 12 F.4th at 898.

### C. The Congressman Cannot Meet His Burden to Prove Fault.

13. On the motion to dismiss, the Eighth Circuit accepted as "plausible" that Lizza had actual malice as to the alleged implication. *Nunes*, 12 F.4th at 901. But plausibility is not enough to withstand summary judgment if discovery does not support the allegations.

14. The Congressman cannot meet his burden to prove, with clear and convincing evidence, that Lizza intended to convey the alleged implication, or that Lizza subjectively knew the implication to be false. As with the other elements of his claim, the Congressman can point to no evidence of actual malice, while the undisputed record all points toward Lizza's strong and sincere belief that what he reported was accurate.

### D. The Congressman Has Not Been Damaged.

15. Because the Congressman failed to comply with California's retraction statute, he is limited to special damages caused by the Link, which he cannot prove. *See Anschutz Ent. Grp., Inc. v. Snepp*, 171 Cal. App. 4th 598, 640–41 (2009).

16. The Congressman does not even plead "special damages," or specific economic or pecuniary loss suffered. Cal. Civ. Code § 48a. He has also produced no evidence of such damages, which is fatal to his claim under California law.

17. Filed contemporaneously herewith, pursuant to Local Rule 56(a), are a Statement of Undisputed Material Facts, Brief, and Appendix.

WHEREFORE, Defendants Ryan Lizza and Hearst Magazine Media, Inc. respectfully request that this Court, in reliance upon all of the pleadings, proceedings, filings, and matters properly before the Court and based on the accompanying briefing, dismiss Plaintiffs' claims in their entirety and with prejudice and enter judgment for Defendants.

*[signature block on next page]*

Dated: October 25, 2022.                **Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel\**
  *jdonnellan@hearst.com*
Ravi R. Sitwala*
  *rsitwala@hearst.com*
Nathaniel S. Boyer*
  *nathaniel.boyer@hearst.com*
Sarah S. Park*
  *sarah.park@hearst.com*
Nina Shah*
  *nina.shah@hearst.com*
Kristen Hauser*
  *khauser@hearst.com*
The Hearst Corporation
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
  *michael.giudicessi@faegredrinker.com*
Nicholas A. Klinefeldt
  *nick.klinefeldt@faegredrinker.com*
Susan P. Elgin
  *susan.elgin@faegredrinker.com*
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

Scott W. Wright*
  *scott.wright@faegredrinker.com*
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center/90 S. 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
*\*Admitted Pro Hac Vice*

**Attorneys for Defendants**

**Certificate of Service**

The undersigned certifies that a true copy of **Defendants' Motion for Summary Judgment Against Plaintiffs Devin G. Nunes, NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III** was served upon the following parties through the Court's CM/ECF electronic filing system on October 25, 2022.

           /s/ Jonathan R. Donnellan
Copy to:           Jonathan R. Donnellan

Bill McGinn
 *bmcginn@mcginnlawfirm.com*
Steven S. Biss
 *stevenbiss@earthlink.net*

*Attorneys for Plaintiffs*