IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **Devin G. Nunes,** | Case No. 5:19-cv-04064-CJW-MAR |
| Plaintiff, | |
| v. | |
| **Ryan Lizza, Hearst Magazines, Inc.,** and **Hearst Magazine Media, Inc.,** | |
| Defendants. | |
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,** | Case No. 5:20-cv-04003-CJW-MAR |
| Plaintiffs, | **Defendants' Resisted Motion to Unseal Certain Documents Supporting Their Motion for Summary Judgment** |
| v. | |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | **(Oral Argument Requested)** |
| Defendants. | |

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst") (collectively, "Defendants") respectfully move the Court to unseal ("Motion to Unseal") certain documents filed in support of their motion for summary judgment filed on October 25, 2022 ("Summary Judgment Motion") against plaintiffs Devin G. Nunes ("the Congressman"), NuStar Farms, LLC ("NuStar"), Anthony Nunes, Jr. ("Anthony Jr."), and Anthony Nunes, III ("Anthony III") (NuStar, Anthony Jr., and Anthony III referred herein collectively as "NuStar Plaintiffs," and the Congressman and NuStar Plaintiffs referred herein collectively as "Plaintiffs").

In support of this Motion, Defendants state:

1.      Defendants' Summary Judgment Motion includes 226 exhibits and sub-exhibits, the large majority of which are not at issue in the present Motion to Unseal. Defendants object to the continued sealing of portions of: 28 exhibits in the Appendix to the Summary Judgment Motion; the brief in support of the Summary Judgment Motion ("Brief"); and the Statement of Undisputed Material Facts ("SUMF"). The material at issue that Defendants seek to unseal by this Motion to Seal is referred to collectively as the "Sealed Material."

2.      For the Court's ease of reference, Defendants enumerate the documents they seek to unseal, in whole or in part, in the chart in Annex A, attached to the brief in support of the Motion to Unseal. Defendants moreover attach to the Motion to Unseal the specific exhibits sought to be partially or wholly unsealed, with Defendants' proposed continued redactions submitted under seal.

3.      Defendants' proposed redactions would ensure that the public filings would not contain "personal identity information" ("PII"), sensitive financial information, or other information legitimately protected under the parties' Protective Order or applicable local or federal rules.

4.      The Sealed Material at issue—considering Defendants' proposed redactions—excludes any information intended for protection by the Protective Order governing the case, Federal Rule 26(c), or Local Civil Rule 10(g). Plaintiffs thus cannot show the good cause necessary to maintain the Sealed Material under seal, as required under Federal Rule 26(c).

5.      Plaintiffs moreover cannot overcome the presumption in favor of public access to the Sealed Material under common-law principles and the First Amendment, and the public interest and right to access evidence underlying a dispositive motion ruling. *See, e.g.*, *Steele v. City of Burlington*, 334 F. Supp. 3d 972, 978 (S.D. Iowa 2018) (unsealing records that played "a

role in the adjudicative process" of considering summary judgment cross-motions).

6. Filed contemporaneously herewith are a brief ("Brief"), as well as selected documents and exhibits that were filed in support of the Summary Judgment Motion with Defendants' proposed redactions (if any).

7. The undersigned counsel for Defendants conferred with counsel for Plaintiffs pursuant to Local Rule 7(k). Specifically, on October 27, 2022, Defendants' counsel raised with Plaintiffs' counsel, via email, the issues that are the subject of this motion. Defendants' counsel relayed that Defendants believed the Brief and SUMF did not warrant continued sealing and, insofar as Plaintiffs wished to designate any material in the SUMF and Brief (which, *inter alia*, cited material from Plaintiffs' depositions and other exhibits) as Confidential or CEO under the Protective Order, Defendants formally objected to such designations pursuant to the procedure in Paragraph 15 of the Protective Order. Plaintiffs' counsel responded on October 27, 2022, stating that Plaintiffs "stand by all prior designations pursuant to the Protective Order" and "do not believe that discussion with [Defendants] is productive or that [Defendants] are operating in good faith."

WHEREFORE, Defendants Ryan Lizza and Hearst Magazine Media, Inc. respectfully request that this Court, in reliance upon all of the pleadings, proceedings, filings, and matters properly before the Court and based on the accompanying briefing, unseal the Sealed Material in their entirety, in accordance with Defendants' proposal in Annex A to the Brief and the proposed redactions in the attached exhibits filed under seal.

[signature block on next page]

| Dated: November 7, 2022. | **Ryan Lizza and Hearst Magazine Media, Inc., Defendants** |
|---|---|

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel\**
  *jdonnellan@hearst.com*
Ravi R. Sitwala\*
  *rsitwala@hearst.com*
Nathaniel S. Boyer\*
  *nathaniel.boyer@hearst.com*
Sarah S. Park\*
  *sarah.park@hearst.com*
Nina Shah\*
  *nina.shah@hearst.com*
Kristen Hauser\*
  *khauser@hearst.com*
The Hearst Corporation
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
  *michael.giudicessi@faegredrinker.com*
Nicholas A. Klinefeldt
  *nick.klinefeldt@faegredrinker.com*
Susan P. Elgin
  *susan.elgin@faegredrinker.com*
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

Scott W. Wright\*
  *scott.wright@faegredrinker.com*
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center/90 S. 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
*\*Admitted Pro Hac Vice*

**Attorneys for Defendants**

## Certificate of Service

The undersigned certifies that a true copy of **Defendants' Resisted Motion to Unseal Certain Documents Supporting Their Motion for Summary Judgment Against Plaintiffs Devin G. Nunes, NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III** was served upon the following parties through the Court's CM/ECF electronic filing system on November 7, 2022.

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan

Copy to:

Bill McGinn
 bmcginn@mcginnlawfirm.com
Steven S. Biss
 stevenbiss@earthlink.net

*Attorneys for Plaintiffs*