IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **Devin G. Nunes,** | **Case No. 5:19-cv-04064-CJW-MAR** |
| Plaintiff, | |
| v. | |
| **Ryan Lizza, Hearst Magazines, Inc.,** and **Hearst Magazine Media, Inc.,** | |
| Defendants. | |
| **NuStar Farms, LLC, Anthony Nunes, Jr.,** and **Anthony Nunes, III,** | **Case No. 5:20-cv-04003-CJW-MAR** |
| Plaintiffs, | **Defendants' Brief in Support of Their Resisted Motion to Unseal Certain Documents Supporting Their Motion for Summary Judgment** |
| v. | |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | **(Oral Argument Requested)** |
| Defendants. | |

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst") (collectively, "Defendants") respectfully submit this brief in support of their resisted motion to unseal ("Motion to Unseal") non-confidential documents filed in support of their motion for summary judgment filed on October 25, 2022 ("Summary Judgment Motion") against Plaintiffs Devin G. Nunes (the "Congressman"), NuStar Farms, LLC ("NuStar"), Anthony Nunes, Jr. ("Anthony Jr."), and Anthony Nunes, III ("Anthony III") (NuStar, Anthony Jr., and Anthony III are referred to collectively as "NuStar Plaintiffs," and the Congressman and NuStar Plaintiffs are referred to collectively as "Plaintiffs").

**Table of Contents**

INTRODUCTION ................................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND .................................................... 2

ARGUMENT .................................................................................................................... 5

I.      Plaintiffs Cannot Show Good Cause to Maintain the Material at Issue Under Seal,
        as Required Under Federal Rule of Civil Procedure 26(c). ................................. 5

II.     Plaintiffs Cannot Overcome the Right of Access to the Sealed Material Under
        Common-Law Principles and the First Amendment. ......................................... 8

CONCLUSION .............................................................................................................. 11

ANNEX A ...................................................................................................................... 14

## Table of Authorities

**Cases**

*Bertroche v. Mercy Physician Assocs., Inc.*,
  No. 18-CV-59, 2019 WL 7761810 (N.D. Iowa Dec. 16, 2019) ................................6, 7, 9, 11

*Doe v. Exxon Mobile Corp.*,
  570 F. Supp. 2d 49 (D.D.C. 2008) ................................................................................9, 10, 11

*Fant v. City of Ferguson*,
  No. 15-CV-00253, 2019 WL 4221515 (E.D. Mo. Sept. 5, 2019).....................................5, 6, 7

*FTC v. Standard Fin. Mgmt. Corp.*,
  830 F.2d 404 (1st Cir. 1987)................................................................................................6

*IDT Corp. v. eBay*,
  709 F.3d 1220 (8th Cir. 2013) ...................................................................................8, 9, 10

*In re Iowa Freedom of Info. Council*,
  724 F.2d 658 (8th Cir. 1983) ...............................................................................................8

*Jessup v. Luther*,
  277 F.3d 926 (7th Cir. 2002) ...............................................................................................9

*John Bean Techs. Corp. v. Morris & Assocs., Inc.*,
  No. 15-CV-02211, 2019 WL 4246696 (W.D. Ark. Sept. 6, 2019)..........................................7

*Littlejohn v. BIC Corp.*,
  851 F.2d 673 (3d Cir. 1988).............................................................................................10

*Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*,
  534 F. Supp. 3d 1038 (D. Minn. 2021)............................................................................9, 10

*Mills v. Iowa*,
  924 F. Supp. 2d 1016 (S.D. Iowa 2013) ..............................................................................9

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978)............................................................................................................8

*Press-Enter. Co. v. Super. Ct. of Cal., Cnty. of Riverside*,
  478 U.S. 1 (1986)...............................................................................................................9

*Procter & Gamble Co. v. Bankers Tr. Co., BT*,
  78 F.3d 219 (6th Cir. 1996) ...............................................................................................11

*Republic of Philippines v. Westinghouse Elec. Corp.*,
   949 F.2d 653 (3d Cir. 1991)............................................................................10

*Richmond Newspapers, Inc. v. Virginia*,
   448 U.S. 555 (1980)......................................................................................9

*Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*,
   145 F.R.D. 92 (S.D. Iowa 1992) ....................................................................8

*Scott v. City of Sioux City, Iowa*,
   96 F. Supp. 3d 898 (N.D. Iowa 2015)........................................................9, 10, 11

