# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DEVIN G. NUNES,<br><br>  Plaintiff,<br><br>vs.<br><br>RYAN LIZZA, HEARST MAGAZINES, INC., and HEARST MAGAZINE MEDIA, INC.,<br><br>  Defendants. | No. 19-cv-4064-CJW<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS FROM RELYING ON BELATEDLY DISCLOSED WITNESSES** |
| ANTHONY NUNES, JR., ANTHONY NUNES, III, and NUSTAR FARMS, LLC,<br><br>  Plaintiffs,<br><br>vs.<br><br>RYAN LIZZA and HEARST MAGAZINE MEDIA, INC.,<br><br>  Defendants. | No. 20-cv-4003-CJW |

Before me is Defendants' Motion to Preclude Plaintiffs from Relying on Belatedly Disclosed Witnesses, filed on October 7, 2022. (Doc. 113.) Plaintiffs filed a timely resistance. (Doc. 116.) Defendants filed a reply. (Doc. 120.)

## I.  BACKGROUND

As discussed repeatedly in previous motions, this case arises out of an alleged defamatory article written and published by Defendants. In the instant dispute, Defendants seek to preclude Plaintiffs from adducing testimony or evidence at trial from

1

twenty-nine current or former government officials, congressional staffers, or politicians ("the 29 witnesses").[1] (Doc. 113 at 1.) Defendants seek to preclude these witnesses at trial because they contend that Plaintiffs untimely and improperly disclosed them at the end of the discovery period, which gave Defendants insufficient time to serve discovery or conduct depositions of the 29 witnesses. (Doc. 113 at 1; Doc. 113-1 at 4.) Plaintiffs seek to call the 29 witnesses because they have knowledge of the injury to Devin Nunes's ("Nunes") reputation, and their testimony is necessary to counter Defendants' expert witness. (Doc. 116 at 17-18.)

On January 13, 2020, Plaintiffs served their Rule 26(a)(1) disclosures. (Doc. 113-3.) This initial disclosure did not reference any of the 29 witnesses as individuals likely to have discoverable information. (*See* Doc. 113-3.)

On July 25, 2022, Defendants submitted their expert witness disclosure for their expert witness Mark J. Hosfield who intends to opine that Nunes's claim for damages to his reputation is unsupported by documentation, unreliable, and unquantifiable. (Doc. 116 at 5.) Plaintiffs claim this expert disclosure compelled them to seek out Nunes's Congressional colleagues to properly demonstrate the injury to his reputation. (Doc. 116 at 17-18.)

On August 25, 2022, Plaintiffs served their amended and supplemental Rule 26(a)(1) disclosures. (Doc. 113-4.) This amended disclosure did not reference any of the 29 witnesses as individuals likely to have discoverable information. (*See id*.)

On August 26, 2022, Plaintiffs served their second amended and supplemental Rule 26(a)(1) disclosures. (Doc. 113-5.) Plaintiffs amended the individuals likely to have discoverable information to include, "Republican Leadership, including Republican

---

[1] Defendants refer to the 29 witnesses as "twenty-nine (29) current and former Republican politicians, officials, and staff," which includes "27 high-profile Republican politicians (plus a couple staffers)." (Doc. 113 at 1; Doc. 113-1 at 4); Plaintiffs refer to the 29 witnesses as "the 27 Republican Leaders and other persons." (Doc. 116 at 7.)

Members of the House Permanent Select Committee on Intelligence ('HPSCI') and Republican Members of the Ways and Means Committee." (Doc. 113-5 at 3.) (Emphasis omitted.) Additionally, Plaintiffs noted that Nunes spoke with Republican leaders concerning Defendants' "defamatory implications," and that Nunes intended to identify the names of several of these individuals at his deposition. (*Id.*)

On August 29, 2022, Defendants' counsel sent an email in response to receipt of Plaintiffs' second amended supplemental Rule 26(a)(1) disclosures, stating that the supplemental disclosures were deficient because Plaintiffs did not provide the names, known addresses, and telephone numbers of the potential witnesses, and that Nunes should have been aware of their names and contract information at the time the initial disclosures were made. (Doc. 113-6 at 2-3.) Additionally, Defendants' counsel alleged that "[t]here is no exception in Rule 26 or otherwise permitting the party to save the identities likely to have discoverable information for a revelation during the party's deposition by his opponent." (*Id.* at 3.)

