IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **Devin G. Nunes,** | Case No. 5:19-cv-04064-CJW-MAR |
| Plaintiff, | |
| v. | |
| **Ryan Lizza, Hearst Magazines, Inc.,** and **Hearst Magazine Media, Inc.,** | |
| Defendants. | |
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,** | Case No. 5:20-cv-04003-CJW-MAR |
| Plaintiffs, | **Defendants' Reply Brief in Further Support of Their Resisted Motion to Unseal Certain Documents Supporting Their Motion for Summary Judgment** |
| v. | |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | **(Oral Argument Requested)** |
| Defendants. | |

## ARGUMENT

Plaintiffs, through their Resistance, effectively admit their blanket confidentiality designations lack merit and cannot be justified, which is their burden to do.[1] They fail to make any argument for such justification or draw any distinction among the Sealed Materials at issue that would assist the Court in understanding the purported need for sealing any of them.

Ignoring how Defendants narrowed the Sealed Materials to a defined set of non-confidential documents (or portions of them) that can and should be unsealed pursuant to the

---

[1] Unless otherwise noted, capitalized and abbreviated terms have the same meaning as in Defendants' opening brief (ECF No. 124-1) in support of their Motion to Unseal (ECF No. 124). Plaintiffs' Resistance (ECF No. 129) is referred to as the "Resistance" or "Res."

law, Plaintiffs contend in conclusory fashion that "[t]here is no practical way to separate the highly confidential material from the remainder of the deposition transcripts, nor is there any reason to do so." Res. at 2. Defendants submitted Annex A to the Motion to Unseal, together with proposed redactions, precisely to show for purposes of the Summary Judgment Motion that the Court may proceed in a "practical way" to protect certain confidential material while unsealing the rest. Moreover, in the Motion to Unseal, Defendants set forth compelling legal "reason[s] to do" this parsing and unsealing—yet Plaintiffs fail even to address the legal standards governing sealing or to rebut the public's right of access to and interest in receiving information considered by the Court as it adjudicates substantive issues.

Rather than acknowledge any of the points of fact or law presented by the Motion to Unseal, Plaintiffs state without explanation that their own entire transcripts, other exhibits, and "Defendants' summary judgment materials" should remain sealed, without defining what specifically comprises the "summary judgment materials" in this context. Plaintiffs also, puzzlingly, say the deposition transcripts of NuStar Employees should be "restricted to use at the summary judgment hearing," but that Defendants "should be enjoined from publicizing" their contents—Plaintiffs do not explain why, or how, this should occur. *Id.* Adding to the confusion, Plaintiffs further supporting unsealing of Exhibit YY (one of the two Letters from the Social Security Administration) along with two other exhibits, but Plaintiffs also include Exhibit YY in their list of exhibits that should remain under seal. *Id.* at 2–3.

Plaintiffs' lack of specificity or even consistency on what should remain under seal reinforces their failure to make any particularized showing of "good cause" as necessary to meet their burden for continued confidentiality under Federal Rule 26(c). *Steele v. City of Burlington*, 334 F. Supp. 3d 972, 978 (S.D. Iowa 2018). Nor do they make any showing at all under the

applicable multi-factor test to overcome the public's right to access judicial records. *See Bertroche v. Mercy Physician Assocs., Inc.*, No. 18-CV-59, 2019 WL 7761810, at *1 (N.D. Iowa Dec. 16, 2019).

Because Plaintiffs have not meaningfully resisted the Motion to Unseal, this Court should grant it.

[*signature block on next page*]

3

Case 5:19-cv-04064-CJW-MAR   Document 133   Filed 11/28/22   Page 3 of 5

| | |
|---|---|
| Dated: November 28, 2022. | **Ryan Lizza and Hearst Magazine Media, Inc., Defendants** |

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel\**
  *jdonnellan@hearst.com*
Ravi R. Sitwala\*
  *rsitwala@hearst.com*
Nathaniel S. Boyer\*
  *nathaniel.boyer@hearst.com*
Sarah S. Park\*
  *sarah.park@hearst.com*
Nina Shah\*
  *nina.shah@hearst.com*
Kristen Hauser\*
  *khauser@hearst.com*
The Hearst Corporation
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
  *michael.giudicessi@faegredrinker.com*
Nicholas A. Klinefeldt
  *nick.klinefeldt@faegredrinker.com*
Susan P. Elgin
  *susan.elgin@faegredrinker.com*
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

Scott W. Wright\*
  *scott.wright@faegredrinker.com*
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center/90 S. 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
*\*Admitted Pro Hac Vice*

**Attorneys for Defendants**

## Certificate of Service

The undersigned certifies that a true copy of the foregoing **Defendants' Reply Brief in Further Support of Their Resisted Motion to Unseal Certain Documents Supporting Their Motion for Summary Judgment** was served upon the following parties through the Court's CM/ECF electronic filing system on November 28, 2022.

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan

Copy to:

Bill McGinn
  bmcginn@mcginnlawfirm.com
Steven S. Biss
  stevenbiss@earthlink.net

*Attorneys for Plaintiffs*