IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **Devin G. Nunes,** | Case No. 5:19-cv-04064-CJW-MAR |
| Plaintiff, | |
| v. | |
| **Ryan Lizza, Hearst Magazines, Inc.,** and **Hearst Magazine Media, Inc.,** | |
| Defendants. | |
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,** | Case No. 5:20-cv-04003-CJW-MAR |
| | **Defendants' Notice of Filing Redacted Version of Supporting Documents for the Reply in Further Support of Their Motion for Summary Judgment** |
| Plaintiffs, | |
| v. | |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | |
| Defendants. | |

Pursuant to the Court's Order of October 20, 2022, Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst") respectfully submit this notice of filing redacted, public versions of the documents supporting their reply ("Reply") in further support of their motion for summary judgment (the "Summary Judgment Motion"), against plaintiffs Devin G. Nunes ("the Congressman"), NuStar Farms, LLC ("NuStar"), Anthony Nunes, Jr. ("Anthony Jr."), and Anthony Nunes, III ("Anthony III") (NuStar, Anthony Jr., and Anthony III are referred to collectively herein as "NuStar Plaintiffs," and the Congressman and NuStar Plaintiffs are referred to collectively herein as "Plaintiffs"). Defendants filed the Reply and supporting documents entirely under seal on December 9, 2022. *See* [ECF No. 138].

In support of this notice, Defendants state:

1.      The Court issued a Protective Order on January 27, 2022 in *Devin G. Nunes v. Lizza, et al.*, No. 5:19-cv-04064-CJW-MAR [ECF No. 82] (N.D. Iowa) ("*Nunes*"), and on December 3, 2020 in *NuStar Farms, LLC, et al. v. Lizza, et al.*, No. 5:20-cv-04003-CJW-MAR [ECF No. 63] (N.D. Iowa) ("*NuStar*").  The Protective Orders issued in *Nunes* and in *NuStar* are substantively similar and shall be referred to collectively herein as the "Protective Order."

2.      As stated in Defendants' notice of filing the public, redacted version of the supporting documents for the Summary Judgment Motion, dated November 1, 2022, Plaintiffs designated a broad swath of materials as "Confidential" or "Counsel's Eyes Only" ("CEO"), including the NuStar Plaintiffs' entire deposition transcripts.  Plaintiffs' counsel declined to narrow or modify any of these designations in meet-and-confers with Defendants' counsel.  *See* [ECF No. 122].

3.      On November 7, 2022, Defendants filed a motion to unseal documents supporting the Summary Judgment Motion ("Motion to Unseal"), proposing to maintain redactions of personal identifying information, sensitive financial information, or other information legitimately protected by the Protective Order or applicable rules, while unsealing everything else.  *See* [ECF No. 124].  With extremely narrow exceptions, Plaintiffs opposed the Motion to Unseal, arguing without explanation that Defendants' proposal was "grossly irresponsible."  *See* [ECF Nos. 124, 129].

4.      On November 22, 2022, Plaintiffs filed their Resistance to the Summary Judgment Motion ("Resistance"), with accompanying exhibits, entirely under seal.  *See* [ECF Nos. 130–32].  Per the Court's Order, Plaintiffs should have filed a "redacted, public version[]" of these documents seven days later, by November 29, 2022.  But they did not do so.  And they

still have not done so—even though Defendants followed up with Plaintiffs about this matter on December 1, and again on December 12. [ECF No. 115]. The Resistance attached documents including public news articles, which should without question be unsealed. Yet Plaintiffs have not even designated which of the Resistance materials, in their view, should be treated as Confidential or CEO and remain under seal.

5. In sum, Plaintiffs have uniformly refused—in meet-and-confers, in opposition to the Motion to Unseal, and in failing to file a redacted version of the Resistance—to modify their over-broad Confidential or CEO designations in any manner. Moreover, Plaintiffs have filed under seal, with no publicly available version, many documents that were not designated as Confidential or CEO, and which would not be eligible for either designation.

6. Out of an abundance of caution, in filing this public version of the Reply and supporting papers, Defendants have made every attempt to apply redactions in good faith pursuant to Plaintiffs' designations, except in limited cases where the Court has previously made such material public. Further, Defendants have also applied redactions throughout the Brief and SUMF to any characterizations, quotations, or summaries of Plaintiffs' Resistance materials that, Defendants presume, Plaintiffs deem "Confidential" or "Counsel's Eyes Only" based on their prior designations—even if the characterizations or summaries have been anonymized, or even if there is no legitimate basis for the document (or portion thereof) to be so designated. Plaintiffs' indiscriminate designations dictate this excessive redaction.

7. Defendants make the present filing without prejudice to the relief sought in Defendants' pending Motion to Unseal, which should now encompass Plaintiffs' Resistance, Defendants' Reply, and all supporting materials. All materials now filed in support of or in resistance to the Summary Judgment Motion should be unsealed to the same extent sought by

the Motion to Unseal.  Following the principles set forth in the Motion to Unseal, nothing in the Reply brief itself warrants sealing.

WHEREFORE, Defendants Ryan Lizza and Hearst Magazine Media, Inc. hereby file the accompanying public, redacted version of their Reply papers in support of their Summary Judgment Motion against all Plaintiffs.

*[signature block on next page]*

| | |
|---|---|
| Dated: December 16, 2022. | **Ryan Lizza and Hearst Magazine Media, Inc., Defendants** |
| | /s/ Jonathan R. Donnellan<br>Jonathan R. Donnellan, *Lead Counsel\**<br>  *jdonnellan@hearst.com*<br>Ravi R. Sitwala\*<br>  *rsitwala@hearst.com*<br>Nathaniel S. Boyer\*<br>  *nathaniel.boyer@hearst.com*<br>Sarah S. Park\*<br>  *sarah.park@hearst.com*<br>Nina Shah\*<br>  *nina.shah@hearst.com*<br>Kristen Hauser\*<br>  *khauser@hearst.com*<br>The Hearst Corporation<br>Office of General Counsel<br>300 West 57th Street<br>New York, New York 10019<br>Telephone: (212) 841-7000<br>Facsimile: (212) 554-7000<br>*\*Admitted Pro Hac Vice*<br><br>Michael A. Giudicessi<br>  *michael.giudicessi@faegredrinker.com*<br>Nicholas A. Klinefeldt<br>  *nick.klinefeldt@faegredrinker.com*<br>Susan P. Elgin<br>  *susan.elgin@faegredrinker.com*<br>Faegre Drinker Biddle & Reath LLP<br>801 Grand Avenue, 33rd Floor<br>Des Moines, Iowa 50309-8003<br>Telephone: (515) 248-9000<br>Facsimile: (515) 248-9010<br><br>Scott W. Wright\*<br>  *scott.wright@faegredrinker.com*<br>Faegre Drinker Biddle & Reath LLP<br>2200 Wells Fargo Center/90 S. 7th Street<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 766-7000<br>Facsimile: (612) 766-1600<br>*\*Admitted Pro Hac Vice*<br><br>**Attorneys for Defendants** |

## Certificate of Service

The undersigned certifies that a true copy of **Defendants' Notice of Filing Redacted Version of Supporting Documents for the Reply in Further Support of Their Motion for Summary Judgment** was served upon the following parties through the Court's CM/ECF electronic filing system on December 16, 2022.

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan

Copy to:

Bill McGinn
  bmcginn@mcginnlawfirm.com
Steven S. Biss
  stevenbiss@earthlink.net

*Attorneys for Plaintiffs*