**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| DEVIN G. NUNES, | No. 19-CV-4064 CJW-MAR |
| Plaintiff, | |
| vs. | |
| RYAN LIZZA, HEARST MAGAZINES, INC., and HEARST MAGAZINE MEDIA, INC., | **ORDER** |
| Defendants. | |
| ANTHONY NUNES, JR., ANTHONY NUNES, III and NUSTAR FARMS, LLC, | No. 20-CV-4003 CJW-MAR |
| Plaintiffs, | |
| vs. | |
| RYAN LIZZA and HEARST MAGAZINE MEDIA, INC., | |
| Defendants. | |

_____

**TABLE OF CONTENTS**

I.     BACKGROUND ............................................................................. 4

       A.    Procedural History ................................................................. 4

       B.    Factual History ..................................................................... 5

II.    APPLICABLE LAW ...................................................................... 5

III.   DISCUSSION.................................................................................. 6

A.  Exhibit C ............................................................................ 8

B.  Exhibit D ............................................................................10

C.  Exhibit E..............................................................................11

D.  Exhibit F..............................................................................12

E.  Exhibit G ............................................................................13

F.  Exhibit J ..............................................................................13

G.  Exhibit K ............................................................................14

H.  Exhibit L..............................................................................15

I.  Exhibit M..............................................................................15

J.  Exhibit N ............................................................................16

K.  Exhibit O ............................................................................17

L.  Exhibit P..............................................................................17

M.  Exhibit Q ............................................................................18

N.  Exhibit W..............................................................................19

O.  Exhibit X ............................................................................19

P.  Exhibit HH ..........................................................................20

Q.  Exhibit YY ..........................................................................21

R.  Exhibit ZZ............................................................................22

S.     Exhibit AAA ……………………………………………………22

T.     Exhibit PPP ……………………………………………………23

U.     Exhibit UUU ……………………………………………………24

V.     Exhibit VVV ……………………………………………………24

W.    Exhibit KKKK ……………………………………………………25

X.     Exhibit SSSS ……………………………………………………25

Y.     Exhibit TTTT ……………………………………………………26

Z.     Exhibit UUUU……………………………………………………27

AA.   Exhibit VVVV……………………………………………………27

BB.   Exhibit EEEEE ……………………………………………………28

CC.   Brief in Support of Summary Judgment ……………………………29

DD.   Statement of Undisputed Material Facts……………………………29

EE.   Appendix Table of Contents……………………………………30

FF.   Reply Statement of Undisputed Material Facts……………………30

IV.   CONCLUSION ……………………………………………………31

This matter[1] is before the Court on defendants' motion to unseal certain documents supporting their motion for summary judgment and supplemental proposed less-redacted version of their reply statement of undisputed facts. (Docs. 124; 125; 142). For the following reasons, the Court **grants-in-part and denies-in-part** defendants' motion to unseal. The Clerk of Court is now directed to enter its judgment order closing this case. (*See* Doc. 149, at 101) (directing the Clerk of Court to delay its judgment order until the issuance of this order to unseal).

## I. BACKGROUND

The following facts are undisputed unless otherwise noted. The Court will consider additional facts as they become relevant to its analysis.

### A. Procedural History

The procedural life of this case is extensive, and as such, the Court discusses only that portion which is relevant to the motion to unseal. Devin Nunes filed suit separately from Anthony Nunes, Jr., Anthony Nunes, III, and NuStar Farms, LLC (collectively "NuStar plaintiffs"), and the Court later consolidated plaintiffs' separate cases. (Doc. 83; Case No. 20-CV-4003-CJW-MAR, Doc. 197) Before doing so, the Court entered a Protective Order in each case. (Doc. 82; Case No. 20-CV-4003-CJW-MAR, Doc. 63).

On November 7, 2022, defendants filed a motion to unseal certain documents in support of their motion for summary judgment and requested oral argument. (Doc. 124). Defendants later filed a supplemental document that provided proposed redactions to their reply statement of undisputed material facts related to the motion to unseal. (Doc. 142). Plaintiffs timely resisted the motion to unseal. (Doc. 129). Defendants timely replied. (Doc. 133). On January 6, 2023, the Court heard oral argument on the motion to unseal

---

[1] All references to the docket are to Case No. 19-CV-4064-CJW-MAR, unless otherwise stated. On February 1, 2022, the Court consolidated plaintiffs' separate cases, Case No. 19-CV-4064-CJW-MAR and Case No. 20-CV-4003-CJW-MAR, making the former the lead case with further filings to be entered in the lead case. (Doc. 83).

certain documents in addition to the motion for summary judgment. (Doc. 144). On April 25, 2023, this Court granted summary judgment on both counts in NuStar plaintiffs' third amended complaint and the sole count in Nunes' third amended complaint. (Doc. 149). Therein, this Court held this motion in abeyance until now. (*Id.*, at 101).

### B.    Factual History

The factual history of this case is also quite extensive, and thus, the Court provides a brief summary. On September 30, 2018, defendants published an article in *Esquire* and on *Esquire*.com discussing then-Congressman Devin Nunes, several members of his family, and his family's Sibley, Iowa dairy farm and its alleged knowing employment of undocumented laborers. (Doc. 103, at 2). Then, on November 20, 2019, Lizza tweeted a link to the Article on his personal Twitter. (*Id.*, at 9).