*Skolnick v. Altheimer & Gray*,
   730 N.E.2d 4 (Ill. 2000) ............................................................................11

*Steele v. City of Burlington*,
   334 F. Supp. 3d 972 (S.D. Iowa 2018) .........................................................5, 6

*United States ex rel. Barko v. Halliburton Co.*,
   4 F. Supp. 3d 162 (D.D.C. 2014) ...............................................................11

## Other Authorities

Fed. R. Civ. P. 26(c) ......................................................................... *passim*

# INTRODUCTION

Defendants seek an order prior to the upcoming hearing on Defendants' Summary Judgment Motion on January 6, 2023, unsealing supporting evidence to which Plaintiffs made blanket confidentiality designations during discovery, which they have declined to withdraw. Continued sealing of such evidence is unjustified by the Protective Order, inconsistent with applicable law, and will interfere with the orderly administration of justice, insofar as it would require this Court to either close the courtroom during summary judgment arguments, or order counsel to refrain from citing relevant evidence and arguments based on that evidence during oral argument, frustrating the parties' ability to present their cases effectively and respond to the Court's questions.

This motion is modest in its aim. Defendants' Summary Judgment Motion includes 226 exhibits and sub-exhibits, most of which are not at issue. Over 130 exhibits have been publicly filed (some with redactions that are not challenged). *See Nunes* [ECF No. 121].[1] Another 64 exhibits are filed entirely under seal, and sealing is not contested because they include NuStar employees' sensitive private information. *See id.* This Motion to Unseal is limited to the brief in support of the Summary Judgment Motion ("Brief"), the Statement of Undisputed Material Facts ("SUMF"), and portions of 28 exhibits in the Appendix. The portions of the filings and exhibits at issue that Defendants seek to unseal are referred to collectively as the "Sealed Material."

For the Court's ease of reference, the documents sought to be unsealed, in whole or in part, are listed and described in the attached chart in Annex A. In addition, the specific documents at issue are attached to the motion with Defendants' proposed continued redactions, submitted under seal. Defendants' proposed redactions are limited primarily to "personal

---

[1] References to the docket in *Nunes v. Lizza*, No. 19-cv-4064 are denoted as "*Nunes* [ECF No. __]." References to the docket in *NuStar v. Lizza*, No. 20-cv-4003 are denoted as "*NuStar* [ECF No. __]."

1

identity information" ("PII"), and the names of vulnerable individuals who have been identified in Defendants' Brief and SUMF only by their initials or by number (*e.g.*, "Source 1").[2] Specifically, these individuals are the reporter's unnamed sources and workers at NuStar, many of whom appear to be undocumented and some of whom invoked their Fifth Amendment rights during depositions. Aside from those redactions, continued sealing is not warranted as a matter of law or fact under the Protective Order, the Federal Rules of Civil Procedure, federal common law, or the Constitution.

The Sealed Material designated as Confidential or CEO by Plaintiffs include centrally important documents such as the NuStar Plaintiffs' entire deposition transcripts, and the Brief and SUMF, which refer to and make arguments based upon those documents. As a result, this Court's treatment of the Sealed Material necessarily will have an outsized impact on its ability to adjudicate this case in an efficient and transparent manner.

While Defendants have initiated this Motion, it is Plaintiffs' burden to justify continued sealing of the Sealed Materials. This they cannot do. Their blanket approach to confidentiality designations, while perhaps convenient during the discovery stage, cannot stand at the summary judgment stage, where it prejudices the effective and efficient determination of Defendants' pending dispositive Summary Judgment Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court entered a Protective Order on January 27, 2022 in *Nunes* [ECF No. 82], and on December 3, 2020 in *NuStar* [ECF No. 63]. The two Protective Orders are substantively similar and referred to collectively as the "Protective Order."

---

[2]    It is important to note that Defendants carefully avoided using the full names of any such individuals, or any PII attributed by name, in their Brief and SUMF, precisely to avoid the need for sealing those key documents. With narrow exceptions of certain PII in the SUMF, the Brief and SUMF should be unsealed in their entirety.