On August 31, 2022, Plaintiffs' counsel responded by email stating:

After receiving your expert's damages report, my client began to compile a list of names of colleagues who have knowledge of the injuries to reputation caused by Hearst and Lizza. He emailed me the list yesterday after I had an opportunity to review your email. I will send you the list later today when my trial ends. . .

(Doc. 113-6 at 2.)

On September 1, 2022, Plaintiffs served their supplement to Rule 26(a)(1)(i) disclosures. (Doc. 113-7.) This supplement incorporated prior disclosures and listed eleven Congressional leaders as individuals likely to have discoverable information, including current and former Congressmen like Randy Feenstra, Trey Gowdy, and Kevin McCarthy. (*Id.* at 3.) Plaintiffs stated that these Congressional colleagues had knowledge of injury to Nunes's reputation and that they had concerns when they first learned of the

3

accusations against Nunes. (*Id.*) Additionally, the only contact information provided for the eleven Congressional leaders were hyperlinks to their websites. (*Id.*) According to Defendants, these websites did not contain direct contact information for the witnesses only general numbers for their official offices. (Doc. 113-2 at 3.)

On September 9, 2022, Nunes stated during his deposition that he provided the phone numbers for the individuals listed as having information related to his damages. (Doc. 113-8 at 45, Nunes Dep. 384:18-385:15, Sept. 9, 2022.) After disagreement between the parties, Nunes clarified that only websites were listed, which provided phone numbers to contact. (*Id.*, Nunes Dep. 385:23-25.) When asked whether "the phone numbers that you called to reach these people are the phone numbers—", Nunes responded stating, "I'm not telling you anything about any phone numbers that I call because you guys are sick individuals." (*Id.*, Nunes Dep. 386:4-6.) Additionally, Nunes disclosed at his deposition an additional sixteen colleagues with knowledge of his damages, including names like South Dakota Governor Kristi Noem and United States Senators Charles Grassley and John Thune. (Doc. 113-1 at 8.)

On September 12, 2022, Plaintiffs served their third amended and supplemental Rule 26(a)(1) disclosures adding Matt Butler and Jack Langer to the list of individuals likely to have discoverable information because of their knowledge of Nunes's injury. (Doc. 113-10 at 3, 5.)

September 23, 2022 was the parties' deadline for completion of discovery. (Doc. 84.)

On September 26, 2022, Plaintiffs narrowed their list of eleven Congressional leaders to five, Randy Feenstra, Trey Gowdy, George Holding, Kevin McCarthy, and John Ratcliffe. (Doc. 113-11 at 2.) However, Plaintiffs' counsel also stated that they were not waiving their right to call any witnesses identified by Plaintiffs during the discovery process. (*Id.*)

4

## II. DISCUSSION

### A. The Parties' Contentions

Defendants argue that Plaintiffs should be precluded from introducing testimony from the 29 witnesses disclosed on September 1, 2022 or later. (Doc. 113-1 at 4.) Defendants argue that since discovery closed at the end of September 2022, and the Plaintiffs served disclosures on September 1, 2022 or later, Defendants did not have enough time to serve discovery or depose these witnesses, especially since many are busy, high-profile politicians and staffers. (*Id.*) Additionally, Defendants note that Plaintiffs' disclosures on September 1, 2022 and September 12, 2022 did not contain direct contact information for these witnesses, only links to their government, political, or firm websites. (*Id.* at 7.) Defendants also note that Plaintiffs disclosed sixteen witnesses at Nunes's deposition on September 9, 2022. (*Id.* at 8.) Defendants argue that Nunes had prior knowledge of these witnesses and did not reveal them until asked, and he has direct contact information for these witnesses but refused to provide the information because he does not trust Defendants' counsel. (*Id.* at 7-8.)