## II.    APPLICABLE LAW

Under the common-law, there is a longstanding, general right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The rationale behind this general right of access includes the need to ensure public confidence in and accountability of the judiciary and its proceedings, and thus, the right applies in both the criminal and civil contexts. *United States v. Gray*, 59 F. 4th 329, 333 (8th Cir. 2023); *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). This right of the public to inspect judicial records is not absolute, however, as there may be competing interests that require the court to seal an individual record. *Nixon*, 435 U.S. at 597-98. The decision as to whether a judicial record should be accessible is one "best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of a particular case." *Scott v. City of Sioux City*, 96 F. Supp. 3d 898, 904 (N.D. Iowa 2015) (citing *Nixon*, 435 U.S. at 598) (further citations omitted). Only when a party provides compelling reasons for keeping a record under seal will the presumption of public access to judicial records be overcome and the documents sealed or remain sealed. *Flynt v. Lombardi*, 885 F. 3d 508, 511 (8th Cir. 2018).

When the common-law right of access is impacted, courts must balance the interests "served by the common-law right of access" against the "salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT*, 709 F. 3d at 1223. Courts consider several factors when deciding whether a judicial record should be sealed:

> (1) The need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Sec. Nat'l Bank of Sioux City v. Abbott Lab'ys*, No. C 11-4017-MWB, 2014 WL 12603512, at * 1-2 (N.D. Iowa Mar. 3, 2014) (citing *Doe v. Exxon Mobile Corp.*, 570 F. Supp. 2d 49, 52 (D.D.C. 2008)). Further, the weight a trial court must give to the presumption of access is controlled by the "role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts. *IDT*, 709 F. 3d at 1224. Finally, though a document may contain sensitive information, sensitive portions thereof may be amenable to redaction so as to protect confidentiality while honoring the right of access for non-sensitive material contained in the same. *Id.* But before a court may analyze whether it should unseal a document under this test, it must first decide whether a document is a "judicial record." *Flynt*, 885 F. 3d at 511.

## III. DISCUSSION

Defendants motion to unseal 32 documents: 28 exhibits in support of their summary judgment motion; their brief, statement of undisputed material facts, and appendix table of contents in support of the motion for summary judgment; and their reply statement of undisputed facts. (Docs. 124-1; 142).

6

Defendants argue all 32 documents should be unsealed, as none of the sealed material is protected under either protective order, Federal Rule of Civil Procedure 26(c), or Local Rule 10(g). (Doc. 124-1). First, defendants assert plaintiffs have not shown good cause to maintain sealing under Rule 26(c) as required. (*Id.*, at 9-12). Second, plaintiffs have not overcome the common-law right of access and First Amendment, defendants argue, and all six factors this Court uses in analyzing whether a judicial record must remain under seal weigh in favor of unsealing the 32 documents and redacting when necessary. (*Id.*, at 12-15).

Plaintiffs assert unsealing the requested documents would be improper. (Doc. 129). Plaintiffs argue defendants' purpose in filing this motion to unseal is "to permit [defendants] to leak highly confidential—counsel's eyes only information and to continue litigating this action in the press." (Doc. 129, at 2). Many of the documents used in deposing witnesses, plaintiffs assert, were "counsel's eyes only" materials, so there is no way to separate the confidential from the remainder of the deposition testimony. (*Id.*). Further, plaintiffs advocate the following: Exhibits D, E, F, G, P, Q, X, HH, YY, ZZ, AAA, PPP, VVV, KKKK, SSSS, TTTT, UUUU, VVVV and EEEEE, and defendants' summary judgment materials should remain sealed under the protective orders this Court previously issued; Exhibits C, J, K, L, M, N and O should only be used at the summary judgment hearing and otherwise not be made publicly accessible; and plaintiffs have no objection to the unsealing of Exhibits W, YY, and UUU. (*Id.*, at 2-3).

As a preliminary matter, the Court finds all 32 documents qualify as judicial records. First, all 28 exhibits support material facts used to argue within the motion for summary judgment. As factual support upon which the Court relied in analyzing and deciding the motion for summary judgment—an important, dispositive motion—each exhibit is part of the judicial record and each is itself a judicial record. *See Bertroche v. Mercy Physician Assocs., Inc.*, No. 18-CV-59-CJW-KEM, 2019 WL 7761810, at *2 (N.D. Iowa Dec. 16, 2019) (discussing certain exhibits as judicial records). Second, the

Court finds the brief in support of the motion for summary judgment is a judicial record. The brief itself impacted the Court's decision, informing the Court of all defendants' points and the evidence defendants believe supports their position—a necessity central to the adjudication of this case when as here the Court may not make argument for the parties sua sponte. *See Metlife, Inc. v. Fin. Stability Oversight Couns.*, 865 F. 3d 661, 667 (D.C. Cir. 2017) (discussing the centrality of a brief and its accompanying appendix in the adjudication of a case, making it a judicial record). Likewise, an appendix table of contents informs the Court of the evidence relied upon in a party's argument, the support of which is central to the Court's analysis and decision on the dispositive motion; thus, it is also a judicial record. *Id.* Last, both the statement of undisputed material facts and reply statement of undisputed material facts constitute judicial records. Both documents were considered in analyzing and deciding the motion for summary judgment, and thus, they are important judicial records. *See NuVasive, Inc. v. Kormanis*, No.18cv282, 2019 WL 9633646, at \*2 (M.D.N.C. Apr. 12, 2019) (stating the court considered the statement of undisputed facts in deciding the motion for summary judgment, making it a judicial record).

The Court will next analyze whether each judicial record should be unsealed on an individual basis.