Under the Protective Order, a party may designate material as "Confidential" to protect information within the scope of Federal Rule of Civil Procedure 26(c), including:

> a. information prohibited from disclosure by statute or regulation; b. information that reveals trade secrets or proprietary business information; c. research, technical, commercial, newsgathering, or financial information that the party has maintained as confidential; d. medical information concerning any individual; e. personal identity information, including but not limited to names, addresses, workplaces or employers, birthdates, citizenship, contact information, taxpayer identification numbers, Social Security numbers, driver license numbers and/or alien registration numbers; f. income tax returns; and g. personnel or employment records of a party or a person who is not a party to the case.

Protective Order ¶ 3. A party may further designate Confidential information as "Counsel's Eyes Only" ("CEO") that "the disclosing party reasonably believes is so sensitive that it could jeopardize the safety, security, or well-being of a party or an individual or cause substantial harm to that party or a nonparty, if disclosed to persons other than Counsel." Protective Order ¶ 4.

Plaintiffs designated considerable material in discovery as CEO, including the entire deposition transcripts of each of the NuStar Plaintiffs without regard to topic, in addition to the entire deposition transcripts of Anthony III's wife Lori Nunes ("Lori"), and of his mother Toni Dian Nunes ("Dian").

Pursuant to the Court's order of October 20, 2022, Defendants filed their Summary Judgment Motion and all supporting documents—including the Brief, SUMF, and Appendix— entirely under seal on October 25, 2022. *See* ECF Nos. 115, 118. The Court granted Defendants a seven-day extension, or until November 1, 2022, to file a redacted, public version of the Summary Judgment Motion and supporting documents. *See* ECF No. 115.

On October 27, 2022, Defendants' counsel informed Plaintiffs' counsel that Defendants believed the Brief and SUMF did not warrant continued sealing and, insofar as Plaintiffs wished to designate any material in the SUMF and Brief (which, *inter alia*, cited material from

Plaintiffs' depositions and other exhibits) as Confidential or CEO under the Protective Order,

Defendants formally objected to such designations pursuant to the procedure in Paragraph 15 of

the Protective Order. That provision states that upon receipt of such an objection:

> If the designating party fails to agree to remove or modify the designation in accordance with the objection within ten (10) days of its receipt of the written objection, the non-designating party may move the Court for an Order declaring such material not Confidential or Counsel's Eyes Only. The party asserting that the material is Confidential or Counsel's Eyes Only shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order.

Protective Order ¶ 15.

Plaintiffs' counsel responded on October 27, 2022, stating that Plaintiffs "stand by all

prior designations pursuant to the Protective Order" and "do not believe that discussion with

[Defendants] is productive or that [Defendants] are operating in good faith."

Consistent with the Court's orders including the Protective Order, on November 1, 2022,

Defendants filed a public, redacted version of the Summary Judgment Motion and supporting

documents, applying redactions pursuant to Plaintiffs' designations except in limited cases where

the Court previously made such material public. *See* ECF Nos. 115, 121, 122. In an abundance

of caution, Defendants further applied redactions in the Brief and SUMF to characterizations or

summaries of material designated by Plaintiffs as Confidential or CEO, even though such

characterizations or summaries were anonymized—for example, the Brief and SUMF do not

identify any NuStar employee other than the NuStar Plaintiffs, Lori, and Dian ("NuStar

Employee") by their full name, nor do they attribute any private information to a NuStar

Employee by full name. *See* ECF Nos. 121-1, 121-2, 122. Defendants, on the other hand,

relinquished some of their earlier confidentiality designations by publicly filing numerous

documents they had previously marked Confidential or CEO in discovery including most

newsgathering materials, narrowing their designations primarily to information that may identify Lizza's unnamed sources. *See* ECF No. 122 ¶ 2.

In the 10 days that elapsed since Defendants' written objection to Plaintiffs' counsel on October 27, 2022, Plaintiffs have not agreed to remove or modify any designations of Confidential or CEO material in connection with any part of the Summary Judgment Motion.

## ARGUMENT

None of the Sealed Material at issue—considering Defendants' proposed redactions—is protected under the Protective Order, Federal Rule 26(c), or Local Civil Rule 10(g). Plaintiffs have not shown and cannot show the good cause necessary to maintain the Sealed Material under seal, as required under Federal Rule 26(c). Nor can Plaintiffs justify continued sealing in light of prevailing common law and constitutional standards. This is particularly so given that continued sealing would prejudice Defendants and interfere with adjudication of their pending Summary Judgment Motion, scheduled for oral argument on January 6, 2023. *See, e.g.*, *Steele v. City of Burlington*, 334 F. Supp. 3d 972, 978 (S.D. Iowa 2018) (unsealing records that played "a role in the adjudicative process" of considering summary judgment cross-motions).