Defendants contend that these disclosures violate Federal Rule of Civil Procedure Rule 26(a)(1) because disclosures should be provided without a request for discovery and with the known telephone number and address of any person with discoverable information. (*Id.* at 10.) Also, Defendants argue that providing names of witnesses at a deposition does not satisfy Rule 26(a)(1) because they were not provided in document form and signed by the parties' counsel per Rule 26(g)(1). (*Id.* at 10-12.) Defendants argue that these disclosures should be treated as a failure to disclose under Rule 37(a)(4) for being evasive or incomplete. (*Id.* at 13.) Additionally, Defendants assert that the late disclosures were surprising, prejudicial, and not justified because Plaintiffs did not have a legitimate reason for revealing the witnesses' names so late in the discovery period and they had not mentioned the names earlier. (*Id.* at 13-14.) Defendants note that Nunes

5

had no trouble identifying witnesses and Nunes was aware that these individuals possessed knowledge relevant to his case prior to January 13, 2020. (*Id.* at 13.) Defendants assert that these disclosures prejudice Defendants because it would be difficult to serve discovery or depose witnesses, especially during the election season. (*Id.* at 14.) This would likely result in delays and opposition to their requests for documents and delay the dispositive motion schedule. (*Id.*)

Moreover, Defendants contend that it is not apparent what relevant information these witnesses have regarding Plaintiffs' damages or which witnesses Plaintiffs actually intend to call, which would result in a "wild goose chase" and wasted resources. (*Id.* at 9, 14.) Also, Defendants allege that Plaintiffs refused to narrow their list of witnesses as I suggested on September 23, 2022, during a telephone conference. (*Id.* at 9.) Although Plaintiffs did provide Defendants with an email containing a narrowed list of five witnesses, Plaintiffs reserved the right to call any of the 29 witnesses anyway. (*Id.* at 10.) Defendants argue that "this is a meaningless gesture" if any of the 29 witnesses can still be called. (*Id.*)

In the alternative, Defendants argue that under Rule 37(c)(1)(C), the Court may fashion its own remedy, including limiting Plaintiffs' witnesses to those that provide affidavits in Plaintiffs' resistance to summary judgment, provided that Defendants have the opportunity to serve discovery and take the witnesses depositions. (*Id.* at 16.)

Plaintiffs argue that Defendants' motion is unfounded because Plaintiffs complied fully with Rule 26(a)(1)(i) and 26(e). (Doc. 116 at 4.) Plaintiffs argue that Defendants had no intention to depose any of the witnesses disclosed to Defendants on or after September 1, 2022. (*Id.* at 5.) Plaintiffs assert that Defendants never attempted to contact a single "Republican leader"[2] disclosed by Plaintiffs. (*Id.* at 5.) Yet, Defendants deposed

---

[2] "Republican leader" or "Republican leadership" is a term adopted by the parties to describe many of the potential witnesses at issue.

6

Gerald Nunes, Nunes' uncle, on August 12, 2022, even though Gerald Nunes was not a disclosed witness. (*Id.*) Additionally, Plaintiffs allege that Defendants pursued other discovery issues aggressively, but in the case of the Republican leaders, Defendants only sent lengthy emails to Plaintiffs claiming perceived deficiencies in Plaintiffs' disclosures and did not use remedies under the Federal Rules of Civil Procedure or the Local Rules for the Northern District of Iowa. (*Id.* at 5-6.) Also, Plaintiffs argue that Defendants did not reach out to Plaintiffs' counsel regarding scheduling depositions for any of the disclosed Republican leaders, they did not discuss a motion to extend the discovery deadline with Plaintiffs' counsel or attempt to file a motion. (*Id.* at 11.) Plaintiffs argue that there is no harm or prejudice to Defendants because Defendants did not attempt to depose the witnesses, and they did not attempt to reopen discovery. (*Id.* at 19-20.)