### A.    *Exhibit C*

The Court grants the motion to unseal Exhibit C with the proposed redactions. (Doc. 124-5). Defendants assert the same arguments for all 32 judicial records they wish to unseal, and thus, the Court will not repeat defendants' arguments when discussing the other exhibits, though the arguments apply to each. First, defendants argue plaintiffs have not met their burden of showing good cause under Federal Rule of Civil Procedure 26(c). (Doc. 124-1, at 9). Not only were the 32 judicial records not properly designated as confidential or counsel's eyes only documents properly under the protective orders, but plaintiffs also have not provided any reasons to maintain sealing despite it being

8

plaintiffs' burden as the party opposed to unsealing. (*Id.*, at 10). Further, defendants assert their proposed redactions remove any information that is subject to the protective order as sensitive—such as names, Social Security Numbers, and addresses—so there is no need to seal the entirety of each judicial record. (*Id.*, at 10-12). Also, there is a strong public interest in allowing the public access to summary judgment records upon which a court relied in making its findings. (*Id.*, at 12). Second, defendants argue the common-law right of access and First Amendment both weigh in favor of unsealing all the judicial records and redacting when necessary. (*Id.*). Defendants first address the fifth and sixth factors this Court has used in deciding whether to unseal judicial records and state both weigh in favor of unsealing the judicial records. (*Id.*, at 13-14). Defendants add that sealing of dispositive motions and related materials is strongly disfavored. (*Id.*). Next, defendants assert the second factor does not weigh in favor of sealing because the fact these materials were largely unavailable to the public before does not alone determine the importance of sealing the material now when plaintiffs have "over-designated entire transcripts through blanket claims." (*Id.*, at 15). Also, the third and fifth factors, in defendants' telling, weigh in favor of unsealing because plaintiffs have not demonstrated any prejudice that would result from unsealing, and any possible embarrassment to the objecting party when the objecting party is a party to the litigation does not justify sealing. (*Id.*). Last, the fourth factor weighs in favor of unsealing, defendants argue, because any individual privacy interest is protected through redaction, and none of the judicial records contain trade or proprietary secrets or any financially sensitive information. (*Id.*).

Plaintiffs argue Exhibit C should not be made publicly accessible. (Doc. 129, at 2). Instead, Exhibit C's use at oral argument on the motion for summary judgment was the only permissible public use, and defendants "should be enjoined from publicizing" the contents of the exhibit. (*Id.*).

Here, the Court finds the six factor test weighs in favor of unsealing Exhibit C, the deposition of F.D. (Doc. 124-5). As to the first factor, the document at issue supports the Court's findings in its summary judgment order, informs the public of the Court's basis for its decision, and assures them of the fairness and reliability of the decision and federal court system. The second factor does not weigh against unsealing when as here, the public had no access only because plaintiffs blanket-sealed numerous documents, even when content was not sensitive or was amenable to redaction. Third, only plaintiffs have objected to unsealing; they have not informed the Court of any good cause reasons for sealing or any reason beyond interference with NuStar plaintiffs' lives. (Doc. 129, at 2). Next, the fourth factor does not weigh in favor of sealing. Any privacy interests are protected by the proposed redactions which remove information about F.D.'s identity and intimate details, and much of the deposition only touches on employment with NuStar Farms, not on details that would endanger F. D. or F.D.'s privacy interests. (Doc. 124-5). Also, the fifth factor weighs in favor of unsealing because the only prejudice plaintiffs assert is to plaintiffs, and plaintiffs have not argued how they would be prejudiced. Last, the document was introduced as evidence in support of various facts, such as Lizza's sources and proof of who NuStar plaintiffs employed, that were central to analyzing and ruling on the motion for summary judgment. As such, the factors weigh in favor of unsealing this exhibit with the proposed redactions. (*Id.*).

All 32 documents were provided in relation to the motion for summary judgment, and thus, the first, second, and sixth factors are the same for all 32 documents. The Court, then, adopts its analysis on factors one, two, and six for all 31 remaining documents and will analyze only three, four, and five on an individual basis.

### B.   *Exhibit D*

Next, the Court grants the motion to unseal Exhibit D with the proposed redactions. (Doc. 124-6). Plaintiffs assert Exhibit D should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs say it would be "grossly irresponsible"

for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing.

The Court finds the access factors weigh in favor of unsealing Exhibit D, the deposition of Anthony Nunes III. Though plaintiffs object to disclosure, the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs, and they have not alleged what prejudice that might be—embarrassment related to the content is not enough. *Scott*, 96 F. Supp. 3d at 910 (stating "secrecy for secrecy's sake" and "embarrassment" over the party's wrongdoing were not sufficient to maintain sealing). It must be remembered that plaintiffs brought this suit in a public court instead of settling their dispute with defendants in some other manner. Plaintiffs cannot at once invoke the power of a public court and then seek to hide from the public facts it believes may paint them in an unfavorable light. Last, nothing in the deposition would violate Nunes III's privacy interests, as the proposed redactions hide any personal information or private details, such as his home address and employees' names, which constitute a minority of the deposition content. Thus, the factors weigh in favor of unsealing Exhibit D with the proposed redactions.

### C. *Exhibit E*

The Court grants the motion to unseal Exhibit E with the proposed redactions. (Doc. 124-7). Plaintiffs assert Exhibit E should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs again say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees. (*Id.*). Again, plaintiffs do not offer proposed redactions or alternatives to sealing.

The Court finds the factors weigh in favor of public access to Exhibit E, the deposition of Anthony Nunes Jr.. Though plaintiffs object to disclosure, the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to

plaintiffs who have not argued what prejudice would occur. Finally, nothing in the deposition would violate Nunes Jr.'s privacy interests, as the proposed redactions hide any personal information or private details, such as addresses of owned property and employees' home information, which constitute a minority of the deposition content. Thus, the factors weigh in favor of unsealing Exhibit E with the proposed redactions.

### D. Exhibit F

The Court finds the right of access weighs in favor of unsealing Exhibit F, the deposition of Lori Ann Nunes (Docs. 124-8); it denies the proposed unsealing at this time, however, because defendants did not redact certain private information. Plaintiffs assert Exhibit F should remain sealed subject to the protective orders. (Doc. 129, at 2). Once again, plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees, (*Id.*), but do not offer proposed redactions or alternatives to sealing.