### I. Plaintiffs Cannot Show Good Cause to Maintain the Material at Issue Under Seal, as Required Under Federal Rule of Civil Procedure 26(c).

Plaintiffs cannot meet their burden to show "good cause" to maintain the Sealed Material under seal, as required by Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Fant v. City of Ferguson*, No. 15-CV-00253, 2019 WL 4221515, at *3 (E.D. Mo. Sept. 5, 2019).

Even if *arguendo* the Sealed Material met the standard for designation as Confidential or CEO under the Protective Order, satisfying the terms of the Protective Order would not in and of itself show "good cause" under Rule 26(c) to keep a filing in federal court under seal. *Fant*, 2019 WL 4221515, at *3 ("To establish good cause, [plaintiffs] cannot rely solely on the

stipulated protective order entered in this case."); *Bertroche v. Mercy Physician Assocs., Inc.*, No. 18-CV-59, 2019 WL 7761810, at *2 (N.D. Iowa Dec. 16, 2019) (Williams, J.) ("Although the exhibits may have been covered by the protective order, the district court has discretion in maintaining the trial record.").

Here, the Sealed Material was not properly designated as Confidential or CEO under the Protective Order in the first place, and Plaintiffs cannot otherwise identify any legitimate reason to continue shielding the Sealed Material from public view. *Fant*, 2019 WL 4221515, at *3 ("[B]road, stipulated protective orders . . . . often promote expeditious processing of civil litigation. But when challenged, the burden remains with the party seeking to maintain protection under a stipulated order to demonstrate good cause."); *Steele*, 334 F. Supp. 3d at 985 (finding good cause for withholding records requires "a particular factual demonstration of potential harm, not on conclusory statements") (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987)).

The Protective Order, entered pursuant to Federal Rule 26(c), permits a party to apply a Confidential designation to PII, trade secret, financial, and other sensitive information that is largely coterminous with the types of information governed by Local Civil Rule 10(g).

Defendants limit the scope of the challenged Sealed Material (with proposed continued redactions) so that the Motion to Unseal will not affect information properly deemed Confidential or CEO under the Protective Order, or requiring redaction under Local Civil Rule 10(g). For example, the Brief—which Defendants submit should be filed publicly in its entirety—discusses NuStar I-9 forms in an aggregate, anonymized fashion, or describes features of identification ("ID") or work authorization documents (such as expiration dates) without including ID numbers or similar PII. The Brief and SUMF (with proposed redactions) do not

identify NuStar Employees by name, but only by initials if at all, so it is necessarily true that no personal or sensitive information is attributable to any named employee. *See NuStar* [ECF No. 163], at 1 n.1 ("redaction of names of third parties and sources. . . . is appropriate").

The Sealed Material likewise does not reveal trade secret, proprietary business information, or other genuinely Confidential or CEO information under the Protective Order. Therefore good cause to maintain the information under seal is not presented. *See Bertroche*, 2019 WL 7761810, at *3 (finding "no justification" for sealing documents where no "private information or financial data is attributed by name to" any individual other than the plaintiff who did not object, and financial data "appear only as numbers but are not linked to any" individual, so no "individual privacy interest [is] at stake").

Insofar as Plaintiffs fear "negative attention" from the Sealed Material, "[a] claim that public disclosure of information will be harmful to [plaintiffs'] reputation is not good cause for a protective order." *Fant*, 2019 WL 4221515, at *4 (first alteration in original) (citation omitted). "This Court belongs to the public. It is a forum for the public resolution of disputes. Where there is no good cause to keep filed material from public view, the Court is reluctant to do so." *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, No. 15-CV-02211, 2019 WL 4246696, at *8 (W.D. Ark. Sept. 6, 2019). "Because Rule 26(c) good cause is not apparent from the face of the filings kept from public view," this Court should grant access. *Id.*

If the Sealed Material (including large portions of the Brief and SUMF, and entire party depositions) were to remain under seal, then at the hearing in open court on the Summary Judgment Motion both the Court and the parties would be severely constrained in their ability to refer to the record and to pose and respond to questions. This would be unduly prejudicial to the parties and the administration of justice, while the alternative—a sealed courtroom—would

contravene the strong public interest in and right to access summary judgment records and civil court proceedings. *See In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir. 1983) (the public "has a great interest in the fairness of civil proceedings" that is fostered by their right to attend hearings); *infra* at 9–10. To avoid such prejudice or potentially running afoul of common law and constitutional guarantees of public access to court proceedings, the Court should permit the public's access to the Sealed Material, subject to Defendants' proposed redactions. *See Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 145 F.R.D. 92, 96 (S.D. Iowa 1992) (noting "the goal that the Court only grant as narrow a protective order as is necessary" (citation omitted)).