Plaintiffs argue that they had no duty to supplement under Rule 26(e)(1)(A) because even though the rule requires that a party supplement or correct its disclosures, it does not require supplemental disclosures when the additional information has already been provided in writing or in discovery, including depositions. (*Id.* at 13.) Plaintiffs assert that they had no duty to supplement their disclosures because Nunes testified about the injury to his reputation in his August 10, 2021 deposition. (*Id.* at 16, n. 5.) This included statements about how Defendants' article impacted his Congressional staff and, since it was election season, how everyone was asking about the article. (*Id.*) Additionally, Plaintiffs assert that Defendants' knowledge of Nunes as a Congressman, his position as Chairman of the House Intelligence Committee, and his injuries suffered in those positions, put Defendants on notice of the injuries to Nunes' reputation in Congress and the need to depose Nunes's colleagues in Congress. (*Id.* at 17.)

Plaintiffs assert that Defendants' expert witness disclosure on July 25, 2022, made Plaintiffs realize the need to supplement their disclosures because Defendants' expert stated his intent to testify that Nunes does not have a claim for damages because the injury

7

to his reputation is unsupported by documentation, unreliable, and unquantifiable. (*Id.* at 5, 17-18.) Once Plaintiffs realized the need to supplement their disclosures, they updated their disclosures to indicate "colleagues in Congress" and "Republican leaders" as early as August 25, 2022. (*Id.* at 18.)

## *B.  Standards*

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides:

> [A] party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses.

The Advisory Committee Notes to Rule 26(a)(1)(A) of the 1993 Amendment states:

> Subparagraph (A) requires identification of all persons who, based on the investigation conducted thus far, are likely to have discoverable information relevant to the factual disputes between the parties. All persons with such information should be disclosed, whether or not their testimony will be supportive of the position of the disclosing party. As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties. Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed.

Under Rule 26(a)(1)(C), initial disclosures are due "at or within 14 days after the parties' Rule 26(f) conference." Rule 26(g)(1) requires that all disclosures under Rule 26 "be signed by at least one attorney of record in the attorney's own name." Under Rule 26(g)(1), by signing the disclosure, the attorney certifies to the best of the attorney's knowledge that the disclosure is complete and correct, is a nonfrivolous argument, and is "not interposed for any improper purpose, such as to harass, cause unnecessary delay,

or needlessly increase the cost of litigation." Rule 26(e)(1) requires supplemental disclosures under Rule 26(a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

As the Eighth Circuit has previously stated:

> When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case. Fed.R.Civ.P. 37(c)(1); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir.1998) ("failure to disclose in a timely manner is equivalent to failure to disclose"). The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless. Fed.R.Civ.P. 37(c)(1). When fashioning a remedy, the district court should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. *Sellers v. Mineta*, 350 F.3d 706, 711–12 (8th Cir.2003); *see also Marti v. City of Maplewood*, 57 F.3d 680, 683 (8th Cir.1995) (setting forth a variety of possibly relevant factors).

*Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

*C.     Analysis*

### 1. *Plaintiffs' Rule 26(a)(1) Supplemental Disclosures were Untimely*

Defendants argue that plaintiffs did not properly disclose the 29 witnesses under Rule 26(a)(1) because (1) Rule 26(a)(1) requires supplemental disclosures without waiting

9

for a request, (2) Plaintiffs' supplemental disclosures failed to provide contact information, and (3) merely stating a name during a deposition is insufficient to constitute a supplemental disclosure. (Doc. 113-1 at 10-12.)