The Court finds the factors weigh in favor of public access to Exhibit F. Though plaintiffs object to disclosure, the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued how or what prejudice would occur. As to the fourth factor, nothing in the deposition would violate Lori Ann Nunes' privacy interests, as the proposed redactions and those the Court orders below, hide any personal information or private details, such as her home address, which constitute a minority of the deposition content. Thus, the factors weigh in favor of unsealing Exhibit F.

Defendants are ordered to file Exhibit F with their proposed redactions and these additional redactions[2]:

---

[2] The Court orders defendants to perform an additional review of their 32 documents before submitting them, as their initial proposals include missed Social Security Numbers, home addresses, and other details that could be harmful if made public. Should defendants implement

1) Doc. 124-8, at 3 must be redacted at internal deposition page 6, line 10 where there appears a personal address.
2) Doc. 124-8, at 48, must be redacted at internal deposition page 187, line 7 to include the last letter of the last name provided.

## E. Exhibit G

Next, the Court finds Exhibit G is subject to public access and must be unsealed. Plaintiffs assert Exhibit G should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs again say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees, (*Id.*), but do not offer proposed redactions or alternatives to sealing.

The Court finds the factors here weigh in favor of public access to Exhibit G, the deposition of Toni Dian Nunes (Doc. 124-9). Plaintiffs object to disclosure, but the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued prejudice would occur. Last, nothing in the deposition would violate Toni Dian Nunes' privacy interests, as the proposed redactions hide any personal information—a minority of the deposition content. Thus, the factors weigh in favor of unsealing Exhibit G with the proposed redactions.

## F. Exhibit J

The Court finds the right of access weighs in favor of unsealing Exhibit J, the deposition of A.S.[3] (Docs. 124-10); it denies the proposed unsealing at this time, however, because defendants did not redact certain private information. Plaintiffs argue Exhibit J should not be made publicly accessible. (Doc. 129, at 2). Instead, Exhibit J's use at oral argument on the motion for summary judgment was the only permissible public

---

additional redactions beyond those made already or directed by this Court, defendants are to inform the Court of these specific changes before filing the subject document.

[3] Defendants are ordered to remove the middle initial of this individual throughout their 32 documents. Should there be additional instances of middle initials of persons identified only via initials throughout the 32 documents, the Court orders the middle initial redacted.

use, they say, and defendants "should be enjoined from publicizing" the contents of the exhibit. (*Id.*).

The Court finds the factors weigh in favor of public access to Exhibit J. (Doc. 124-10). Plaintiffs object to disclosure, but the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued prejudice would occur. Last, nothing in the deposition would violate A.T.S.' privacy interests, as the proposed redactions hide the small number of details about him, including his identity. Thus, the factors weigh in favor of unsealing Exhibit J.

Defendants are ordered to file Exhibit J with their proposed redactions and also redact the name listed in Doc. 124-10, at 4, internal deposition page 4, line 23.

### G. Exhibit K

The Court finds the factors weigh in favor of unsealing Exhibit K, the deposition of B.G.[4] (Doc. 124-11). Plaintiffs argue Exhibit K should not be made publicly accessible. (Doc. 129, at 2). Instead, they argue that Exhibit K's use at oral argument on the motion for summary judgment was the only permissible public use, and defendants "should be enjoined from publicizing" the contents of the exhibit. (*Id.*).

The Court finds the factors weigh in favor of public access to Exhibit K. (Doc. 124-11). Plaintiffs object to disclosure beyond that at the summary judgment hearing, but the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued prejudice would occur. That an unnamed individual invoked a Fifth Amendment right, including to whether they even worked at NuStar Farms, will bring no prejudice to the deponent or plaintiffs. Last, nothing in the deposition interferes with B.G.'s privacy interests, as the proposed redactions hide his

---

[4] Defendants are ordered to remove the middle initial of this individual throughout their 32 documents.

identity. Thus, the factors weigh in favor of unsealing Exhibit K with the proposed redactions.

### H.    Exhibit L

Next, the Court finds the factors weigh in favor of unsealing Exhibit L, the deposition of F.D. (Doc. 124-12).[5] Plaintiffs argue Exhibit L should not be made publicly accessible. (Doc. 129, at 2). Instead, they again argue that Exhibit L's use at oral argument on the motion for summary judgment was the only permissible public use, and defendants "should be enjoined from publicizing" the contents of the exhibit. (*Id.*).

Here, the Court finds the factors weigh in favor of public access to Exhibit L. (Doc. 124-12). Plaintiffs object to disclosure beyond that at the summary judgment hearing, but the third and fifth factors weigh in favor of unsealing regardless because the only possibility of prejudice is to plaintiffs who have not argued any prejudice to justify sealing. No prejudice will result from access to a deposition detailing only that an unnamed individual invoked a constitutional right. Last, nothing in the deposition would violate F.D.'s privacy interests, as the proposed redactions hide his identity. Thus, the factors weigh in favor of unsealing Exhibit L with the proposed redactions.

### I.    Exhibit M

The Court finds the factors weigh in favor of unsealing Exhibit M, the deposition of J.G.[6] (Doc. 124-13). Plaintiffs argue Exhibit M should not be made publicly accessible. (Doc. 129, at 2). Instead, Exhibit M's use at oral argument on the motion for summary judgment was the only permissible public use, they say, and defendants "should be enjoined from publicizing" the contents of the exhibit. (*Id.*).

---

[5] Defendants are ordered to remove the middle initial of this individual throughout their 32 documents.

[6] Defendants are ordered to remove the middle initial of this individual throughout their 32 documents.