While the summary judgment hearing would be greatly impacted if Plaintiffs' broad designations were permitted to stand and material non-confidential facts and arguments remained under seal, the difficulties would be compounded at any trial of these cases.[3]  Plaintiffs' blanket designations and refusal to lift them make even less sense given that it is they who initiated these proceedings and invoked the power of this Court to resolve their claim.

## II.     Plaintiffs Cannot Overcome the Right of Access to the Sealed Material Under Common-Law Principles and the First Amendment.

Plaintiffs cannot overcome the presumption favoring public access to judicial records under well-established common-law and constitutional principles.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

---

[3]     Defendants' present objections to Plaintiffs' confidentiality designations, and the present Motion to Unseal, are expressly limited to the Summary Judgment Motion, and Defendants reserve all rights to seek to unseal additional information including the complete names of NuStar Employees at a later stage of this suit. If the NuStar Plaintiffs are necessarily called to the stand in the trial of their own defamation suit, their testimony—including about their employees who are the subject of their claims—cannot justifiably be sealed from the public's view.

(1978)).  A "judicial record" is one that "play[s] a role in . . . the 'adjudicatory process.'"  *Scott v. City of Sioux City, Iowa*, 96 F. Supp. 3d 898, 908 (N.D. Iowa 2015) (citation omitted); *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021) ("Consistent with Eight Circuit precedent . . . .  all documents properly filed by a litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access.").  The First Amendment, moreover, provides for a right of access to judicial documents where there is "(1) a historical tradition of accessibility, and (2) a significant positive role for public access in the functioning of the judicial process in question."  *IDT*, 709 F.3d at 1224 n.* (citing *Press-Enter. Co. v. Super. Ct. of Cal., Cnty. of Riverside*, 478 U.S. 1, 8 (1986)); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 560–62 (1980); *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) (concealing records "concern[ing] issues in which the public has an interest . . . disserves the values protected by the free-speech and free-press clauses of the First Amendment" and prevents public from "monitor[ing] judicial performance adequately").

This Court has considered six factors when deciding whether a judicial record should remain under seal, in view of the public's right to access judicial records:

> (1) The need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Bertroche*, 2019 WL 7761810, at *1 (citing *Doe v. Exxon Mobile Corp.*, 570 F. Supp. 2d 49, 52 (D.D.C. 2008)).  These six factors strongly favor public access to the Sealed Material.

As to the **first** and **sixth** factors, sealing is particularly disfavored on dispositive motions, which is akin to a trial on paper.  *See Mills v. Iowa*, 924 F. Supp. 2d 1016, 1027 (S.D. Iowa 2013) (summary judgment is "well-accepted" procedure in which "the constitutional right to jury

9

trial is at stake") (citation omitted). The interest in and need for public access to the Sealed Material "weighs heavily against" sealing, as it "go[es] to the heart of the analysis" of the Summary Judgment Motion, a dispositive motion with the potential to resolve the entire case. *Exxon Mobile*, 570 F. Supp. 2d at 52; *see also Marden's Ark*, 534 F. Supp. 3d at 1048 ("How and why a court decides whether litigation . . . may proceed are matters in which the public has keen interest . . . ."); *Scott*, 96 F. Supp. 3d at 909 (holding judicial record "strongly implicat[ed]" right of access as it "addressed the scope of the plaintiff's claims and the scope of the issues that she would be able to assert").

The redacted Sealed Material in the Brief and SUMF, and the related Sealed Material in the Appendix, directly concern Plaintiffs' claims and the essential elements of them they must prove, including that the Article is false, and whether Defendants had the requisite fault in publishing or Plaintiffs can show the requisite damages. *See* ECF Nos. 118-1, 118-2, 121-1, 121-2. As the Third Circuit put it in upholding the right of access to summary judgment papers:

> [T]he public's exercise of its common law access right in civil cases promotes public confidence in the judicial system. . . . Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660 (3d Cir. 1991) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *see also Marden's Ark*, 534 F. Supp. 3d at 1044–45 (strength of interest in access to records depends on "the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts") (quoting *IDT Corp.*, 709 F.3d at 1224). Given the central importance of the Sealed Material to the merits of this consolidated suit, the first factor weighs heavily in favor of unsealing it.