Defendants rely on *American Family Mutual Insurance Company v. Kline*, No. 10-cv-00321, 2011 WL 13232555, at *1 (S.D. Iowa Apr. 21, 2011), to support their contention that a failure to disclose information may result in the party not being allowed to use the witness for trial. (Doc. 113-1 at 10-11.) In *Kline*, the defendants failed to provide telephone numbers and addresses for witnesses in their initial disclosures. *Id.* at *1. However, the defendants later supplemented their disclosures to provide telephone numbers and addresses for most of these witnesses. *Id.* The district court found that plaintiffs made a reasonable inquiry as to telephone numbers and addresses by providing the addresses and telephone numbers known to them at the time, so additional supplementation was not required. *Id.* However, the district court noted that "[a] party who fails to provide initial disclosure information which could have been obtained with reasonable inquiry is at risk, depending on the circumstances, of not being allowed to use the witness for trial." *Id.*

In contrast, Plaintiffs argue that they had no duty to supplement their initial disclosures because they alleged the information had been made known to Defendants during the discovery process. (Doc. 116 at 13.) They cite a number of district court decisions, including *Fiumano v. Metro Diner Management, LLC*, No. 17-465, 2022 WL 2541354, at *6 (E.D. Pa. July 7, 2022), which states:

> Rule 26(e)(1)(A) only requires a party to correct or supplement its disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "[T]here is no need … to submit a supplemental disclosure to include information already revealed … through formal discovery." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2049.1 (3d ed. 1993).

10

In *Fiumano*, the district court found there was no need to supplement because "Plaintiffs were aware of the [witnesses] identities and named them as Defendants in the litigation" and "Plaintiffs believed that the [witnesses] possessed discoverable information." *Id*. Importantly, the *Fiumano* plaintiffs were aware of the witnesses' *identities* and that they possessed discoverable information from the start of litigation. *See id*.

I find Plaintiffs' arguments unpersuasive and conclude that Plaintiffs failed to provide their Rule 26(e)(1) supplemental disclosures within a "timely manner" upon learning their disclosure was incomplete or incorrect. Additionally, I find that Plaintiffs failed to satisfy Rule 26(a)(1)(A) by refusing to provide the known telephone numbers and addresses of the witnesses they supplemented. Defendants served their initial Rule 26(a)(1) disclosure on January 13, 2020 but did not reference any of the 29 witnesses by name as possessing discoverable information. (Doc. 113-3 at 7.) Additionally, Plaintiffs cite Nunes's August 10, 2021, deposition as satisfying Rule 26(e)(1) by alerting Defendants to the existence of the witnesses during the discovery process. (Doc. 116 at 16, n. 5.) However, these witnesses were referred to as Congressional "staff" and "everybody." *Id*. Actual identities were not revealed until September 1, 2022, when only eleven names were provided. (Doc. 113-7 at 3-4.) Additional names were provided on September 9, 2022, at Nunes's deposition, and on September 12, 2022, with an additional supplemental disclosure. (Doc. 113-1 at 8; Doc. 113-10 at 3, 5.) However, addresses and telephone numbers were not provided, and, at most, the only information provided were hyperlinks to websites with general phone numbers. (Doc. 113-2 at 3.) Yet, Nunes was aware of these individuals' addresses and phone numbers. (Doc. 113-8 at 45, Nunes Dep. 386:4-6.) Considering that Nunes acknowledged that there were members of Congress who had knowledge of the injury to his reputation at his deposition on August 10, 2021, waiting an additional year before providing incomplete supplemental

11

disclosures is untimely and does not satisfy Rule 26(a)(1) or Rule 26(e)(1). Moreover, given that Nunes possesses more direct contact information, providing merely the public-facing contacts for prominent politicians is not a gesture well-calculated to facilitate any meaningful discovery.