Here, the factors weigh in favor of unsealing Exhibit M. (Doc. 124-13). Plaintiffs object to disclosure beyond that at the summary judgment hearing, but the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued any reason prejudice will result or how. No prejudice will result from access to a deposition detailing only that an unnamed individual, who can stay unnamed through redaction, pled the Fifth Amendment, as he is entitled to do. Last, nothing in the deposition would violate the deponent's privacy interests, as the proposed redactions hide his identity. Thus, the factors weigh in favor of unsealing Exhibit M with the proposed redactions.

### J.    Exhibit N

The Court finds the factors weigh in favor of unsealing Exhibit N, the deposition of L.P.[7] (Doc. 124-14). Plaintiffs argue Exhibit N should not be made publicly accessible. (Doc. 129, at 2). Instead, Exhibit N's use at oral argument on the motion for summary judgment was the only permissible public use, and defendants "should be enjoined from publicizing" the contents of the exhibit. (*Id.*).

The Court finds the public access factors weigh in favor of unsealing Exhibit N (Doc. 124-14). Though plaintiffs object to disclosure beyond that which was disclosed at the summary judgment hearing, the third and fifth factors weigh in favor of unsealing the exhibit because the only possibility of prejudice is to plaintiffs who have not argued any reason prejudice will result or how. No prejudice will result from access to a deposition detailing only that the parties deposed an unnamed individual who invoked the Fifth Amendment. Finally, nothing in the deposition would violate the L.P.'s privacy interests, as the proposed redactions hide his identity. Thus, the factors weigh in favor of unsealing Exhibit N with the proposed redactions.

---

[7] Defendants are ordered to remove the middle initial of this individual throughout their 32 documents.

### K.    Exhibit O

The Court finds unsealing of Exhibit O, the deposition of N.C.[8] (Doc. 124-15), is required but denies the motion as proposed, as an additional redaction is necessary. Plaintiffs argue Exhibit O should not be made publicly accessible. (Doc. 129, at 2). Instead, Exhibit O's use at oral argument on the motion for summary judgment was the only permissible public use, and defendants "should be enjoined from publicizing" the contents of the exhibit. (*Id.*).

The Court finds the right of access factors weigh in favor of public access to Exhibit O. Though plaintiffs object to disclosure, the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued how or what prejudice would occur. The fourth factor also weighs in favor of unsealing, as nothing in the deposition would violate N.C. or plaintiffs' privacy interests because the proposed redactions and those the Court orders below hide any personal information. Thus, the factors weigh in favor of unsealing Exhibit O.

Defendants are ordered to file Exhibit O with their proposed redactions in addition to the following: Doc. 124-15, at 4 must be redacted on internal page 7, line 4 to remove the name.

### L.    Exhibit P

The Court finds Clete Samson's deposition, Exhibit P, must be unsealed but denies the motion as proposed because an additional redaction is needed. (Doc. 124-16). Plaintiffs assert Exhibit P should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those

---

[8] Defendants are ordered to remove the middle initial of this individual throughout their 32 documents.

of their employees.  (*Id.*).  At no point do plaintiffs offer proposed redactions or alternatives to sealing.

Here, the factors weigh in favor of public access to Exhibit P.  Though plaintiffs object to disclosure, the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued how or what kind of prejudice would occur.  Further, nothing in the deposition would violate Samson or plaintiffs' privacy interests, as the proposed redactions and those the Court orders below, hide any personal information related to Samson and others.  Thus, the factors weigh in favor of unsealing Exhibit P.

Defendants are ordered to file Exhibit P with their proposed redactions in addition to the following: Doc. 124-16, at 58 must be redacted on internal page 226, line 20 to remove the name.

### M.     Exhibit Q

The Court finds Exhibit Q, the deposition of Amanda J. Bahena, must be unsealed but denies the motion because several additional redactions are required.  (Doc. 124-17). Plaintiffs assert Exhibit Q should remain sealed subject to the protective orders.  (Doc. 129, at 2).  Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees.  (*Id.*).  At no point do plaintiffs offer proposed redactions or alternatives to sealing.  Nor do plaintiffs object to unsealing by invoking privilege or arguing privilege; they say only that the deposition falls under the protective orders but never why.  The Court cannot argue for the parties, and it will not recognize any attorney-client privilege between Bahena and plaintiffs that plaintiffs' present counsel failed to raise; its invocation at the deposition alone in this scenario is insufficient when as here, counsel makes no privilege argument and in no way expands upon its reasonless claim a document is "counsel's eyes only" or subject to a protective order as opposed to redaction.

Here, the factors weigh in favor of public access to Exhibit Q. Though plaintiffs object to disclosure, the third and fifth factors weigh in favor of unsealing because the plaintiffs have not argued how or what kind of prejudice would occur. As to the fourth factor, nothing in the deposition would violate Bahena's or plaintiffs' privacy interests, as the proposed redactions and those the Court orders below hide any personal information related to Bahena, plaintiffs, and others. Thus, the factors weigh in favor of unsealing Exhibit Q.

Defendants are ordered to file Exhibit Q with their proposed redactions in addition to the following:

1) Doc. 124-17, at 31 must be redacted on internal page 122, lines 19 and 22 to remove the dates of birth.
2) Doc. 124-17, at 23 must be redacted on internal page 89, lines 22-23 and internal page 91, lines 2 and 4 to remove the letters in quotation marks that are discussed in relation to spelling a name.
3) Doc. 124-17, at 25 must be redacted at internal page 97, lines 12, 14, 21, and 22 to remove the letters discussed in relation to spelling a name.

### N.    Exhibit W

The Court finds Exhibit W, defendants' amended notice of video recorded deposition of NuStar Farms, LLC (Doc. 124-18), must be unsealed. Plaintiffs do not object to the unsealing of Exhibit W. (Doc. 129, at 3).

The Court finds the factors weigh in favor of public access to Exhibit W. Plaintiffs do not object to disclosure, so factors three and five weigh in favor of disclosure. As to the fourth factor, nothing in the notice would violate any privacy interests. Thus, the factors weigh in favor of unsealing Exhibit W.

### O.    Exhibit X

The Court also finds Exhibit X should be unsealed but denies the motion as to this exhibit because several additional redactions are required. (Doc. 124-19). Plaintiffs assert Exhibit X should remain sealed subject to the protective orders. (Doc. 129, at 2).

19

Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing.

The Court finds the factors weigh in favor of public access to Exhibit X. Plaintiffs object to disclosure, but both the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued how or what prejudice would occur. The fourth factor also weighs in favor of unsealing because nothing in the deposition would violate any privacy interests. The proposed redactions and those the Court orders below remove all sensitive data but leave behind the important evidence related to verification of NuStar Farms' employees and their employment dates. Thus, the factors weigh in favor of unsealing Exhibit X.

Defendants are ordered to file Exhibit X with their proposed redactions in addition to the following:

1) Doc. 124-19, at 15 must be redacted, moving left to right and downward, in the sixth row, sixth column.
2) Doc. 124-19, at 16 must be redacted, moving left to right and downward, in the sixth row, fifth column.
3) Doc. 124-19, at 21 must be redacted, moving left to right and downward, in the sixth row, sixth column.
4) Doc. 124-19, at 29 must be redacted, moving left to right and downward, in the sixth row, first column to include the first number listed.

### P. *Exhibit HH*

The Court finds Exhibit HH, Iowa Workforce Development Employer's Contribution and Payroll Report for NuStar Farms Q1-Q4, must be unsealed. (Doc. 124-20). Plaintiffs assert Exhibit HH should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those

of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing.

Here, the factors weigh in favor of allowing public access to Exhibit HH. Plaintiffs object to disclosure, but both the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued how or what prejudice would occur. Also, the fourth factor weighs in favor of unsealing because nothing in the deposition would violate any privacy interests; defendants' proposed redactions remove all sensitive data but leave behind the material evidence related to employee pay. Thus, the factors weigh in favor of unsealing Exhibit HH with the proposed redactions.

### Q.    *Exhibit YY*

The Court finds the right of access weighs in favor of unsealing Exhibit YY, the October 2019 Letter to NuStar Farms and Anthony Nunes, Jr. from the Social Security Administration Regarding Employer Correction Request (Doc. 124-21); it denies the motion at present, however, as there are redactions needed. Plaintiffs first state Exhibit YY should remain subject to the protective orders but on the following page state they do not object to the unsealing of Exhibit YY. (Doc. 129, at 2, 3). The Court believes this is a Scrivener's error and will interpret this as an objection to the unsealing of Exhibit YY. Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing.

The Court finds the factors weigh in favor of allowing public access to Exhibit YY. Plaintiffs object to disclosure, but both the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not stated what prejudice would occur. Also, the fourth factor weighs in favor of unsealing because the only items in the document that invoke privacy can easily be redacted as the Court

orders below.  Thus, the factors weigh in favor of unsealing Exhibit YY with these redactions: Doc. 124-21, at 1 must be redacted to remove the EIN number and WFID number at the top right of the page.

### R.    *Exhibit ZZ*

Next, the Court finds the December 1, 2020 Letter to NuStar Farms and Anthony Nunes, Jr. from the Social Security Administration Regarding Employer Correction Request, Exhibit ZZ, should be unsealed but denies the motion for lack of needed redactions.  (Doc. 124-22).  Plaintiffs assert Exhibit ZZ should remain sealed subject to the protective orders.  (Doc. 129, at 2).  Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees.  (*Id.*).  At no point do plaintiffs offer proposed redactions or alternatives to sealing.

The factors weigh in favor of allowing public access to Exhibit ZZ.  Plaintiffs object to disclosure, but both the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not stated what prejudice would occur.  Also, the fourth factor weighs in favor of unsealing because the only items in the document that invoke privacy can be redacted as the Court orders below.  Thus, the factors weigh in favor of unsealing Exhibit ZZ with these redactions: Doc. 124-22, at 1 must be redacted to remove the EIN number and WFID number at the top right of the page.

### S.    *Exhibit AAA*

In addition, the Court finds Exhibit AAA, NuStar Farms Employees/Workers Chart (Doc. 124-23) should be unsealed, but it denies the motion at this time because of the need for additional redaction.  Plaintiffs assert Exhibit AAA should remain sealed subject to the protective orders.  (Doc. 129, at 2).  Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere

with NuStar plaintiffs' lives and those of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing.

The Court finds the factors weigh in favor of allowing public access to Exhibit AAA. Plaintiffs object to disclosure, but both the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not stated what prejudice would occur. Last, the fourth factor weighs in favor of unsealing because all private, sensitive matter is redacted to leave only the important, material evidence the Court used in its order on summary judgment—whether employees' information matched the Social Security Administration's records. Thus, the factors weigh in favor of unsealing Exhibit AAA with an additional redaction: Doc. 124-23, at 6 must be redacted in the first column to better redact the entirety of the date of birth.

### T.        *Exhibit PPP*

The Court finds Exhibit PPP, plaintiffs' Rule 26(a)(2) rebuttal expert disclosures (Doc. 124-24) should be unsealed but denies the motion at this time because of the need for redaction. Plaintiffs assert Exhibit PPP should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing.

Here, the factors weigh in favor of allowing public access to Exhibit PPP. Plaintiffs object to disclosure, but both the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not stated what prejudice would occur. Last, the fourth factor weighs in favor of unsealing because all private, sensitive matter is redacted to leave only the important, material evidence. Thus, the factors weigh in favor of unsealing Exhibit PPP with an additional redaction: Doc. 124-24, at 8 requires a redaction under "II. Facts and Data Considered" to remove the first and last name of the last person listed on the twelfth line of the first paragraph.

## U. **Exhibit UUU**

The Court finds Exhibit UUU, email from Lori Nunes to Amanda Bahena (Doc. 124-25), should be unsealed but denies the motion at this time because an additional redaction is required. Plaintiffs do not object to the unsealing of Exhibit UUU. (Doc. 129, at 3).

The Court finds the factors weigh in favor of allowing public access to Exhibit UUU. Plaintiffs do not object to disclosure, and thus, the third and fifth factors weigh in favor of unsealing. Last, the fourth factor weighs in favor of unsealing because all the information in the email, except that which the Court orders redacted, is publicly available already, though the email itself is not. Thus, the factors weigh in favor of unsealing Exhibit UUU with an additional redaction: Doc. 124-25, at 1 requires the removal of Lori Nunes' personal email address.

## V. **Exhibit VVV**

In addition, the Court finds the right of access weighs in favor of unsealing Exhibit VVV, the letter from Amanda Bahena to NuStar Farms. (Doc. 124-26). Plaintiffs assert Exhibit VVV should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing. Once more, plaintiffs have made no attorney-client privilege invocation or expanded upon their claim the exhibit is protected by the protective orders.

The right of access factors weigh in favor of unsealing Exhibit VVV. Though plaintiffs object to disclosure, the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not expanded upon how or what prejudice would result. As to the fourth factor, nothing in the letter would violate Bahena's or plaintiffs' privacy interests and instead summarizes their meeting, and as

24

discussed earlier, plaintiffs have made no attorney-client privilege argument. Thus, the factors weigh in favor of unsealing Exhibit VVV.

### W. *Exhibit KKKK*

The Court finds Exhibit KKKK, Devin Nunes' Employment Agreement (Doc. 124-27) should be unsealed. Plaintiffs assert Exhibit KKKK should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing.

Here, the factors weigh in favor of allowing public access to Exhibit KKKK. Though plaintiffs object to disclosure, the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued how or what prejudice would occur. Last, nothing in the letter would violate Devin Nunes' privacy interests and instead provides material facts provided in the parties' briefing, which the Court used in its order and analysis. Thus, the factors weigh in favor of unsealing Exhibit KKKK.

### X. *Exhibit SSSS*

Next, the Court finds Exhibit SSSS, Declaration of Claude Arnold (Doc. 124-28), should be unsealed but denies the motion at this time because many additional redactions are needed. Plaintiffs assert Exhibit SSSS should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing.

Here, the factors weigh in favor of allowing public access to Exhibit SSSS. Though plaintiffs object to disclosure, the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not argued

how or what prejudice would occur. Last, nothing in the declaration would violate plaintiffs' or their employees' privacy interests or touch on sensitive information other than that which defendants have already redacted or the Court orders redacted below. Thus, the factors weigh in favor of unsealing Exhibit SSSS with their proposed redactions and the following additional redactions:

1) Doc. 124-28, at 31 must be redacted to exclude the last letter in the last name in the fourth bullet point.
2) Doc. 124-28, at 40 must be redacted to remove the name of the first worker of record.
3) Doc. 124-28, at 44 must be redacted to better redact the first date of birth in that row.
4) Doc. 124-28, at 49 must be redacted to remove the last name in the "additional comments" row, column 14.
5) Doc. 124-28, at 50 must be redacted to remove the name in the "additional comments" row, column 14.
6) Doc. 124-28, at 54 must be redacted to remove the name in the "additional comments" row, column 11.
7) Doc. 124-28, at 58 must be redacted to remove the Social Security Numbers.

### Y. *Exhibit TTTT*

The Court finds the right of access factors weigh in favor of unsealing Exhibit TTTT, the Declaration of Claude Arnold. (Doc. 124-29). Plaintiffs assert Exhibit TTTT should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing.

The right of access factors weigh in favor of unsealing the declaration. Plaintiffs object to disclosure of Exhibit TTTT; the third and fifth factors weigh in favor of unsealing, however, because the only possibility of prejudice is to plaintiffs who have not argued how or what prejudice would occur. Last, nothing in the declaration would violate plaintiffs, their employees, or Arnold's privacy interests, particularly in view of the

26

proposed redactions, which remove any private employee information. Thus, the factors weigh in favor of unsealing Exhibit SSSS with the proposed redactions.

### Z. *Exhibit UUUU*

Next, the Court finds the factors weigh in favor of unsealing Exhibit UUUU, the September 11, 2021 declaration of Mark J. Hosfield (Doc. 124-30), but it denies the motion at this time because additional redactions are necessary. Plaintiffs assert Exhibit UUUU should remain sealed subject to the protective orders. (Doc. 129, at 2). Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees. (*Id.*). At no point do plaintiffs offer proposed redactions or alternatives to sealing.

The right of access factors weigh in favor of unsealing this declaration. Plaintiffs object to disclosure of Exhibit UUUU, but the third and fifth factors weigh in favor of unsealing here because the only possibility of prejudice is to plaintiffs who have not expanded upon any claim of prejudice. Looking to the fourth factor, nothing in the declaration would violate plaintiffs, their employees, or Hosfield's privacy interests, particularly in view of the ordered redactions, which remove any private employee information. Thus, the factors weigh in favor of unsealing Exhibit UUUU with these redactions:

1) Doc. 124-30, at 6 must be redacted to remove the name in the final bullet point.
2) Doc. 124-30, at 50 must be redacted to remove the same name as that on page 6.
3) Doc. 124-30, at 50-63 must be redacted to exclude all names listed except that of Anthony Nunes III and Lori Nunes.

### AA. *Exhibit VVVV*

The Court finds Exhibit VVVV, the October 14, 2022 declaration of Mark J. Hosfield, should be unsealed owing to the right of access. (Doc. 124-31). Plaintiffs assert Exhibit VVVV should remain sealed subject to the protective orders. (Doc. 129,

at 2).  Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees.  (*Id.*).  At no point do plaintiffs offer proposed redactions or alternatives to sealing.

Here, the right of access factors weigh in favor of unsealing this declaration. Plaintiffs object to disclosure of Exhibit VVVV, but the third and fifth factors weigh in favor of unsealing here because the only possibility of prejudice is to plaintiffs who have not expanded upon any claim of prejudice.  Also, nothing in the declaration would violate plaintiffs, their employees, or Hosfield's privacy interests.  Thus, the factors weigh in favor of unsealing this exhibit.

### BB.   Exhibit EEEEE

Next, the Court finds Exhibit EEEEE, NuStar plaintiffs' amended and supplemental answer to interrogatory 1, should be unsealed, but the Court denies the motion at this time because redaction is unnecessary.  (Doc. 124-32).  Plaintiffs assert Exhibit EEEEE should remain sealed subject to the protective orders.  (Doc. 129, at 2). Plaintiffs say it would be "grossly irresponsible" for the Court to allow defendants to unseal this exhibit and thus interfere with NuStar plaintiffs' lives and those of their employees.  (*Id.*).  At no point do plaintiffs offer proposed redactions or alternatives to sealing.

The factors here weigh in favor of unsealing this answer.  Plaintiffs object to disclosure of Exhibit EEEEE, but the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not expanded upon any claim of prejudice.  Also, all material in the answer implicating privacy interests can be redacted with ease.  Thus, the factors weigh in favor of unsealing this exhibit with the proposed redactions and these additional changes:

1) Doc. 124-32, at 6 must remove a redaction in the third column in the row titled "AR Number" to reveal the non-sensitive information that need not be redacted.

### CC.   Brief in Support of Summary Judgment

In addition, the Court orders the brief in support of the motion for summary judgment be made public. (Docs. 124-2; 121-1; 118-1). Plaintiffs argue defendants' "summary judgment materials" should remain sealed under the protective orders, and that it would be "grossly irresponsible" to unseal the brief. (Doc. 129, at 2).

Here, the factors weigh in favor of unsealing the brief. The third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not expanded upon any claim of prejudice or upon the need to keep the brief sealed. Nothing in the brief touches on sensitive information, and much of the content in the briefing was referenced by this Court in its order for summary judgment because briefing and other summary judgment documents are central to the Court's ability to adjudicate the dispositive motion. Thus, the factors weigh in favor of unsealing this brief.

### DD.   Statement of Undisputed Material Facts

Next, the Court orders the statement of undisputed material facts unsealed with the proposed redactions. (Doc. 124-3). Plaintiffs assert defendants' "summary judgment materials" should remain sealed under the protective orders, and that it would be "grossly irresponsible" to unseal the statement of undisputed material facts. (Doc. 129, at 2).

The right of access outweighs any privacy interest here and requires unsealing of this document. Though plaintiffs oppose unsealing here, the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not expanded upon any claim of prejudice. Also, all material in the document implicating privacy interests can be redacted with ease, as shown by the proposed redactions removing sensitive information. As such, the statement of undisputed material facts should be unsealed with the proposed redactions.

29

### EE. Appendix Table of Contents

The Court finds the appendix should be made public and so orders it unsealed. Plaintiffs argue defendants' "summary judgment materials" should remain sealed under the protective orders, and that it would be "grossly irresponsible" to unseal the appendix. (Doc. 129, at 2).

Here, the factors weigh in favor of unsealing. Once more, the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not expanded upon any claim of prejudice in revealing the appendix. Nothing in the appendix is sensitive, and it simply details the evidence provided in the appendix that the Court used in adjudicating the motion for summary judgment. Thus, the factors weigh in favor of unsealing the appendix.

### FF. Reply Statement of Undisputed Material Facts

Last, the Court finds that although the reply statement of undisputed facts must be unsealed, it denies the motion at this time because of an additional need for redaction. (Doc. 142). Plaintiffs provided no supplemental resistance to defendants' less-redacted reply statement of undisputed facts; because plaintiffs assert defendants' "summary judgment materials" should remain sealed under the protective orders, the Court will assume this objection refers to the reply statement of undisputed facts as well. (Doc. 129, at 2).

Here, the factors weigh in favor of unsealing the reply statement of undisputed material facts. Both the third and fifth factors weigh in favor of unsealing because the only possibility of prejudice is to plaintiffs who have not identified how or why it would be prejudiced. The reply statement of material facts gives a full view of the material facts, with citations to evidence, upon which the parties argued and the Court utilized in adjudicating the summary judgment motion—information that the public has the right to see, subject to redaction of sensitive information as defendants have proposed. Thus, the factors weigh in favor of unsealing the reply statement of undisputed facts with the

proposed redactions and this additional redaction: Doc 142-1 at 137 must be redacted within the first line to redact the name.

## IV. CONCLUSION

For these reasons, the Court **grants-in-part and denies-in-part** defendants' motion to unseal. (Docs. 124; 125; 142). Defendants are ordered to file all aforementioned documents with redactions within thirty days of the filing of this order. The Clerk of Court is now directed to enter its judgment order closing this case. (*See* Doc. 149, at 101).

**IT IS SO ORDERED** this 3rd day of May, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

31