On the **second** factor, while the Sealed Material largely has not been made publicly

available before, this factor alone does not support sealing given the importance of public access to judicial records on a dispositive motion. *See Exxon Mobile*, 570 F. Supp. 2d at 52–53. This is particularly true where, as here, Plaintiffs have over-designated entire transcripts through blanket claims of confidentiality, with no articulated justification or attempt to narrow their claims, and no prior adjudication of those claims.

Regarding the **third** and **fifth** factors, Plaintiffs cannot demonstrate any true prejudice to unsealing relevant evidence, including their own testimony, on a dispositive motion in a case they filed. Importantly, "[t]he objecting party here is a party to the litigation, not a third party," which favors disclosure. *Id.* at 53. Any potential "embarrassment" to Plaintiffs does not justify continued sealing. *Scott*, 96 F. Supp. 3d at 910–11 ("secrecy for secrecy's sake" may not justify sealing) (quoting *United States ex rel. Barko v. Halliburton Co.*, 4 F. Supp. 3d 162, 170 (D.D.C. 2014)); *see also Procter & Gamble Co. v. Bankers Tr. Co., BT*, 78 F.3d 219, 225 (6th Cir. 1996) ("The private litigants' interest in protecting their vanity or their commercial self-interest . . . . is not . . . grounds for keeping the information under seal."); *Skolnick v. Altheimer & Gray*, 730 N.E.2d 4, 18 (Ill. 2000) ("The mere fact a person may suffer embarrassment or damage to his reputation . . . does not justify sealing the court file.").

Concerning the **fourth** factor, the Sealed Material does not contain any trade secrets or proprietary or financially sensitive information. With Defendants' proposed redactions, the Sealed Material moreover does not implicate any "individual privacy interest" as shown above. *Bertroche*, 2019 WL 7761810, at *3.

Under this Court's multi-factor test, it is clear that Plaintiffs cannot meet their burden to show continued sealing of the Sealed Material is appropriate here.

## CONCLUSION

Defendants respectfully request that the Court unseal the Sealed Materials, in accordance

with Defendants' proposal in the attached Annex A and the proposed redacted exhibits filed under seal.

[*signature block on next page*]

Dated:  November 7, 2022.

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel*\*
 jdonnellan@hearst.com
Ravi R. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
Sarah S. Park\*
 sarah.park@hearst.com
Nina Shah\*
 nina.shah@hearst.com
Kristen Hauser\*
 khauser@hearst.com
The Hearst Corporation
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegredrinker.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegredrinker.com
Susan P. Elgin
 susan.elgin@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

Scott W. Wright\*
 scott.wright@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center/90 S. 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
*\*Admitted Pro Hac Vice*

**Attorneys for Defendants**

| Exhibit | Description of Documents | App. Page | Current Treatment | Defendants' Position |
|---|---|---|---|---|
| C | Deposition of F.S.D. dated 5/12/21 | 101-122 | **Under seal.** Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII, including of employee(s) and unnamed source(s). |
| D | Deposition of Anthony Nunes, III (and as F.R.C.P. 30(b)(6) corporate representative of NuStar) dated 7/14/21 | 123-226 | **Under seal.** Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII. |
| E | Deposition of Anthony Nunes, Jr. dated 7/15/21 | 227-288 | **Under seal.** Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII and material concerning allegations ruled to be irrelevant and spurious. *NuStar* [ECF No. 50], at 42. |
| F | Deposition of Lori Nunes dated 7/16/21 | 289-359 | **Under seal.** Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII. |
| G | Deposition of Toni Dian Nunes dated 7/19/21 | 360-398 | **Under seal.** Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII and material concerning allegations ruled to be irrelevant and spurious. *NuStar* [ECF No. 50], at 42. |
| J | Deposition of A.K.S. dated 8/12/21 | 528-533 | **Under seal.** Plaintiffs designated entire transcript CEO | **Public but redacted.** Redact PII. |
| K | Deposition of B.P.G. dated 8/12/21 | 534-538 | **Under seal.** Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII. |

| Exhibit | Description of Documents | App. Page | Current Treatment | Defendants' Position |
|---|---|---|---|---|
| *L* | Deposition of F.S.D. dated 8/12/21 | 539-543 | **Under seal**. Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII. |
| *M* | Deposition of J.T.G. dated 8/12/21 | 544-549 | **Under seal**. Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII. |
| *N* | Deposition of L.P.P. dated 8/12/21 | 550-555 | **Under seal**. Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII. |
| *O* | Deposition of N.A.C. dated 8/12/21 | 556-562 | **Under seal**. Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII. |
| *P* | Deposition of Clete Samson dated 9/8/21 | 563-643 | **Under seal**. Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII. |
| *Q* | Deposition of Amanda J. Bahena dated 2/22/22 | 644-687 | **Under seal**. Plaintiffs designated entire transcript CEO. | **Public but redacted.** Redact PII. |
| *W* | Defendants' Amended Notice of Video Recorded Deposition NuStar Farms, LLC (Def. Dep. Ex. 7) | 838-846 | **Redacted**. In the public filing, Defendants have redacted portions of this document that refer to documents and information that Plaintiffs designated as CEO | **Public**. This document does not reflect PII or otherwise contain protected information. |
| *X* | NuStar Plaintiffs' Response to Defendants' Interrogatory No. 1, NuStar Farms Verified Employees/Workers Supplement (Def. Dep. Ex. 9) | 847-883 | **Under seal**. Plaintiffs designated entire document CEO. | **Public but redacted.** Redact PII. |

| Exhibit | Description of Documents | App. Page | Current Treatment | Defendants' Position |
|---|---|---|---|---|
| HH | Iowa Workforce Development Employer's Contribution and Payroll Report for NuStar Farms for Q1-Q4 2018 dated 11/09/2020 (Def. Dep. Ex. 19) | 987-1026 | **Under seal.** Plaintiffs designated entire document CEO. | **Public but redacted.** Redact PII. |
| YY | Letter to NuStar Farms and Anthony Nunes, Jr. from Social Security Administration Regarding Employer Correction Request dated October 2019 (Def. Dep. Ex. 38) | 1082-1089 | **Under seal.** Plaintiffs designated entire document CEO. | **Public.** Information about this document is already in the public record, *see NuStar* [ECF Nos. 163-2, 163-4], and it does not reflect employee PII. |
| ZZ | Letter to NuStar Farms and Anthony Nunes, Jr. from Social Security Administration Regarding Employer Correction Request dated December 1, 2020 (Def. Dep. Ex. 39) | 1090-1097 | **Under seal.** Plaintiffs designated entire document CEO. | **Public.** Information about this document is already in the public record, *see NuStar* [ECF Nos. 163-2, 163-4], and it does not reflect employee PII. |
| AAA | NuStar Farms, LLC Employees/Workers Chart (produced by U.S. Social Security Administration) (Def. Dep. Ex. 40) | 1098-1106 | **Under seal.** Plaintiffs designated entire document CEO. | **Public but redacted.** Redact PII. Information about this document is already in the public record. *See NuStar* [ECF Nos. 163-2, 163-4]. |
| PPP | Plaintiffs' Rule 26(a)(2) Rebuttal Expert Disclosures and Clete P. Samson Report (Def. Dep. Ex. 86) | 1182-1201 | **Under seal.** Plaintiffs designated entire document CEO. | **Public but redacted.** Redact PII. |
| UUU | Email from Lori Nunes to Amanda Bahena dated Oct. 2, 2018 (Def. Dep. Ex. 120) | 1226-1235 | **Under seal.** Plaintiffs designated entire document CEO. | **Public.** This document does not reflect employee PII or otherwise contain protected information. |

| Exhibit | Description of Documents | App. Page | Current Treatment | Defendants' Position |
|---|---|---|---|---|
| *VVV* | Letter from Amanda Bahena, Esq. to NuStar Farms, LLC Attn: Lori Nunes dated Oct. 12, 2018 (Def. Dep. Ex. 121) | 1236-1237 | **Under seal**. Plaintiffs designated entire document CEO. | **Public**. This document does not reflect employee PII or otherwise contain protected information. |
| *KKKK* | Devin Nunes TMTG Employment Agreement (Def. Dep. Ex. 141) | 1293-1308 | **Under seal**. Plaintiffs designated entire document CEO. | **Public**. This document does not reflect employee PII or otherwise contain protected information. Moreover, the Congressman's salary, as well as other terms of his engagement, are already matters of public record through SEC filings by the entity with which TMTG intends to merge. |
| *SSSS* | Declaration of Claude Arnold dated Sept. 10, 2021, including July 30, 2021 Expert Report | 1338-1396 | **Under seal**. Defendants have filed this under seal because it concerns a review and analysis of records that Plaintiffs have designated as CEO. | **Public but redacted**. Redact PII. |
| *TTTT* | Declaration of Philip Martin dated Sept. 10, 2021, including July 30, 2021 Expert Report | 1397-1472 | **Redacted**. In the public filing, Defendants have redacted portions of this document that concern a review and analysis of records that Plaintiffs have designated as CEO. | **Public but with fewer redactions**. Redact PII. |

| Exhibit | Description of Documents | App. Page | Current Treatment | Defendants' Position |
|---------|-------------------------|-----------|-------------------|----------------------|
| *UUUU* | Declaration of Mark J. Hosfield dated Sept. 11, 2021, including July 30, 2021 Expert Report | 1473-1538 | **Under seal**. Defendants have filed this under seal because it concerns a review and analysis of financial records that Plaintiffs have designated as CEO. | **Public**. This document does not reflect employee PII or otherwise contain protected information. |
| *VVVV* | Declaration of Mark J. Hosfield dated Oct. 14, 2022, including July 25, 2022 Expert Report | 1539-1582 | **Redacted**. In the public filing, Defendants have redacted portions of this document that concern a review and analysis of financial records that Plaintiffs have designated as CEO. | **Public**. This document does not reflect employee PII or otherwise contain protected information. |
| *EEEEE* | NuStar Plaintiffs' Amended and Supplemental Answer to Interrogatory 1, dated August 26, 2022, and NuStar Employees Workers Supplement, dated August 26, 2022 | 1675-1717 | **Under seal**. Plaintiffs designated entire document CEO. | **Public but redacted.** Redact PII. |
| *n/a* | Brief | | **Redacted**. In the public filing, Defendants have redacted portions of this document that might disclose information that was designated CEO by Plaintiffs. | **Public**. This document should be publicly filed. PII is not attributed to any NuStar Employee by full name, and Lizza's unnamed sources are anonymized, consistent with the Court's prior orders in this case, as well as Local Rule 10(g). *See NuStar* [ECF No. 119] (referring to a NuStar employee as "F.S.D."). |

| Exhibit | Description of Documents | App. Page | Current Treatment | Defendants' Position |
|---|---|---|---|---|
| *n/a* | Statement of Undisputed Material Facts | | **Redacted**. In the public filing, Defendants have redacted portions of this document that might disclose information that was designated CEO by Plaintiffs. | **Public with limited redactions**. This document should be publicly filed with the exception of narrow redactions of PII. PII is not attributed to any NuStar Employee by full name, and Lizza's unnamed sources are anonymized, consistent with the Court's prior orders in this case, as well as Local Rule 10(g). *See NuStar* [ECF No. 119]. |
| *n/a* | Appendix Table of Contents | | **Redacted**. In the public filing, Defendants have redacted portions of this document that might disclose information that was designated CEO by Plaintiffs (*i.e.*, when the description of a document reveals contents that were designated as CEO). | **Public**. This document should be publicly filed. Employee PII, and Lizza's unnamed sources, are already anonymized (*e.g.*, "Source 1" for unnamed sources, and initials for employees). This practice is consistent with the Court's prior orders in this case, which are public, as well as Local Rule 10(g). *See NuStar* [ECF No. 119] (referring to a NuStar employee as "F.S.D."). |

**Certificate of Service**

The undersigned certifies that a true copy of the foregoing **Defendants' Brief in Support of Their Resisted Motion to Unseal Certain Documents Supporting Their Motion for Summary Judgment Against Plaintiffs Devin G. Nunes, NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III** was served upon the following parties through the Court's CM/ECF electronic filing system on November 7, 2022.

/s/  Jonathan R. Donnellan

Copy to:                                        Jonathan R. Donnellan

Bill McGinn
  *bmcginn@mcginnlawfirm.com*
Steven S. Biss
  *stevenbiss@earthlink.net*

*Attorneys for Plaintiffs*