### 2. *Plaintiffs' Untimely Rule 26(a)(1) Supplemental Disclosures were not Justified or Harmless*

Plaintiffs' untimely supplemental disclosures were not justified or harmless. The Court need only find that the failure to comply with Rule 26(a) was not substantially justified or harmless to preclude the information or witness. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018). A finding of bad faith is not required. *Id.*

In *Wegener*, the plaintiff argued that a late disclosure was justified because it was necessary to rebut the defendant's supplemental expert report. 527 F.3d at 691, 693. The Eighth Circuit found the late disclosure was not justified because the plaintiff's supplemental disclosure did not rebut any new information since the defendant's supplemental expert testimony was based on easily discoverable information, relevant to the case, which the plaintiff was aware the defendant subpoenaed five months earlier. *Id.* at 692-93. Here, Plaintiffs argued that Defendants' July 25, 2022, expert witness disclosure compelled Nunes to seek out evidence from his colleagues regarding the injury to his reputation. (Doc. 116 at 17-18.) However, it should not have been a surprise that Defendants' expert would opine that Plaintiffs' claim for damages is unsupported by documentation, unreliable, and unquantifiable. (*See* Doc. 116 at 5.) Plaintiffs' attempts to belie this conclusion are transparently inadequate. Plaintiffs argue:

> On July 25, 2022, Hearst and Lizza disclosed that Mark J. Hosfield ("Hosfield") intends to offer an expert opinion (1) that Devin Nunes's claim for damages is unsupported and unreliable; and (2) that there are no data or documents produced in this matter that demonstrate Devin Nunes has

12

> suffered any quantifiable damages. [ ] Upon review of Hosfield's disclosure, Devin Nunes recalled that the article and republication caused concern amongst several of his former colleagues. Devin Nunes reached out to his former colleagues to determine whether supplemental disclosure was warranted.

(Doc. 116 at 5.) Despite the attempted contrary spin, this describes nothing more than Plaintiffs' late realization that their damage claims may require further support that they could have disclosed much earlier. Plaintiffs were aware of Nunes's colleagues in Congress and chose not to disclose them or seek them out until Defendants' expert witness disclosure. Thus, Plaintiffs' late disclosures, without proper contact information, are not justified.

Additionally, *Wegener* found the late disclosure was not harmless because two-and-a-half-weeks before trial was not enough time to allow the defendant's counsel to prepare cross examination or rebuttal involving expert testimony and there was not enough time to depose plaintiff's expert to confirm qualifications and the bases for the opinion. 527 F.3d at 693. Just because the remedies of continuance and allowing for additional depositions exist, does not make the failure to comply with Rule 26 harmless. *See Niazi Licensing Corp. v. St. Jude Medical*, No. 17-cv-5096, 2020 WL 1617879, at *3 (D. Minn. Apr. 2, 2020). Here, the supplemental disclosures are not harmless because they did not allow Defendants to take depositions of the witnesses before the close of discovery on September 23, 2022 (Doc. 84). Considering the proximity to the November 2022 elections and the political commitments of the recently designated witnesses, it is unlikely, at best, that Defendants would have been able to schedule any depositions prior to the close of discovery, even if Plaintiffs had shared their direct contact information.

### D.     *The relief requested*

Defendants pray the Court "preclud[e] Plaintiffs from relying on or introducing into evidence testimony or documents from any of the twenty-nine [witnesses]." (Doc.

13

113 at 2.) Thus, they seek not only to prohibit the 29 witnesses from testifying at trial, but also prohibit Plaintiffs from submitting their affidavits in support of or in resistance to any motion for summary. Since the instant motion was filed, Defendants have filed a motion for summary judgment without the benefit of obtaining discovery of any of the late disclosed witnesses. (Doc. 121.) Plaintiffs' resistance is due November 22, 2022. Therefore, the relief granted below may affect what Plaintiffs are permitted to submit in resistance as well as what witnesses may be called at trial.

### *III.  CONCLUSION*

Defendants' Motion to Preclude Plaintiffs from Relying on Belatedly Disclosed Witnesses (Doc. 113) is **granted**. Thus, Plaintiffs are precluded from calling any of the 29 witnesses at trial or submitting affidavits in resistance to the pending motion for summary judgment.

**IT IS SO ORDERED** this 18th day of November, 2022.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa